**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JANE SIMPSON, on Behalf of Herself and All Others Similarly Situated,**  <br> Plaintiff, <br> v. <br> **CITIZENS BANK[1],** <br> Defendant. | Case No. 2:12-cv-10267-DPH-RSW <br><br> Hon. Denise Page Hood <br><br> Magistrate Judge R. Steven Whalen |
| **SHIRLEY D. LIDDELL, on Behalf of Herself and All Others Similarly Situated,** <br> Plaintiff, <br> v. <br> **CITIZENS BANK and CITIZENS REPUBLIC BANCORP, INC.** <br> Defendants. | Case No. 2:12-cv-11604-DPH-RSW <br><br> Hon. Denise Page Hood <br><br> Magistrate Judge R. Steven Whalen |

**ORDER PRELIMINARILY APPROVING CLASS**
**SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

The Parties to the above-captioned consolidated actions ("Action") currently pending against Citizens Bank and Citizens Republic Bancorp, Inc. (collectively "Citizens Bank") have agreed to a settlement, the terms and conditions of which are set forth in an executed Settlement Agreement and Release ("Settlement" or "Agreement").[2] The Parties reached the Settlement through arm's-length negotiations. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims in exchange for Citizens Bank's total payment of Two Million Dollars ($2,000,000.00), inclusive of all attorneys' fees and costs

---

[1] After this settlement was reached, FirstMerit Bank, N.A., became the successor by merger as of April 13, 2013 to Citizens Bank.

[2] All capitalized defined terms used herein have the same meanings ascribed in the Agreement.

1

and Service Awards to Plaintiffs, to create a Settlement Fund to benefit the Settlement Class. In addition, Citizens Bank has agreed to pay up to a maximum of Two Hundred Thousand and 00/100 Dollars ($200,000.00) toward the costs associated with providing Notice to the Settlement Class and for administration of the Settlement.

The Settlement has been filed with the Court, and Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Class Settlement and for Certification of Settlement Class ("Motion"). Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds for settlement purposes that: (1) this Court has jurisdiction over the subject matter and the Parties to these proceedings; (2) the proposed Settlement and Settlement Class meet the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed class representatives and Class Counsel, respectively; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for Service Awards for Plaintiffs, their rights to opt-out of the Settlement or object to the Settlement, and Class Counsel's Fee Application, and/or the request for Service Awards for Plaintiffs; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to

Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for Service Awards for Plaintiffs; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The terms of the Agreement are hereby incorporated by reference in this Order as if fully set forth herein.

2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this District.

<u>Provisional Class Certification and Appointment of Class Representatives and Class Counsel</u>

4. In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5. The Court finds, for settlement purposes, that Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the Settlement Class as follows:

> All Citizens Bank customers in the United States who had one or more Accounts (whether held individually or jointly) and who, during the Class Period, incurred an Overdraft Fee as a result of Citizens Bank's Debit Re-sequencing. Excluded from the Settlement Class are all current Citizens Bank employees, officers and directors, and the Judge presiding over this Action.

3

  6.  Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

  i. <u>Numerosity</u>: In the Action, tens of thousands of individuals are members of the proposed Settlement Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Witmer v. Acument Global Techs., Inc.*, No. 08-12795, 2009 WL 174916, at *3 (E.D. Mich. Jan. 26, 2009) (holding that numerosity "is not determined according to a strict numerical test" and certifying class with 64 members).

  ii. <u>Commonality:</u> The threshold for commonality under Rule 23(a)(2) is not high. The Sixth Circuit has held that commonality may be satisfied by "a single issue common to all members of the class." *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996). Here, the commonality requirement is satisfied because there are multiple questions of law and fact that center on Citizens Bank's class-wide policies and practices and are common to the Settlement Class.

  iii. <u>Typicality:</u> The Plaintiffs' claims are typical of the Settlement Class for purposes of this Settlement because they concern the same alleged Citizens Bank policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) ("A claim is typical if 'it arises from the same event of practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'") (quoting *In re Am. Med. Sys.,*

*Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)).

iv. <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976); *Beattie*, 511 F.3d at 562-63. Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the interests of the Settlement Class in the Action.

v. <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for over ten thousand members of the Settlement Class in a single, coordinated proceeding is superior to over ten thousand individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires the Court to find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available

5

methods for the fair and efficient adjudication of the controversy." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1084 (citing Fed. R. Civ. P. 23(b)(3)). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single common judgment.

7. The named Plaintiffs, Jane Simpson and Shirley D. Liddell, are designated as Class Representatives of the Settlement Class.

