# EXHIBIT A

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JANE SIMPSON, on Behalf of Herself and All
Others Similarly Situated,

        Plaintiff,

v.

CITIZENS BANK,

        Defendant.

Case No. 2:12-cv-10267

Hon. Denise Page Hood

Magistrate Judge R. Steven Whalen

---

SHIRLEY D. LIDDELL, on Behalf of Herself
and All Others Similarly Situated,

        Plaintiff,

v.

CITIZENS BANK and CITIZENS
REPUBLIC BANCORP, INC.,

        Defendants.

Case No. 2:12-cv-11604

Hon. Denise Page Hood

Magistrate Judge R. Steven Whalen

---

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement" or "Settlement") is made by and among: (1) Plaintiffs, Jane Simpson and Shirley D. Liddell (collectively "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); and (2) Citizens Bank and Citizens Republic Bancorp, Inc. (collectively "Citizens Bank"), subject to preliminary and final approval as required by Rule 23 of the Federal Rules of Civil Procedure.  As provided herein, Citizens Bank, Class Counsel (as defined below) and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiffs

and the Settlement Class (as defined below) against Citizens Bank in the consolidated cases styled *Simpson v. Citizens Bank*, Case No. 2:12-cv-10267-DPH-RSW ("*Simpson*") and *Liddell v. Citizens Bank and Citizens Republic Bancorp, Inc.*, Case No. 2:12-cv-11604-DPH-RSW ("*Liddell*") (collectively "Action") shall be settled, compromised, and released upon the terms and conditions contained herein.

## I. Recitals

1. On January 20, 2012, Plaintiff, Jane Simpson, filed a Class Action Complaint in the Eastern District of Michigan seeking monetary damages, restitution and declaratory relief from Citizens Bank based on its alleged unfair assessment and collection of overdraft fees in debit card transactions. On March 26, 2012, Citizens Bank filed a Motion to Dismiss the Simpson Complaint.

2. On January 31, 2012, Plaintiff, Shirley Liddell, filed a similar Class Action Complaint in the Circuit Court of Genesee County, Case No. 12-97556. Upon Citizens Bank's Motion for Summary Disposition, the case was stayed by the state court by a March 27, 2012 Order. Thereafter, on April 9, 2012, Plaintiff Liddell filed a second case against Citizens Bank in the Eastern District of Michigan.

3. On April 19, 2012, Plaintiff Simpson filed her Memorandum In Opposition to the Motion to Dismiss. On May 2, 2012, Citizens Bank filed its Reply in support of its Motion to Dismiss. On June 6, 2012, the Court heard oral argument on Citizen Bank's Motion to Dismiss in *Simpson*.

4. On June 26, 2012, Plaintiff Liddell filed a Response to Citizen Bank's Motion to Dismiss. On June 29, 2012, Citizens Bank filed its Reply in support of its Motion to Dismiss the *Liddell* Complaint.

2

5.      On July 16, 2012, upon the Parties' stipulation, the Court entered an order consolidating the *Simpson* and *Liddell* cases.

6.      On July 28, 2012, an Order was entered by the Circuit Court of Genesee County, dismissing Liddell's state court case No. 12-97556 without prejudice.

7.      Beginning in October 2012, the Parties (as defined below) engaged in preliminary settlement discussions.  At that time, pursuant to a Confidentiality Agreement, Citizens Bank provided Settlement Class Counsel aggregate information regarding its overdraft fee revenue on Debit Card Transactions, as well as detailed information regarding its posting order over a several year period.  Settlement Class Counsel and Plaintiffs' expert analyzed this data.

8.      Over the course of the next several months, the Parties participated in ongoing arm's length and good faith settlement negotiations.

9.      After much discussion, the Parties reached an agreement on the material terms of a settlement and signed a Summary Agreement, which memorialized, subject to negotiation and execution of this Agreement and subject to Preliminary Approval and Final Approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, the Parties' good faith intention to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiffs and the Settlement Class Members in exchange for Citizens Bank's agreement to pay the sum of Two Million Dollars ($2,000,000.00) to create a common fund for the benefit of the Settlement Class, and to separately pay certain costs of class notice and settlement administration as further detailed below.

10.      On March 7, 2013, the Parties filed a Notice of Settlement with the Court.

11.      The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims (as defined below) by the Settlement Class

3

Members. The Parties intend this Agreement to bind Plaintiffs, Citizens Bank and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II. Definitions

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

12. "Account" means any consumer checking, demand deposit or savings account maintained by Citizens Bank in the United States accessible by a Debit Card.

13. "Citizens Bank's Counsel" means Dykema Gossett PLLC.

14. "Class Counsel" means Kopelowitz Ostrow P.A., Tycko & Zavareei LLP, The Miller Law Firm, P.C., Robert Gittelman Law Firm, PLC, Golumb & Honik, P.C., Carney Williams Bates Pulliam & Bowman, PLLC, and Cafferty Faucher LLP.

15. "Class Period" means the period from January 20, 2006, through and including January 20, 2012.

16. "Court" means the United States District Court for the Eastern District of Michigan, Southern Division.

17. "Current Account Holder" means the holder of an Account, individually or jointly, at any time during the Class Period, who continues to hold an Account, individually or jointly, as of the date that the Net Settlement Fund is distributed to Settlement Class Members pursuant to this Agreement.

4

18.     "Debit Card" means a card or similar device issued or provided by Citizens Bank, including a debit card, check card, or automated teller machine ("ATM") card that can be used to debit funds from an Account by Point of Sale and/or ATM transactions.

19.     "Debit Card Transaction" means any debit transaction effectuated with a Debit Card, including Point of Sale transactions (whether by PIN or signature/PIN-less) and ATM transactions. For avoidance of doubt, Debit Card Transaction does not include a debit transaction effectuated by check, by preauthorized transaction, by wire transfer, or a transfer to another account such as a credit card account or line of credit.

20.     Debit Re-sequencing means Citizens Bank's former practice of ordering an Account's Debit Card Transactions in highest-to-lowest order by dollar amount.

21.     "Effective Date" means the fifth business day after which all of the following events have occurred:

a.      All Parties, Citizens Bank's counsel, and Settlement Class Counsel have executed this Agreement;

b.      The Court has entered, without material change, the Final Approval Order; and

c.      The time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired and relief from a failure to file same is not available.

22.     "Escrow Account" means the account to be established consistent with the terms and conditions described below.