8. The following firms are appointed as Class Counsel:

> KOPELOWITZ OSTROW P.A.
> Jeffrey M. Ostrow, Esq.
> Jason H. Alperstein, Esq.
> 200 S.W. First Avenue, 12th Floor
> Fort Lauderdale, FL 33301
>
> TYCKO & ZAVAREEI LLP
> Hassan A. Zavareei, Esq.
> Jeffrey D. Kaliel, Esq.
> 2000 L. Street, N.W., Suite 808
> Washington, D.C. 20036
>
> THE MILLER LAW FIRM, P.C.
> E. Powell Miller, Esq.
> Ann L. Miller, Esq.
> 950 W. University Dr., Ste. 300
> Rochester, Michigan 48307
>
> ROBERT GITTLEMAN LAW FIRM, P.L.C.
> Robert Gittleman, Esq.
> 31731 Northwestern Hwy., Suite 101E
> Farmington Hills, MI 48334
>
> CAFFERTY FAUCHER LLP
> Patrick E. Cafferty, Esq.
> 101 North Main Street, Suite 565
> Ann Arbor, MI 48104

GOLOMB & HONIK, P.C.
Ruben Honik, Esq.
Richard M. Golomb, Esq.
Kenneth J. Grunfeld, Esq.
1515 Market Street, Suite 1100
Philadelphia, PA 19102

CARNEY WILLIAMS BATES
PULLIAM & BOWMAN, PLLC
Allen Carney, Esq.
Randall K. Pulliam, Esq.
11311 Arcade Drive, Suite 200
Little Rock, AR 72212

Preliminary Approval of the Settlement

9. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26 (4th ed. 2010). Essentially, "[a]ll that is required at the preliminary hearing in order to progress to the fairness hearing is that the proposed settlement be within the range of possible approval … This bar is low …." *In re Bromine Antitrust Litig.*, 203 F.R.D. 403, 416 (S.D. Ind. 2001) (internal citation and quotation marks omitted). The preliminary review allows the court to "ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Berry v. School District of City of Benton Harbor*, 184 F.R.D. 93, 97 (W.D. Mich. 1998). "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1015 (S.D. Ohio 2001) (quoting *Manual for Complex Litig. (Second)* § 30.44 (1985)).

10. In determining whether a proposed settlement falls within the range of possible approval, warranting notice, the Court must consider that in weighing the settlement for final approval, its inquiry will be ultimately limited to whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Lessard v. City of Allen Park*, 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Williams v. Vukovich*, 720 F.2d 909, 921-23 (6th Cir. 1983)); *see also Bobbitt v. Academy of Court Reporting, Inc.*, No. 07-10742, 2009 WL 2168833, at *2 (E.D. Mich. July 22, 2009) ("In deciding whether to approve a class action settlement, the 'ultimate issue' for the Court is whether the proposed settlement 'is fair, adequate and reasonable.'"). In other words, "[i]t is neither required nor is it possible for a district court to determine that the proposed settlement is the fairest possible resolution of the claims of every individual class member; rather, the court need only determine whether the settlement taken as a whole, is fair, adequate and reasonable." *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 833 (E.D. Mich. 2008).

11. The Court preliminarily approves the Settlement, and the exhibits attached to the Motion, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Approval Order.

12. Subject to Final Approval of the proposed Settlement and Agreement, and subject to the provision of the Class Notice required by this Order, the Court approves the provisions of the Agreement making the Settlement and its release of claims binding on all Settlement Class Members who do not opt-out of the Settlement, whether or not they actually receive notice of the Action or the Settlement.

Approval of Notice and Notice Program and Direction to Effectuate Notice

13. The Court approves the form and content of the Notices to be provided to the Settlement Class, substantially in the forms appended to the Settlement Agreement. The Court further finds that the Notice Program, described in Section VIII of the Settlement Agreement is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, their rights to opt-out of the Settlement or object to the Settlement, Class Counsel's Fee Application, and the request for Service Awards for Plaintiffs. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

14. The Court directs that Epiq Systems act as the Settlement Administrator, Notice Administrator, Escrow Agent, and Tax Administrator.

15. The Settlement Administrator and Notice Administrator shall implement the Notice Program, as set forth below and in the Agreement, using substantially the forms of Notice attached to the Agreement and approved by this Order. Notice shall be provided to the members of the Settlement Class pursuant to the Notice Program, as specified in Section VIII

of the Settlement and approved by this Order. The Notice Program shall include Mailed Notice, Published Notice, and Long-Form Notice on the Settlement Website, as set forth in the Agreement, the exhibits appended thereto, and below.