5



23. "Escrow Agent" means Epiq Systems, Inc. Settlement Class Counsel and Citizens Bank may, by agreement, substitute a different organization as Escrow Agent, subject to approval by the Court if the Court has previously approved the Settlement, preliminarily or finally. In the absence of agreement, either Settlement Class Counsel, or Citizens Bank, may move the Court to substitute a different organization as Escrow Agent, upon a showing that the responsibilities of Escrow Agent have not been adequately executed by the incumbent. The Escrow Agent shall administer the Escrow Account.

24. "Final Approval" means the date that the Court enters an order and judgment granting final approval to the Settlement and determines the amount of fees, costs, and expenses awarded to Class Counsel and the amount of any Service Awards to Plaintiffs. The proposed Final Approval Order that will be attached to the motion for final approval of the Settlement shall be in a form agreed upon by Settlement Class Counsel and Citizens Bank. In the event that the Court issues separate orders addressing the foregoing matters, then Final Approval means the date of the last of such orders.

25. "Final Approval Hearing" means the hearing set pursuant to Section IX hereof.

26. "Final Approval Order" means the order and judgment that the Court enters upon Final Approval. In the event that the Court issues separate orders addressing the matters constituting Final Approval, then Final Approval Order includes all such orders.

27. "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement. "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of Mailed Notice, Published Notice and Long-Form Notice, the forms of

6



which shall be agreed upon by Settlement Class Counsel and Citizens Bank. Additional description of the contemplated Notice Program is provided below.

28. "Opt-Out Period" means the period that begins the day after the earliest date on which the Notice is first mailed or published, and that ends no later than thirty (30) days prior to the Final Approval Hearing. The deadline for the Opt-Out Period will be specified in the Notice.

29. "Overdraft Fee" means any fee assessed to an Account for items paid when the Account has insufficient funds to cover the item. Fees charged to transfer balances from other accounts are excluded.

30. "Parties" means Plaintiffs and Citizens Bank.

31. "Past Account Holder" means a member of the Settlement Class, who held an Account, individually or jointly, at some time during the Class Period but no longer holds that Account as of the date that the Net Settlement Fund is distributed to Settlement Class Members pursuant to this Agreement.

32. "Plaintiffs" mean Jane Simpson and Shirley D. Liddell.

33. "Point of Sale" or "POS" transaction means a transaction in which an Account holder uses his or her Debit Card to purchase a product or service.

34. "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement in the form jointly agreed upon by the Parties.

35. "Released Claims" means all claims to be released as specified in Section XIV hereof. The "Releases" mean all of the releases contained in Section XIV hereof.

36. "Released Parties" means those persons released as specified in Section XIV hereof.

37. "Releasing Parties" means all Plaintiffs and all Settlement Class Members and each of their respective heirs, assigns, beneficiaries, and successors.

38. "Service Award" means any Court-ordered payment to Plaintiffs in addition to any payment due Plaintiffs as Settlement Class Members.

39. "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Agreement and any attached exhibits.

40. "Settlement Administrator" means Epiq Systems, Inc. Settlement Class Counsel and Citizens Bank may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of agreement, either Settlement Class Counsel or Citizens Bank, may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

41. "Settlement Class" means all Citizens Bank customers in the United States who had one or more Accounts (whether held individually or jointly) and who, during the Class Period, incurred an Overdraft Fee as a result of Citizens Bank's practice of Debit Re-Sequencing. Excluded from the Settlement Class are all current Citizens Bank employees, officers and directors, and the Judge presiding over this Action.

42. "Settlement Class Counsel" means Kopelowitz Ostrow P.A., Tycko & Zavareei LLP, and The Miller Law Firm, P.C. Settlement Class Counsel are a subset of Class Counsel. Settlement Class Counsel are responsible for handling all Settlement-related matters on behalf of Plaintiffs.

43. "Settlement Class Member" means any person included in the Settlement Class.

8

44. "Settlement Fund" means the fund established under Section X hereof.

45. "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program, as a means for members of the Settlement Class to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long-Form Notice, the order preliminarily approving this Settlement, and such other documents as Settlement Class Counsel and Citizens Bank agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website at least until Final Approval. The URL of the Settlement Website shall be www.CitizensBankOverdraftSettlement.com or such other URL as Settlement Class Counsel and Citizens Bank may subsequently agree upon in writing. The Settlement Website shall not include any advertising, and shall not bear or include the Citizens Bank logo or Citizens Bank trademarks. Operation of the Settlement Website shall cease no later than sixty (60) days after distribution of the Net Settlement Fund to Settlement Class Members has been completed as set forth in Section XII, or such other date as Settlement Class Counsel and Citizens Bank shall agree, and ownership of the Settlement Website URL shall be transferred to Citizens Bank within ten (10) days of the date on which operation of the Settlement Website ceases.

## III. Certification of the Settlement Class

46. For settlement purposes only, the Plaintiffs agree to ask the Court to certify the "Settlement Class" under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. This Settlement may be terminated as specified in Sections XVI and XVII hereof.

## IV. Settlement Consideration

48.     Subject to approval by the Court, and except as provided in the next paragraph hereafter, the total cash consideration to be provided by Citizens Bank pursuant to the Settlement, without admission of liability by Citizens Bank, shall be Two Million and 00/100 Dollars ($2,000,000.00), as cash compensation to Settlement Class Members, inclusive of all attorneys' fees, costs and expenses awarded to Class Counsel, and Service Awards.

49.     In addition to the settlement payment specified in the previous paragraph, as additional consideration and benefit for the Settlement Class, Citizens Bank agrees to pay a maximum of Two Hundred Thousand Dollars ($200,000) toward the cost of administration and notifications, including but not limited to the fees, costs, charges, and expenses of the Settlement Administrator incurred in connection with the administration of the Settlement and Notice Program as set forth herein, maintenance of the Escrow Fund, and the payment of distributions from the Settlement Fund to Settlement Class Members as set forth herein. In the event the fees and costs of the Settlement Administrator exceed $200,000, said overage shall be payable from the Settlement Fund. For avoidance of doubt, Citizens Bank shall not bear any other fees, costs, charges, or expenses incurred by Plaintiffs or by Settlement Class Counsel, including, but not limited to, those of any experts retained by Plaintiffs or by Settlement Class Counsel. From the maximum amount of $200,000.00 described in this paragraph, until its exhaustion, Citizens Bank shall pay the costs of Notice to the Settlement Class and for other services of the Settlement Administrator provided pursuant to this Agreement, within thirty (30) days of Settlement Class Counsel's and Citizens Bank's Counsel's receipt and approval of invoices received from the Settlement Administrator. Under no circumstances shall Citizens Bank be required to pay an amount greater than the $2.0 million payment and $200,000 maximum described in this Section.