*Mailed Notice Program*

16. The Settlement Administrator shall administer the Mailed Notice Program. Within twenty-one (21) days from the date that the Settlement Administrator receives from Settlement Class Counsel and Citizens Bank the data files that identify the names and last known addresses of the identifiable members of the Settlement Class, the Settlement Administrator shall run the addresses through the National Change of Address Database, and shall mail to all such members of the Settlement Class postcards that contain the Mailed Notice ("Initial Mailed Notice").

17. The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notice postcards that are returned as undeliverable. No later than seventy (70) days before the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Mailed Notice postcards to those members of the Settlement Class whose new addresses were identified as of that time through address traces ("Notice Re-mailing Process").

18. The Mailed Notice Program (which is comprised of both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed no later than seventy (70) days before the Final Approval Hearing.

*Published Notice Program*

19. The Notice Administrator shall administer the Published Notice Program, which shall be comprised exclusively of a one-time appropriate sized advertisements in publications to

be agreed upon by Citizens Bank and Settlement Class Counsel. The Published Notice program shall be completed no later than seventy (70) days before the Final Approval Hearing.

*Settlement Website*

20. The Settlement Administrator will establish as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program, a Settlement Website as a means for members of the Settlement Class to obtain notice of and information about the Settlement, through and including hyperlinked access to the Agreement, the Long-Form Notice, this Preliminary Approval Order, and such other documents as Settlement Class Counsel and Citizens Bank agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website at least until Final Approval. The URL of the Settlement Website shall be www.CitizensBankOverdraftSettlement.com or such other URL as Settlement Class Counsel and Citizens Bank may subsequently agree upon in writing. The Settlement Website shall not include any advertising, and shall not bear or include the Citizens Bank logo or Citizens Bank trademarks. Ownership of the Settlement Website URL shall be transferred to Citizens Bank within 10 days of the date on which operation of the Settlement Website ceases.

21. Citizens Bank shall pay costs associated with the Mailed Notice Program, Published Notice Program and Settlement Website, as provided in the Settlement Agreement, subject to a maximum amount of $200,000.00 for all Settlement administration costs.

22. Epiq Systems is directed to perform all other responsibilities under the Notice Program assigned to the Notice Administrator and Settlement Administrator.

Final Approval Hearing, Opt-Outs, and Objections

23. A Final Approval Hearing shall be held before the undersigned on January 15, 2014, at 2:00pm in Room 251 of Theodore Levin U.S. Courthouse, located at 231 W. Lafayette Blvd., Detroit, MI 48226, to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Action should be dismissed with prejudice as to the Plaintiffs, Jane Simpson and Shirley D. Liddell, and all Settlement Class Members who do not opt-out of the Settlement, pursuant to the terms of the Agreement; (c) whether Settlement Class Members who do not opt-out of the Settlement should be bound by the Release set forth in Section XIV of the Agreement; (d) whether Settlement Class Members who do not opt-out of the Settlement should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Released Claims; (e) whether the Settlement Class should be finally certified; (f) the amount of Service Awards for Plaintiffs; and (g) the amount of attorneys' fees and costs to be awarded to Class Counsel based on their Fee Application. The Final Approval Hearing may be adjourned or continued by the Court without further notice to the members of the Settlement Class.

24. The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by completing and mailing a request for exclusion ("Opt-Out") to the address set forth in the Class Notice. Such request for exclusion must be postmarked no later than the last day of the Opt-Out Period, as specified in the Class Notice. For a Class Member's Opt-Out to be valid, it must:

  (i) be signed by all holders of the applicable Account;

  (ii) include the full name, address, and Account number(s) of the person(s) requesting exclusion;

  (iii) be timely postmarked and mailed to the address designated in the Class Notice; and

  (iv) include the following statement "I/we request to be excluded from the proposed class settlement in *Simpson v. Citizens Bank*, Case No. 2:12-cv-10267 (E.D. Mich.); and *Liddell v. Citizens Bank, et al.*, Case No. 2:12-cv-11604-DPH-RSW (E.D. Mich)."