## V. <u>Settlement Approval</u>

50. Upon execution of this Agreement by all Parties and upon Plaintiff's expert completing the Settlement Class' allocation analysis, Settlement Class Counsel shall promptly move the Court for an Order granting preliminary approval of this Settlement ("Preliminary Approval Order"). The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Settlement Class Counsel and Citizens Bank. The motion for preliminary approval shall request that the Court: (1) approve the terms of the Settlement as within the range of fair, adequate and reasonable terms; (2) provisionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only; (3) approve the Notice program set forth herein and approve the forms and content of the Notices of the Settlement; (4) approve the procedures set forth in Section VIII hereof and in the Notice Program for members of the Settlement Class to exclude themselves from the Settlement Class or to object to the Settlement; (5) appoint as Class Counsel and as Settlement Class Counsel the law firms and attorneys listed in the Settlement, and appoint the Plaintiffs above as representatives of the Settlement Class; (6) stay the Action pending Final Approval of the Settlement; and (7) schedule a Final Approval hearing for a time and date mutually convenient for the Court, Settlement Class Counsel, and counsel for Citizens Bank, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Settlement Class Counsel's application for attorneys' fees, costs and expenses and for Service Awards to Plaintiffs ("Final Approval Hearing").

51. Subject to the maximum amount stated in paragraph 49 above, Citizens Bank shall serve or cause to be served a notice of the proposed Settlement, in conformance with the Class Action Fairness Act, 28 U.S.C. § 1715(b).

## VI. Discovery

52.    Settlement Class Counsel and Citizens Bank already have exchanged significant customer and class-related data and overdraft fee information. In addition, and consistent with its contractual, statutory and regulatory obligations to protect its customers' private financial information, Citizens Bank will continue to cooperate with Settlement Class Counsel by providing confirmatory discovery and access to relevant and reasonably available data to permit Settlement Class Counsel and their experts to meet their burden at their expense of compiling a list of names and addresses of persons in the Settlement Class that will be used in providing the Mailed Notice to the Settlement Class and to perform the allocation analysis detailed in Section X below.

## VII. Settlement Administrator

53.    Settlement Class Counsel and Citizens Bank have jointly selected Epiq Systems to serve as the Settlement Administrator, the fees and expenses of which are to be paid by Citizens Bank, subject to a maximum amount as agreed to hereinabove. The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, providing Mailed Notice to the Settlement Class; effectuating the Published Notice Program; distributing the Settlement Fund as provided herein; paying Citizens Bank from the Settlement Fund the amount of Account credits to be provided by Citizens Bank to Current Account Holder Settlement Class Members; and, in

the event of a termination of the Settlement, returning the Settlement Fund, along with any accrued interest or earnings, less any amounts already committed to pay for expenses and costs associated with investments and/or taxes with respect to the Settlement Fund, to Citizens Bank. Settlement Class Counsel and Citizens Bank's Counsel will jointly oversee the Settlement Administrator.

54.     The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

a.      Obtain from Citizens Bank and Settlement Class Counsel access to data containing name and address information (to the extent it is reasonably available) for persons in the Settlement Class, and, to the extent necessary, verify and update the addresses through the National Change of Address database for the purpose of mailing the Mailed Notice, and later mailing distribution checks to Past Account Holder Settlement Class Members, and to Current Account Holder Settlement Class Members where it is not feasible or reasonable for Citizens Bank to make the payment by a credit to the Settlement Class Members' Accounts;

b.      Establish and maintain a Post Office box for requests for exclusion from the Settlement Class;

c.      Establish and maintain the Settlement Website;

d.      Establish and maintain an automated toll-free telephone line for members of the Settlement Class to call with Settlement-related inquiries, and answer the questions of members of the Settlement Class who call with or otherwise communicate such inquiries;

e.      Respond to any mailed inquiries from members of the Settlement Class;

13

f.     Process all requests for exclusion from the Settlement Class;

g.     Provide weekly reports and, no later than five (5) days after the end of the Opt-Out Period, a final report to Settlement Class Counsel and Citizens Bank that summarize the number of requests for exclusion received that week, the total number of exclusion requests received to date, and other pertinent information;

h.     At Settlement Class Counsel's request in advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that identifies each member of the Settlement Class who timely and properly requested exclusion from the Settlement Class;

i.     Process and transmit distributions to Settlement Class Members from the Settlement Fund;

j.     Perform all tax-related services for the Escrow Account as provided in this Agreement;

k.     Pay invoices, expenses and costs upon approval by Settlement Class Counsel and Citizens Bank, as provided in this Agreement; and

l.     Perform the duties of Escrow Agent as described in this Agreement, and any other Settlement-administration-related function at the instruction of Settlement Class Counsel and Citizens Bank, including, but not limited to, verifying that Settlement Funds have been distributed as required by Sections XII and XIII hereof.

## VIII. Providing Notice to Settlement Class Members

55.     Upon Preliminary Approval of the Settlement and pursuant to the terms herein, the Settlement Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order. The Notice shall

14



include, among other information: a description of the material terms of the Settlement; a date by which members of the Settlement Class may exclude themselves from or "opt-out" of the Settlement Class; a date by which Settlement Class Members may object to the Settlement; the date upon which the Final Approval Hearing is scheduled to occur; and the address of the Settlement Website at which members of the Settlement Class may access this Agreement and other related documents and information. Settlement Class Counsel and Citizens Bank shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Notices and publications provided under or as part of the Notice Program shall not bear or include the Citizens Bank logo or trademarks or the return address of Citizens Bank, or otherwise be styled to appear to originate from Citizens Bank.

56.     The Notice also shall include a procedure for members of the Settlement Class to opt-out of the Settlement Class. A member of the Settlement Class may opt-out of the Settlement Class at any time during the Opt-Out Period. Any member of the Settlement Class who does not timely and validly request to opt-out shall be bound by the terms of this Agreement.