A request for exclusion that does not comply with all the foregoing requirements, that is sent to an address other than the one designated in the Notice Program, or that is not sent within the time specified, shall be invalid, and the person(s) serving such a request shall be bound as a Settlement Class Member and by the Agreement, if the Agreement is finally approved. No member of the Settlement Class may purport to exercise any exclusion rights of any other person, or purport to exclude other members of the Settlement Class as a group, aggregate, or class involving more than one person, or as an agent or representative. Any such purported exclusion shall be invalid and the member(s) of the Settlement Class that is or are the subject of the purported Opt-Out shall be a member or members of the Settlement Class and treated and be bound by the Agreement and as a Settlement Class Member for all purposes. Any member of the Settlement Class who successfully opts-out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

  25. The Court further directs that any Settlement Class Member who does not opt-out of the Settlement and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and mail and serve it upon Class Counsel and Citizens Bank's Counsel as specified in the Notice. For an Objection to be considered by the Court, the

Objection must be postmarked no later than the last day of the Opt-Out Period as specified in the Notice. To be considered valid, each Objection must be timely served and filed (as judged by the filing deadline and postmark date and time set forth), and must set forth:

(a) the name of the Action;

(b) the objector's name, address, and telephone number;

(c) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

(e) the number of times in which the objector has objected to a class action settlement within the last five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

(f) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation or any reason related to the objection to the Settlement or fee application;

(g) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

(h) any and all agreements that relate to the objection or the process of objecting – whether written or oral – between objector or objector's counsel and any other person or entity;

(i) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

(j) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

(k) a statement conforming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

(l) the objector's signature (an attorney's signature is not sufficient).

26. Any Settlement Class Member who wishes to object and appear at the Final Approval Hearing in person instead of submitting only written Objections must, along with the required written Objection and by the same due date, also file a written notice of intention to appear at the Final Approval Hearing with the Clerk of the Court, and mail and serve the notice on Class Counsel and Citizens Bank's Counsel, by the date specified herein. Any Settlement Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the Settlement, shall be deemed as having waived his or her objections in this Action, and shall forever be barred from making any such objections in this Action.

Further Papers In Support of Settlement and Fee Application

27. Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and request for Service Awards for Plaintiffs no later than 45 days prior to the Final Approval Hearing.

28. Plaintiffs and Class Counsel shall file their responses to timely filed Objections to the Motion for Final Approval of the Settlement, the Fee Application and request for Service Awards for Plaintiffs no later than 15 days prior to the Final Approval Hearing. If Citizens Bank chooses to file a response to timely filed Objections to the Motion for Final Approval of the Settlement, it also must do so no later than 15 days prior to the Final Approval Hearing.

Effect of Failure to Approve Settlement or Termination

29. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or termination occurs as provided in the Settlement Agreement, then (a) all the Orders and findings entered in connection with the Settlement shall become null and void and have no further force or effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding; (b) all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Citizens Bank's motions to dismiss, Plaintiffs' right to seek class certification and Citizens Bank's right to oppose class certification; (c) nothing contained in this Order or the Unopposed Motion is or may be construed as any admission or concession by or against Citizens Bank or Plaintiffs on any point of fact or law; and (d) any discussions, offers, negotiations, or findings associated with the Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose, without prejudice to Plaintiffs' right to seek class certification, and Citizens Bank's right to oppose class certification. In such event, all Parties to the Action shall stand in the same position as if the Agreement had not been negotiated, made or filed with the Court.

Stay/Bar of Other Proceedings

30. All proceedings in the Action are hereby stayed until further order of the Court,

except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

31. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(i) The Settlement Administrator shall establish the Settlement Website as soon as practicable following Preliminary Approval, but no later than the date of the Notice Program;

(ii) The Settlement Administrator shall complete the Mailed Notice Program no later than 70 days before the Final Approval Hearing;

(iii) The Notice Administrator shall complete the Published Notice Program no later than 70 days before the Final Approval Hearing;

(iv) Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and Request for Service Awards for Plaintiffs no later than 45 days before the Final Approval Hearing;

(vi) Settlement Class Members must file any Objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the Request for Service Awards no later than 30 days before the Final Approval Hearing;

(vii) Members of the Settlement Class must file requests for exclusion from the

        Settlement no later than 30 days before the Final Approval Hearing;

(viii) Plaintiffs and Class Counsel shall file their responses to timely filed Objections to the Motion for Final Approval of the Settlement and Fee Application no later than 15 days before the Final Approval Hearing;

(ix) If Citizens Bank chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it shall do so no later than 15 days before the Final Approval Hearing; and

(x) The **Final Approval Hearing** will be held on **January 15, 2014, at 2:00pm** before the undersigned Judge in Room 251 of Theodore Levin U.S. Courthouse, located at 231 W. Lafayette Blvd., Detroit, MI 48226.

Dated: September 5, 2013                           s/Denise Page Hood
                                                              DENISE PAGE HOOD
                                                              U.S. DISTRICT COURT JUDGE

I hereby certify that a copy of this order was served upon the attorneys of record on this date, September 5, 2013, by electronic and/or ordinary mail.

                                                                                  s/LaShawn R. Saulsberry
                                                                                   Case Manager