57.     The Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or Service Awards to Plaintiffs. Objections to the Settlement, to the application for fees, costs, expenses, and/or to the Service Awards must be mailed to the Clerk of the Court, Settlement Class Counsel, and Citizens Bank's counsel. For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Opt-Out Period, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been

15

submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier *(e.g.,* Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

58. For an objection to be considered by the Court, the objection must also set forth:

a. the name of the Action;

b. the objector's full name, address and telephone number;

c. an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e. the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling

16

upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

h.    any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i.    the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

j.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

k.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

l.    the objector's signature (an attorney's signature is not sufficient).

59.    Notice shall be provided to members of the Settlement Class in three different ways: Mailed Notice; Published Notice; and Long-Form Notice on the Settlement Website. Not all members of the Settlement Class will receive all three forms of Notice, as detailed below.

60.    The Mailed Notice, Published Notice, and Long-form Notice shall be in forms to be agreed upon by Citizens Bank and Settlement Class Counsel.

61.    Within twenty-one (21) days from the date that the Settlement Administrator receives from Settlement Class Counsel and Citizens Bank the data files that identify, subject to the availability of information in reasonably accessible electronic form, the names and last known addresses of the identifiable members of the Settlement Class who held Accounts during the Class Period, the Settlement Administrator shall run the addresses through the National Change of Address Database, and shall mail to all such members of the Settlement Class

17

postcards that contain the Mailed Notice ("Initial Mailed Notice"). To coordinate the Mailed Notice Program with the Published Notice Program, within one (1) business day of the Settlement Administrator's receipt of the data files described herein, the Settlement Administrator shall inform the Settlement Administrator by email that it has received the data files.

62.     The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notices that are returned as undeliverable. No later than seventy (70) days before the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Mailed Notice postcards to those persons in the Settlement Class whose new addresses were identified as of that time through address traces ("Notice Re-mailing Process").

63.     The Mailed Notice Program (which is composed of both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed no later than seventy (70) days before the Final Approval Hearing.  Within seven (7) days after the date the Settlement Administrator completes the Notice Re-mailing Process, the Settlement Administrator shall provide Settlement Class Counsel and Citizens Bank an affidavit that confirms that the Mailed Notice Program was completed in a timely manner.  Settlement Class Counsel shall file that affidavit with the Court as an exhibit to or in conjunction with Plaintiffs' motion for Final Approval of the Settlement.

64.     The Settlement Administrator shall administer the Published Notice, which shall be comprised of one-time appropriate sized advertisements in publications to be agreed upon by Citizens Bank and Settlement Class Counsel. The Published Notice shall be completed no later than seventy (70) before the Final Approval Hearing.

65.     Within seven (7) days after the date the Settlement Administrator completes the Published Notice, the Settlement Administrator shall provide Settlement Class Counsel and

18

Citizens Bank with one (1) or more affidavits that confirm that Published Notice was given in accordance with the Preliminary Approval Order. Settlement Class Counsel shall file that affidavit with the Court as an exhibit to or in conjunction with Plaintiffs' motion for Final Approval of the Settlement.

66. Subject to the limitations specified in Section IV above, all costs of the Notice Program shall be borne by Citizens Bank.

67. Within the parameters set forth in this Section VIII, further specific details of the Notice Program shall be subject to the agreement of Settlement Class Counsel and Citizens Bank.

## IX. **Final Approval Order and Judgment**

68. The Plaintiffs' motion for preliminary approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. Plaintiffs shall file their motion for Final Approval of the settlement, and their application for attorneys' fees, costs and expenses and for Service Awards for Plaintiffs, no later than forty-five (45) days prior to the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards for Plaintiffs. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the fee, cost, expense or Service Award application, provided the objectors filed timely objections that meet all of the requirements listed herein.

69. At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting Final Approval of the Settlement, and whether to



approve Class Counsel's request for attorneys' fees, costs, expenses and Service Awards. The proposed Final Approval Order that will be attached to the motion shall be in a form agreed upon by Settlement Class Counsel and Citizens Bank.  Such proposed Final Approval Order shall, among other things:

    a.    Determine that the Settlement is fair, adequate and reasonable;

    b.    Finally certify the Settlement Class for settlement purposes only;

    c.    Determine that the Notice provided satisfies Due Process requirements;

    d.    Dismiss the Action with prejudice and without costs;

    e.    Bar and enjoin Plaintiffs and all Settlement Class Members from asserting any of the Released Claims, as set forth in Section XIV hereof, including during any appeal from the Final Approval Order;

    f.    Release Citizens Bank and the Released Parties from the Released Claims, as set forth in Section XIV hereof; and

    g.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Citizens Bank, all Settlement Class Members, and all objectors, to administer, supervise, construe and enforce this Agreement in accordance with its terms.

## X. Settlement Fund

70.    In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases as set forth in Section XIV hereof and the dismissal of the Action upon Final Approval, within ten (10) business days of Preliminary Approval, Citizens Bank shall deposit the previously-described settlement consideration sum of Two Million

Dollars ($2,000,000.00), without admission of liability by Citizens Bank, into the Escrow Account to create the Settlement Fund as set forth herein.

71. Upon the establishment of the Escrow Account, the Escrow Agent may, but shall not be required to, cause the Settlement Funds in the Escrow Account to be invested, in whole or in part, in interest-bearing short-term instruments or accounts—to be agreed upon by Settlement Class Counsel and Citizens Bank—that are backed by the full faith and credit of the United States Government or that are fully insured by the United States Government or an agency thereof (the "Instruments"). Settlement Class Counsel and Citizens Bank shall agree on the FDIC-insured financial institution at which the Escrow Account shall be established, which shall not be Citizens Bank. The Escrow Agent may thereafter re-invest the interest proceeds and the principal as they mature in similar Instruments, bearing in mind the liquidity requirements of the Escrow Account to ensure that it contains sufficient cash available to pay all invoices, taxes, fees, costs and expenses, and other required disbursements, in a timely manner. Notwithstanding the foregoing, that portion of the Settlement Fund that the Settlement Administrator reasonably estimates needs to be available on a liquid basis to pay on-going costs of settlement administration, as provided in this Agreement, may be placed in one or more insured accounts that may be non-interest-bearing. Except as otherwise specified herein, the Instruments at all times will remain in the Escrow Account and under the control of the Escrow Agent. The Escrow Agent shall communicate with Settlement Class Counsel and counsel for Citizens Bank on at least a monthly basis to discuss potential cash needs for the following month. All costs or fees incurred in connection with investment of the Settlement Fund in the Instruments shall be paid out of the investment proceeds or the Settlement Fund.

21



72. The Settlement Fund at all times shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-1. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund or otherwise, including any taxes or tax detriments that may be imposed upon Citizens Bank or its counsel, or Plaintiffs or Class Counsel, with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund. Plaintiffs and Class Counsel, and Citizens Bank and its counsel shall have no liability or responsibility for any of the Taxes. The Settlement Fund shall indemnify and hold Plaintiffs and Class Counsel, and Citizens Bank and its counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

73. The Settlement Fund shall be used for the following purposes:

a.     Distribution of payments to the Settlement Class pursuant to Sections XI and XII hereof;

b.     Reimbursement to Citizens Bank for the settlement payment amounts that will be credited to Current Account Holder Settlement Class Members:

c.     Payment of the Court-ordered award of Class Counsel's attorneys' fees, costs, and expenses pursuant to Section XV hereof;

d.     Payment of any Court-ordered Service Awards to the Plaintiffs pursuant to Section XV hereof;

e.     Payment of any residual *cy pres* distribution after cost reimbursement as set forth in Section XIII hereof, together with any administrative costs associated therewith;

f.     Payment of all taxes, including, without limitation, taxes owed as a result of accrued interest on the Escrow Account, subject to approval by Settlement Class Counsel and Citizens Bank;

g.     Payment of any costs of settlement administration other than those to be paid by Citizens Bank as set forth hereinabove; and

h.     Payment of additional fees, costs and expenses not specifically enumerated in subparagraphs (a) through (g) of this paragraph, subject to approval of Settlement Class Counsel and Citizens Bank.

## XI.  Calculation of Distributions from Settlement Fund

74.     Consistent with its statutory and regulatory obligations to maintain bank security and protect its customers' private financial information, Citizens Bank shall provide Settlement Class Counsel and Plaintiffs' experts access to relevant and reasonably available data to allow Settlement Class Counsel and its experts to determine and implement the allocation of the Net Settlement Fund as provided for in this Section of the Agreement.

75.     Settlement Class Counsel shall apply the methodology set forth below to the data as consistently, sensibly, and conscientiously as reasonably possible, recognizing and taking into consideration the nature and completeness of the data and the purpose of the computation.

76.     Settlement Class Counsel will use the following methodology to determine the amount of the distribution from the Net Settlement Fund to which each identifiable Settlement Class Member that can be identified from the data will be entitled:

23

a.     All Accounts held by members of the Settlement Class will be identified in which, on one or more calendar days during the Class Period, Citizens Bank assessed two or more Overdraft Fees on such day or days.  For each such calendar day on which Citizens Bank assessed two or more Overdraft Fees, all transactions posted in such Accounts on that day will be ordered in the following posting order:

     i.     All credits;

     ii.     All fees and other bank-initiated debits ordered from the highest dollar amount to the lowest dollar amount of transaction;

     iii.     All Debit Card Transactions ordered from the lowest dollar amount to the highest dollar amount of transaction;

     iv.     Wire transfers and checkbook fees ordered from highest dollar amount to lowest dollar amount;

     v.     ATM and POS transactions ordered from the lowest dollar amount to highest dollar amount;

     vi.     All other debit transactions, including check transactions, ACH transactions, and non-Debit Card initiated cash withdrawals, ordered from the highest dollar amount to the lowest dollar amount of transaction.

b.     After ordering the transactions as set forth in subparagraph (a) of this paragraph, each Account—on a daily basis—will be identified in which the number of Overdraft Fees Citizens Bank actually assessed exceeds the number of Overdraft Fees that would have been assessed if the Account had been ordered as set forth in subparagraph (a) ("Additional Overdrafts").

24

c.    The dollar amount of the Additional Overdrafts will be calculated ("Additional Overdrafts Amount").

d.    For each Account in which one or more Additional Overdrafts have been identified, it will be determined to the extent possible how many (if any) Overdraft Fees Citizens Bank refunded during the 30-day period following each calendar day on which any Additional Overdraft occurred ("Refunded Additional Overdrafts").

e.    The dollar amount of the Refunded Additional Overdrafts will be calculated ("Refunded Additional Overdrafts Amount").

f.    All Accounts will be identified in which on any such calendar day the Additional Overdrafts Amount exceeds the Refunded Additional Overdrafts Amount. The Refunded Additional Overdrafts Amount will be subtracted from the Additional Overdrafts Amount to determine the "Differential Overdraft Fee."

g.    All Accounts that experienced a Differential Overdraft Fee will be checked against a list of Accounts that Citizens Bank closed with negative balances after writing them off as uncollectable ("Uncollectable Accounts").

h.    For any Uncollectable Account that experienced a Differential Overdraft Fee, the Differential Overdraft Fee will be reduced dollar-for-dollar by the dollar amount of the negative closing Account balance. When the dollar amount of the negative closing Account balance equals or exceeds the Differential Overdraft Fee for the Account, the Differential Overdraft Fee shall be reduced to zero for purposes of calculating that Account holder's distribution, and the Account holder will not receive a distribution from the Settlement Fund for such Account.

i.    The foregoing allocation formula will yield the identification of all Account holders whose Accounts experienced a Differential Overdraft Fee greater than zero dollars ("Positive Differential Overdraft Fee") as well as the amounts of their respective Positive Differential Overdraft Fees.

77.    The Parties agree the foregoing allocation formula is exclusively for purposes of computing retrospectively, in a reasonable and efficient fashion, the amount of Positive Differential Overdraft Fees each identifiable member of the Settlement Class paid to Citizens Bank for the Class Period as a result of Debit Re-sequencing and the amount of any Distribution each member of the Settlement Class should receive from the Settlement Fund. The fact that this allocation formula is used herein is not intended and shall not be used for any other purpose or objective whatsoever.

## XII. Distribution of Net Settlement Fund To Settlement Class Members

78.    As soon as practicable, but in no event sooner than thirty (30) days after the Effective Date, Citizens Bank and the Settlement Administrator shall distribute the Net Settlement Fund as set forth in this Section. Each Settlement Class Member who had a Positive Differential Overdraft Fee and has not opted-out as provided herein shall receive a distribution in the amount of a *pro rata* share of the Net Settlement Fund.

79.    The Net Settlement Fund is equal to the Settlement Fund plus any interest earned from the Instruments, and less the following:

a.    the amount of the Court-awarded attorneys' fees, costs and expenses to Class Counsel;

b.    the amount of the Court-awarded Service Awards to the Plaintiffs;

26

c.     a reservation of a reasonable amount of funds for prospective costs of Settlement administration that are not Citizens Bank's responsibility pursuant to this Agreement, including tax administration as agreed upon by Settlement Class Counsel and Citizens Bank; and

d.     all other costs and/or expenses incurred in connection with the Settlement not specifically enumerated in subsections (a) through (c) of this paragraph that are expressly provided for in this Agreement or have been approved by Settlement Class Counsel and Citizens Bank.

80.     The Settlement Administrator shall divide the total amount of the Net Settlement Fund by the total amount of all Settlement Class Members' Positive Differential Overdraft Fees. This calculation shall yield the "*Pro Rata* Percentage."

81.     The Settlement Administrator shall multiply each Settlement Class Member's total Positive Differential Overdraft Fees by the *Pro Rata* Percentage. This calculation shall yield each Settlement Class Member's "Differential Overdraft Payment Amount."

82.     Every Settlement Class Member shall be paid from the Net Settlement Fund the total Differential Overdraft Payment Amount to which he or she is entitled, calculated as set forth herein ("Settlement Fund Payments").

83.     For each Current Account Holder entitled to a Settlement Fund Payment, the Settlement Administrator shall provide Citizens Bank with the Account holder's name, account number and amount of Account credit to which he or she is entitled. Settlement Fund Payments to Current Account Holders shall be made either by a credit to those Settlement Class Members' Accounts or by mailed check from the Settlement Administrator in those circumstances where it

is not feasible or reasonable for Citizens Bank to make the payment by a credit to the Settlement Class Members' Account.

84.     For those Current Account Holders who receive their Settlement Class Member Payments by credits to their Accounts, credits shall be paid from the Net Settlement Fund. The Settlement Administrator and Escrow Agent shall provide Citizens Bank from the Net Settlement Fund the sum of the total Account credits to be provided Current Account Holders. Citizens Bank shall hold those funds in escrow pending distribution of Account credits to Current Account Holders and provide written verification to Settlement Class Counsel and the Escrow Agent of the amount of account credits that were given.

85.     For those Current Account Holders who receive their Settlement Class Member Payments by credits to their Accounts, Citizens Bank shall notify the Current Account Holders of the credit, and provide a brief explanation that the credit has been made as a payment in connection with the Current Account Holder's membership in the Settlement Class. Citizens Bank shall provide the notice of account credit described in this paragraph contemporaneous with the account statement on which the credit is reflected. Citizens Bank will bear any costs associated with implementing the account credits and notification discussed in this paragraph, subject to the maximum stated hereinabove.

86.     Settlement Class Member Payments made to Current Account Holders by check will be cut and mailed by the Settlement Administrator with an appropriate legend, in a form approved by Settlement Class Counsel and Citizens Bank's Counsel, to indicate that it is from the Settlement, and will be sent to the addresses that the Settlement Administrator identifies as valid Settlement Class Member addresses. Checks shall be valid for one hundred eighty days

28

(180) days.  For jointly held Accounts, checks will be payable to all currently named Current Account Holders, and will be mailed to the first Account Holder listed on the Account.

87.    Settlement Fund Payments to Past Account Holders will be made by check with an appropriate legend, in a form approved by Settlement Class Counsel and Citizens Bank, to indicate that it is from the Settlement Fund.  Checks will be cut and mailed by the Settlement Administrator, and will be sent to the addresses that the Settlement Administrator identifies as valid. Checks shall be valid for one hundred eighty days (180) days.  For jointly held Accounts, checks will be payable to all of the most recently named Past Account Holders, and will be mailed to the first Account Holder listed on the Account.

88.    The Settlement Administrator will make reasonable efforts to locate the proper address for any intended recipient of Settlement Funds whose check is returned by the Postal Service as undeliverable, and will re-mail it once to the updated address, or, in the case of a jointly held Account, and in the Settlement Administrator's discretion, to an Account Holder other than the one listed first.  All costs associated with the process of printing and mailing the checks and any accompanying communication to Past Account Holders shall be borne by Citizens Bank up to the maximum stated hereinabove.

89.    The amount of the Net Settlement Fund attributable to uncashed or returned checks sent by the Settlement Administrator shall remain in the Settlement Fund for one (1) year from the date that the first distribution check is mailed by the Settlement Administrator, during which time the Settlement Administrator shall make a reasonable effort to locate intended recipients of Settlement Funds whose checks were returned to effectuate delivery of such checks. The Settlement Administrator shall make only one attempt to re-mail or re-issue a distribution check.

29

## XIII.  Disposition of Residual Funds After Distribution To Settlement Class Members

90.    Within one (1) year plus thirty (30) days after the date the Settlement Administrator mails the first Settlement Class Member Payment, any funds remaining in the Settlement Fund shall be distributed as follows:

a.    First, to Citizens Bank in an amount of up to $200,000.00 to reimburse Citizens Bank for any and all costs it actually paid for notice and settlement administration.

b.    Second, any remaining funds after payment to Citizens Bank pursuant to section (a) above shall be distributed through a residual *cy pres* program ("Residual *Cy Pres* Program"). The purpose of the Residual *Cy Pres* Program shall be to benefit consumer financial literacy education and/or to educate consumers with financial issues through advisor and related services (excluding litigation). The Residual *Cy Pres* Program recipient(s) shall be agreed upon by Settlement Class Counsel and Citizens Bank, and approved by the Court. Any Residual *Cy Pres* Program distribution shall be paid as soon as reasonably possible following the completion of distribution of funds to the Settlement Class Members.

c.    The Settlement Fund shall pay all costs associated with the disposition of residual funds through a Residual *Cy Pres* program.

d.    In the event no money remains in the Settlement Fund within one (1) year plus thirty (30) days after the first Settlement Fund Payment is mailed, the Parties shall have no obligation whatsoever to make any residual *cy pres* distribution.

## XIV. Releases

91.     As of the Effective Date, Plaintiffs and all Settlement Class members (who do not timely opt-out of the Settlement), each on behalf of himself or herself and on behalf of his or her respective individual heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Citizens Bank and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters up to and including the date of Preliminary Approval of the Settlement that were or could have been alleged in this Action to the extent they relate in any way to Debit Re-sequencing or posting order resulting in Overdraft Fees or sustained Overdraft Fees, including, without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, or arising out of:  (a) the assessment of one or multiple Overdraft Fees and/or sustained Overdraft Fees on Settlement Class Members' Accounts; (b) the amount of one or more Overdraft Fees and/or sustained Overdraft Fees assessed on Settlement Class Members' Accounts; or (c) Debit Re-sequencing or posting order on Settlement Class Members' Accounts.  The foregoing release includes, by way of example but not limitation, any and all of the following to the extent they involve, result in, or seek recovery or relief for

31

Overdraft Fees, sustained Overdraft Fees or Debit Re-sequencing or posting order: (1) the authorization, approval or handling of any debit card transaction; (2) any failure to notify or to obtain advance approval when a debit card transaction would or might cause a Settlement Class Members' Accounts to become overdrawn or further overdrawn or an Overdraft Fee to be assessed; (3) any failure to allow Settlement Class Members to opt-out of overdrafts, or to publicize or disclose the ability of the holder of any Citizens Bank consumer account to opt-out of overdrafts; (4) any failure to adequately or clearly disclose, in one or more agreements, posting order, Debit Re-sequencing, overdrafts, Overdraft Fees, or the manner in which debit card transactions are or would be approved, processed, or posted to Settlement Class Members' Accounts; (5) any conduct or statements encouraging the use of Citizens Bank debit cards; (6) the assessment of any sustained Overdraft Fee, and (7) any advertisements relating to any of the foregoing.

92.     AS OF THE EFFECTIVE DATE, PLAINTIFFS AND EACH SETTLEMENT CLASS MEMBER SHALL FURTHER AUTOMATICALLY BE DEEMED TO HAVE WAIVED AND RELEASED ANY AND ALL PROVISIONS, RIGHTS, AND BENEFITS CONFERRED BY § 1542 OF THE CALIFORNIA CIVIL CODE OR SIMILAR LAWS OF ANY OTHER STATE OR JURISDICTION.  SECTION 1542 OF THE CALIFORNIA CIVIL CODE READS: "§1542. CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE.  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

93.    Plaintiffs or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released, or the law applicable to such claims may change.  Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this section and this Agreement.  Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Agreement, including by the releases contained in this section, and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he/she never receives actual notice of the Settlement and/or never receives a distribution of funds or credits from the Settlement.

94.    Nothing in this Agreement shall operate or be construed to release any claims or rights Citizens Bank has to recover any past, present or future amounts that may be owed by Plaintiffs or by any Settlement Class Member on his/her accounts, loans or any other debts with Citizens Bank, pursuant to the terms and conditions of such accounts, loans, or any other debts.

## XV. Payment of Attorneys' Fees, Costs, and Service Awards

### A.    Class Counsel Fees and Costs

95.    Citizens Bank agrees not to oppose Class Counsel's request for attorneys' fees of up to thirty-three percent (33%) of the value of the Settlement, as well as reimbursement of costs

and expenses incurred in connection with the Action. Any award of attorneys' fees, costs and expenses to Class Counsel shall be payable solely out of the Settlement Fund, and is subject to Court approval. The determination of Class Counsel's request for attorneys' fees shall be based on controlling Sixth Circuit precedent involving the award of fees in common fund class actions and not based on the governing law agreed upon hereinbelow. Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any award of attorneys' fees, costs and expenses to Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees, costs and expenses to Class Counsel in the amounts sought by Class Counsel, or at all, the remaining provisions of this Agreement shall remain in full force and effect.

96. The Parties negotiated and reached agreement regarding the terms of the preceding paragraph only after reaching agreement on all other material terms of this Settlement.

**B.** **Payment of Attorneys' Fees and Costs**

97. Within three (3) days of the Effective Date, the Escrow Agent shall pay from the Settlement Fund to Settlement Class Counsel all Court-approved attorneys' fees, costs and expenses of Class Counsel. Settlement Class Counsel is responsible for reaching agreement on allocation of fees, costs and expenses among all Class Counsel and any other counsel for whom the Court has approved attorneys' fees, costs and expenses. Settlement Class Counsel shall furnish to the Escrow Agent any required tax information or forms before the payment is made.

98. The payment of attorneys' fees, costs and expenses of Class Counsel pursuant to the above paragraph shall be made through a deposit by the Escrow Agent into an Attorney Client Trust Account designated by Settlement Class Counsel. After the fees, costs and expenses

34



have been deposited into this account, Settlement Class Counsel shall be solely responsible for distributing each firm's fees, costs and expenses to that firm.

### C. Class Representative Service Awards

99. Citizens Bank agrees not to oppose Class Counsel's request that the Court approve Service Awards of up to $5,000.00 per Plaintiff. Any Service Awards are to be paid from the Settlement Fund, within three (3) days of the Effective Date. Any Service Awards shall be paid to Plaintiffs in addition to any payments Plaintiffs are entitled to receive as Settlement Class Members. Notwithstanding anything herein, the Court's failure to approve, in whole or in part, the Service Awards sought by Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. In the event the Court declines to approve, in whole or in part, any Service Awards in the amounts set forth above, or at all, the remaining provisions of this Agreement shall remain in full force and effect.

100. The Parties negotiated and reached this agreement regarding any Service Awards only after reaching agreement on all other material terms of this Settlement.

### XVI. Termination of Settlement

101. This Settlement may be terminated by either Settlement Class Counsel or Citizens Bank by serving on counsel for the opposing Party and filing with the Court a written notice of termination within fifteen (15) days (or such longer time as may be agreed between Settlement Class Counsel and Citizens Bank) after any of the following occurrences:

    a.    Settlement Class Counsel and Citizens Bank agree to termination;

    b.    the Court fails to preliminarily approve the settlement within one hundred eighty (180) days after filing of the motion for preliminary approval, or fails to finally

approve the Settlement within three hundred sixty (360) days of Preliminary Approval by the Court;

c.     the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement;

d.     an appellate court reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within two hundred seventy (270) days of such reversal;

e.     any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in a way that Settlement Class Counsel or Citizens Bank seeking to terminate the Settlement reasonably considers material;

f.     the Effective Date does not occur; or

g.     any other ground for termination provided for elsewhere in this Agreement.

102.     Citizens Bank also shall have the right to terminate the Settlement by serving on Settlement Class Counsel and filing with the Court a notice of termination within fourteen (14) days of its receipt from the Settlement Administrator of its final report, if the number of members of the Settlement Class who timely request exclusion from the Settlement Class equals or exceeds the number or percentage specified in the separate letter executed before or concurrently with this Settlement by Settlement Class Counsel and Citizens Bank. The number or percentage shall be confidential except to the Court, who shall upon request be provided with a copy of the letter for *in camera* review.

103.     In the event of a termination of the Settlement, and after payment of any invoices or other fees or expenses mentioned in this Agreement that have been incurred and are due to be



paid from the Escrow Account, the balance of the Settlement Fund shall be refunded and remitted to Citizens Bank. Citizens Bank shall have no right to seek reimbursement from Plaintiffs or Class Counsel for any funds disbursed from the Escrow Account pursuant to this Agreement prior to the notice of termination.

## XVII.  Effect of a Termination

104.   In the event of a termination as provided herein, this Agreement shall be considered null and void; all of Citizens Bank' obligations under the Settlement shall cease to be of any force and effect; the amounts remaining in the Settlement Fund shall be returned to Citizens Bank; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and Citizens Bank's right to oppose class certification.

105.   In the event of a termination as provided in this Agreement, and after payment of any invoices or other fees or expenses mentioned in this Agreement that have been incurred and are due to be paid from the Escrow Account, the Escrow Agent shall return the balance of the Settlement Fund to Citizens Bank within seven (7) days of termination. Citizens Bank shall have no right to seek reimbursement from Plaintiffs or Class Counsel for any funds disbursed from the Escrow Account pursuant to this Agreement or for any invoices or other fees or expenses mentioned in this Agreement that have been incurred and prior to the notice of termination were due to be paid from the Escrow Account.

106.   The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions of this Agreement.

107. In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose, without prejudice to Plaintiffs' right to seek class certification, and Citizens Bank's right to oppose class certification. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

## XVIII. Non Admission of Liability & Parties' Positions on the Action and Settlement

108. Citizens Bank disputes the claims alleged in the Action and does not by this Agreement or otherwise admit any liability or wrongdoing of any kind. Citizens Bank has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

109. Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel have fully investigated the facts and law relevant to the merits of the claims, have conducted extensive formal and informal discovery, and have conducted independent investigation of the challenged practices. Class Counsel have concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

110. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously

or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever.

111.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

112.    In addition to any other defenses Citizens Bank may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement or the Releases contained herein.

### XIX.  Miscellaneous Provisions

113.    Gender and Plurals.  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

114.    Binding Effect.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

115.  <u>Cooperation of Parties.</u>  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement. This obligation of the Parties to support and complete the Settlement shall remain in full force and effect so long as this Settlement has not been terminated in accordance with its terms, regardless of events that may occur, or court decisions that may be issued in MDL 2036 or in any other case in any court.

116.  <u>Obligation To Meet And Confer.</u> Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

117.  <u>Integration.</u>  This Agreement (along with the letter on opt-outs referenced above) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

118.  <u>No Conflict Intended.</u>  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

119.  <u>Governing Law.</u>  Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Michigan, without regard to the principles thereof regarding choice of law, except to the extent federal law controls the issue in dispute

120.  <u>Counterparts.</u>  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures



are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

121. <u>Jurisdiction.</u>  The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice program and the Settlement Administrator. The Parties agree that any suit, action, proceeding or dispute arising out of or relating to this Agreement shall be decided by the Court alone, and the Parties waive any and all right to trial by jury. As part of their respective agreements to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

122. <u>Notices.</u>  All notices to Settlement Class Counsel provided for herein, shall be sent by email and facsimile with a hard copy sent by overnight mail to:

> Jeffrey M. Ostrow
> KOPELOWITZ OSTROW P.A.
> 200 S.W. 1st Avenue, 12th Floor
> Fort Lauderdale, FL 33301
> Telephone: 954-525-4100
> Facsimile: 954-525-4300
> ostrow@kolawyers.com

All notices to Citizens Bank provided for herein, shall be sent by email and facsimile with a hard copy sent by overnight mail to:

> Dennis M. Haffey
> DYKEMA GOSSETT PLLC

41

39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Telephone: 248-203-0813
Facsimile: 248-203-0763
dhaffey@dykema.com

The notice recipients and addresses designated above may be changed by written notice.

Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice program.

123. _Modification and Amendment._ This Agreement may be amended or modified only by a written instrument signed by Citizens Bank and Settlement Class Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

124. _No Waiver._ The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

125. _Authority._ Plaintiffs and Citizens Bank represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiffs and Citizens Bank to all terms of this Agreement. Settlement Class Counsel by signing represents that he has the consent of and authority to bind all Class Counsel. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

126. _Agreement Mutually Prepared._ Neither Citizens Bank nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the

42

purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

127. <u>Independent Investigation and Decision to Settle.</u> The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. Citizens Bank has provided and is providing information that Plaintiffs reasonably request to identify Settlement Class Members and the alleged damages they incurred. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

128. <u>Receipt of Advice of Counsel.</u> Each party acknowledges, agrees, and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

**PLAINTIFFS**

_____
Jane Simpson

_____
Shirley Liddell


**CITIZENS BANK and CITIZENS
REPUBLIC BANCORP, INC.**

_____
Thomas W. Gallagher, General Counsel


**SETTLEMENT CLASS COUNSEL**

_____
Jeffrey M. Ostrow

_____
Hassan Zavareei


**CITIZENS BANK'S COUNSEL**

_____
Dennis M. Haffey

44

**PLAINTIFFS**

Jane Simpson

Shirley Liddell

**CITIZENS BANK and CITIZENS REPUBLIC BANCORP, INC.**

Thomas W. Gallagher, General Counsel

**SETTLEMENT CLASS COUNSEL**

Jeffrey M. Ostrow

Hassan Zavareei

**CITIZENS BANK'S COUNSEL**

Dennis M. Haffey

44

**PLAINTIFFS**

_____
Jane Simpson

_____
Shirley Liddell

**CITIZENS BANK and CITIZENS REPUBLIC BANCORP, INC.**

_Thomas W. Gallagher_      4-11-13
Thomas W. Gallagher, General Counsel

**SETTLEMENT CLASS COUNSEL**

_____
Jeffrey M. Ostrow

_____
Hassan Zavareei

**CITIZENS BANK'S COUNSEL**

_Dennis M. Haffey_      4-11-13
Dennis M. Haffey

44

**PLAINTIFFS**

_____

Jane Simpson

_____

Shirley Liddell

**CITIZENS BANK and CITIZENS
REPUBLIC BANCORP, INC.**

_____

Thomas W. Gallagher, General Counsel

**SETTLEMENT CLASS COUNSEL**

_____

Jeffrey M. Ostrow

_____

Hassan Zavareei

**CITIZENS BANK'S COUNSEL**

_____

Dennis M. Haffey

44