# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JANE SIMPSON, on Behalf of Herself and All Others Similarly Situated,**<br><br>   **Plaintiff,**<br><br>**v.**<br><br>**CITIZENS BANK,**<br><br>   **Defendant.** | Case No. 2:12-cv-10267-DPH-RSW<br><br>Hon. Denise Page Hood<br><br>Magistrate Judge R. Steven Whalen |
| **SHIRLEY D. LIDDELL, on Behalf of Herself and All Others Similarly Situated,**<br><br>   **Plaintiff,**<br><br>**v.**<br><br>**CITIZENS BANK and CITIZENS REPUBLIC BANCORP, INC.**<br><br>   **Defendants.** | Case No. 2:12-cv-11604-DPH-RSW<br><br>Hon. Denise Page Hood<br><br>Magistrate Judge R. Steven Whalen |

**DECLARATION OF CAMERON R. AZARI, ESQ., ON IMPLEMENTATION**
**AND ADEQUACY OF SETTLEMENT NOTICE PROGRAM**

I, CAMERON R. AZARI, ESQ., hereby declare as follows:

1. My name is Cameron R. Azari, Esq. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. I am the Director of Legal Notice for Hilsoft Notifications; a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans. Hilsoft is a business unit of Epiq Systems Class Action and Claims Solutions ("ECA").

3. Hilsoft has been involved with some of the most complex and significant notices and notice programs in recent history. We have been recognized by courts for our testimony as to which method of notification is appropriate for a given case, and we have provided testimony

on numerous occasions on whether a certain method of notice represents the best notice practicable under the circumstances. Hilsoft's CV is included as **Attachment 1**. For example:

a. *In re: Checking Account Overdraft Litigation (M&I Bank)*, MDL No. 2036, S.D. Fla (overdraft litigation settlement; individual notification reached[1] approximately 97.5% of settlement class members; granted final approval);

b. *In re: Checking Account Overdraft Litigation (Compass Bank, N.A.)*, MDL No. 2036, S.D. Fla (overdraft litigation settlement; individual notification reached approximately 88.7% of settlement class members; granted final approval)

c. *In re: Checking Account Overdraft Litigation (Associated, N.A.)*, MDL No. 2036, S.D. Fla (overdraft litigation settlement; individual notification reached approximately 95% of settlement class members; granted final approval);

d. *In re: Checking Account Overdraft Litigation (Harris Bank, N.A.)*, MDL No. 2036, S.D. Fla (overdraft litigation settlement; individual notification reached approximately 97% of settlement class members; granted final approval);

e. *In re: Checking Account Overdraft Litigation (Commerce, N.A.)*, MDL No. 2036, S.D. Fla (overdraft litigation settlement; individual notification reached approximately 99% of settlement class members; granted final approval);

f. *In re: Checking Account Overdraft Litigation (TD Bank, N.A.)*, MDL No. 2036, S.D. Fla (overdraft litigation settlement; individual notification reached approximately 90.5% of settlement class members; granted final approval);

g. *In re: Checking Account Overdraft Litigation (RBS Citizens Bank, N.A.)*, MDL No. 2036, S.D. Fla (overdraft litigation settlement; individual notification reached approximately 86% of settlement class members; granted final approval);

h. *In re: Checking Account Overdraft Litigation (Bank of Oklahoma, N.A.)*, MDL No. 2036, S.D. Fla (overdraft litigation settlement; individual notification reached approximately 89% of settlement class members; granted final approval);

---

[1] Reach is defined as the percentage of a class exposed to a notice, net of any duplication among people who may have been exposed more than once. Notice "exposure" is defined as the opportunity to view a notice. The average "frequency" of notice exposure is the average number of times that those reached by a notice would be exposed to a notice.

i. *In re: Checking Account Overdraft Litigation (IBERIABANK)*, MDL No. 2036, S.D. Fla (overdraft litigation settlement; individual notification effort reached approximately 97%; granted final approval);

j. *Schulte v. Fifth Third Bank*, No. 09-CV-06655, N.D. Ill. (overdraft litigation settlement; individual notification effort reached approximately 89.7% of the class; granted final approval);

k. *Trombley v. National City Bank*, No. 1:10-CV-00232, D.D.C. (overdraft litigation settlement; individual notification effort reached approximately 93.3% of the class; granted final approval);

l. *Mathena v. Webster Bank, N.A.*, No. 3:10-cv-01448, D. Conn. (overdraft litigation settlement; individual notification effort reached approximately 97.6% of the class; granted final approval);

m. *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL 2179 E.D. La. (dual landmark settlement notice programs to separate "Economic and Property Damages" and "Medical Benefits" settlement classes. Notice effort included over 7,900 television spots, over 5,200 radio spots and over 5,400 print insertions and reached over 95% of Gulf Coast residents); and

n. *In re Department of Veterans Affairs (VA) Data Theft Litigation*, MDL 1539, D.D.C. (settlement related to the theft of personal identifying information of 17.5 million veterans, spouses of veterans and military personnel; extensive publication notice effort that reached approximately 80% of the class; granted final approval).

*4.* In the cases resolved by this settlement, *Simpson v. Citizens Bank*; Case No. 2:12-cv-10267 and *Liddell v. Citizens Bank, et al.*; Case No. 2:12-cv-11604, my colleagues and I were asked to design the Notices (or "Notice") and a Notice Program (or "Notice Plan") to inform Settlement Class Members about their rights under the proposed class action settlement.

5. On September 5, 2013, the Court appointed ECA as the Settlement Administrator, Notice Administrator, Escrow Agent and Tax Administrator. The Court also approved the

Notice Program and the proposed forms of Notice.  With the Court's approval, and according to the timeline laid out in the Order Preliminarily Approving Class Settlement and Certifying Settlement Class (the "Order"), Hilsoft began implementing each element of the Notice Plan.

6.    This declaration will detail the successful implementation of the Notice Program and document the completion of all of the notice activities.  The report will also discuss the administration activity to date, with updated administration statistics to be provided by the parties in advance of the January 15, 2014 Final Approval Hearing.  The facts in this report are based on information provided to me by colleagues from Hilsoft Notifications and ECA.

## SUMMARY OF CONCLUSIONS

7.    The Notice Program we designed and implemented achieved each of the planned objectives:

a.  Names and direct contact information for the vast majority of Settlement Class Members were identified from Citizens Bank's records.  Individual Notice was sent to all identifiable Settlement Class Members.

b.  The individual Notice reached approximately 87% of identifiable Settlement Class Members.

c.  Not reflected in this reach calculation is the publication of a Summary Publication Notice in mainstream newspapers to reach those for whom the Individual Notice was ultimately undeliverable, and to reach the small number of potential Settlement Class members who could not be identified from Citizens Bank's records giving them an opportunity to decide whether to object or opt-out.

    d.   Each person reached had an opportunity to view a Notice, with plenty of time prior to the Final Approval Hearing to make appropriate decisions such as whether to object or opt out.

    e.   The Notices were designed to be noticeable, clear, simple, substantive, and informative.  No significant or required information was missing.

    f.   The program was consistent with other notice programs we have designed and implemented for similar settlements that have received final approval.

    g.   The Notice Plan was developed with the active participation of both Settlement Class Counsel and counsel for Citizens Bank.

8.    In my view, the Notice Plan was the best notice practicable under the circumstances of this case, and satisfied due process, including its "desire to actually inform" requirement.[2]

9.    This declaration will detail the notice activities undertaken and explain how and why the settlement Notice Plan was comprehensive, well suited to the Settlement Class, and more than adequate to satisfy federal rules and due process obligations.

## NOTICE PLAN IMPLEMENTATION

10.    The Order defines the "Settlement Class" as consisting of "All Citizens Bank customers in the United States who had one or more Accounts (whether held individually or jointly) and who, during the Class Period, incurred an Overdraft Fee as a result of Citizens

---

[2] "But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . ."  *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 315 (1950).

Bank's Debit Re-sequencing.  Excluded from the Settlement Class are all current Citizens Bank employees, officers and directors, and the Judge presiding over this Action."

11.     I have reviewed the Order and Settlement Agreement and I fully understand the defined terms used in the definition of the Settlement Class and subsequent defined terms. "Account" means "any consumer checking, demand deposit or savings account maintained by Citizens Bank in the United States accessible by a Debit Card."  "Overdraft Fee" means "any fee assessed to an Account for items paid when the Account has insufficient funds to cover the item. Fees charged to transfer balances from other accounts are excluded."  "Debit Card" means "a card or similar device issued or provided by Citizens Bank, including a debit card, check card, or automated teller machine ("ATM") card that can be used to debit funds from an Account by Point of Sale and/or ATM transactions."  "Debit Card Transaction" means "any debit transaction effectuated with a Debit Card, including Point of Sale transactions (whether by PIN or signature/PIN-less) and ATM transactions.  For avoidance of doubt, Debit Card Transaction does not include a debit transaction effectuated by check, by preauthorized transaction, by wire transfer, or a transfer to another account such as a credit card account or line of credit."  "Debit Re-sequencing" means "Citizens Bank's former practice of ordering an Account's Debit Card Transactions in highest-to-lowest order by dollar amount."

*Individual Notice*

12.     Citizens Bank was able to identify names and direct contact information for the vast majority of Settlement Class Members.

13.     ECA received from Citizens Bank three data files containing information relating to Settlement Class Members' Accounts.  The files contained information for 64,268 Accounts. ECA identified all account holders with multiple Accounts.

14.     ECA confirms that prior to the initial mailing of the Summary Postcard Notice; postal mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS"), which contains records of all reported permanent moves for the past four years.  Any addresses that were returned by NCOA as invalid were updated through a third-party address search service prior to mailing.  In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through the Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

15.     On October 24, 2013, ECA sent 61,447 Summary Postcard Notices by USPS First Class Mail to potential Settlement Class Members.  Each notice was a two image 4.25" x 5.5" Summary Postcard Notice.

16.     In total, ECA received information for 64,268 eligible accounts and mailed postcard notices to 61,477 unique account holders.  A copy of the Summary Postcard Notice is included as **Attachment 2**.

17.     The return address on the Summary Postcard Notice is a post office box maintained by ECA.  As of November 25, 2013, ECA has re-mailed 109 Summary Postcard Notices primarily for addresses that were corrected through the USPS.  Additionally, an extra search for different addresses using a third-party lookup service ("ALLFIND", maintained by

LexisNexis) for undeliverable Summary Postcard Notices is ongoing and will be continued through the Fairness Hearing.  As of November 25, 2013, 7,932 mailings remain un-delivered.  The Summary Postcard Notices are estimated to have reached approximately 87% of the identifiable Settlement Class.

18.     As of November 25, 2013, ECA has received and fulfilled 424 requests for a copy of the Detailed Notice.

19.     A copy of the Detailed Notice is included as **Attachment 3**.

### *Publication Notice*

20.     According to the Federal Deposit Insurance Corporation, Citizens Bank, N.A. (FDIC Certificate Number 986) had 210 offices with reported deposits in three (3) states as of June 30, 2012.[3]  To guide the media selection, Citizens Bank's branch offices were analyzed by county and DMA.  DMA or Designated Market Area is a "term used by Nielsen Media Research to identify an exclusive geographic area of counties in which the home market television stations hold a dominance of total hours viewed.  There are 210 DMA's in the US."[4]

21.     The selected newspaper in each DMA was either the highest circulation daily newspaper published in the DMA and/or a newspaper that was more likely to be read by Settlement Class Members based on the geographic distribution of Citizens Bank's branches in the DMA.  These nine DMA's included 193 Citizens Bank branch offices or 91.9% of total branches.

22.     An approximate quarter-page Summary Publication Notice (approximately 3 col x 10.5") appeared once in a weekday edition in the major daily newspaper in nine (9) selected media markets covering the media markets with the highest number of Citizens Bank's branch

---

[3] FDIC Summary of Deposits as of June 30, 2012, FDIC Certificate Number 986.
[4] Nielsen Media Research, Glossary of Media Terms, http://www.nielsenmedia.com/glossary/.

offices.   The nine (9) total newspapers have a combined daily circulation of 864,355.

Positioning was sought in the main news section of each newspaper to enhance readership.   The

newspaper insertion dates and positioning are indicated below:

### Branch Office Coverage

| DMA | Citizens Bank's Offices | Newspaper | City/State | Issue Date | Page Position |
|---|---|---|---|---|---|
| Cleveland-Akron (Canton) | 14 | Cleveland Plain Dealer | Cleveland, OH | 11/1/2013 | A10 |
| Detroit | 38 | Detroit Free Press/News Combo | Detroit, MI | 10/31/2013 | 11A, 7A |
| Flint-Saginaw-Bay City | 48 | Flint Journal | Flint, MI | 10/31/2013 | A4 |
| Grand Rapids-Kalamazoo-B.Crk | 9 | Grand Rapids Press | Grand Rapids, MI | 10/31/2013 | A5 |
| Green Bay-Appleton | 23 | Green Bay Press-Gazette | Green Bay, WI | 10/31/2013 | A5 |
| Lansing | 22 | Lansing State Journal | Lansing, MI | 10/31/2013 | 6A |
| Marquette | 11 | Marquette Mining Journal | Marquette, MI | 10/31/2013 | 6A |
| Traverse City-Cadillac | 19 | Traverse City Record-Eagle | Traverse City, MI | 10/31/2013 | 5A |
| Wausau-Rhinelander | 9 | Wausau Daily Herald | Wausau, WI | 10/31/2013 | 7A |
| TOTAL | 193 | | | | |

23.     A copy of the Summary Publication Notice is included as **Attachment 4**.

24.     Providing proof of performance, included as **Attachment 5** is an example of one

of the newspaper pages on which the Notice appeared.   All other original Summary Publication

Notices have been collected by Hilsoft Notifications and are available upon request.

### Case Website

25.     The case website, www.CitizensBankOverdraftSettlement.com, went live on

October 15, 2013.   The website address was displayed prominently in all notice documents.   By

visiting this website, Settlement Class Members can view additional information about the

settlement, including: the Complaints, Preliminary Approval Order, Settlement Agreement, Long

Form Notice and a list of Frequently Asked Questions.

26.     As of November 25, 2013, there have been 4,495 website visitor sessions, with

71,205 website hits.

*Toll Free Number*

27.     On October 15, 2013, the toll free number (1-877-271-1388), set up and hosted by ECA, became operational.   By calling this number, Settlement Class Members can listen to answers to frequently asked questions.   This automated system is available 24 hours per day, 7 days per week.   As of November 25, 2013, the toll free number has handled 1,964 calls representing 6,114 minutes of use.

*Exclusions and Objections*

28.     As of November 25, 2013 has received 3 requests for exclusion from the Settlement Class.   As of November 25, 2013, I am aware of no objections to the Settlement. After the December 16, 2013 exclusion request and objection deadline passes, ECA will prepare a complete report of all timely exclusion requests and objections received prior to the January 15, 2014 Final Approval Hearing.

## PERFORMANCE AND DESIGN OF NOTICE PROGRAM

29.     *Objectives were met.*  The primary objective of this settlement notice effort was to effectively reach the greatest practicable number of Settlement Class Members with a "noticeable" Notice of the settlement, and provide them with every reasonable opportunity to understand that their legal rights were affected, including the right to be heard, to object or to exclude themselves if they so chose.   These efforts were successful.

30.     *The Notice reached Settlement Class Members effectively.*   Our calculations indicate that the Summary Postcard Notice reached approximately 87% of the identifiable Settlement Class.   In my experience, this reach percentage exceeds that achieved in many other

court-approved settlement notice programs.  I can confidently state that the Settlement Class was adequately reached.

31.     ***Plenty of time and opportunity to react to Notices.***  The initial mailing of notices was completed on October 24, 2013, which allows an adequate amount of time for Settlement Class Members to see the Notice and respond accordingly before the December 16, 2013 exclusion and objection deadlines.  With 53 days from the completion of the initial Notice mailing until the exclusion and objection deadlines, Settlement Class Members are allotted adequate time to act on their rights.

32.     ***Notices were designed to increase noticeability and comprehension.***  Because mailing recipients are accustomed to receiving junk mail, which they may be inclined to discard unread, the program called for steps to bring the Notice to the attention of Settlement Class Members.  Once people "noticed" the Notices, it was critical that they could understand them.  As such, the Notices, as produced, were clearly worded with simple, plain language text to encourage readership and comprehension.  The design of the Notices followed the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov.

33.     The Summary Postcard Notice featured a prominent headline ("**If You Paid Overdraft Fees to Citizens Bank, You May Be Eligible for a Payment from a Class Action Settlement.**") in bold text.  The headline alerts recipients that the Notice is an important document authorized by a court and that the content may affect them, thereby supplying reasons to read the Notice.

34.     We drafted a Detailed Notice that provided more information to Settlement Class Members.  The Detailed Notice began with a summary page providing a concise overview of the

important information and Settlement Class Members' key options.  It contained a prominent focus on the options that Settlement Class Members have, using a straightforward table design, and included details about the Settlement, such as who is affected, and their rights.  A table of contents, categorized into logical sections, helped to organize the information, while a question and answer format made it easy to find answers to common questions by breaking the information into simple headings and brief paragraphs.

## <u>CONCLUSIONS</u>

35.    The notice effort reached approximately 87% of identifiable Settlement Class Members through the individual Summary Postcard Notice efforts alone.  Many courts have accepted and understood, based on evidence we provided, that a 75 or 80 percent reach is more than adequate under the circumstances of analogous cases.  Here we were able to exceed that. This "reach" indicates that the mailed notice effort was highly successful in providing direct notice to Settlement Class Members.

36.    In preparing the Notices, we employed communication methods that are well established in our field, and eschewed the idea of producing old-fashioned, case-captioned, lengthy, legalistic notice documents.

37.    We have provided evidence that the notice effort sufficiently reached the vast majority of Settlement Class Members, and we have prepared notice documents that adequately informed them of the class action, properly described their rights, and clearly conformed to the high standards for modern notice programs.  In designing our notice programs, we truly desire to adequately inform the class, and my colleagues and I designed and implemented a program that effectively accomplished this.

38.     In my expert opinion, the Notice Program comported with Federal Rule of Civil Procedure 23, and also the guidance for effective notice articulated in the FJC's *Manual for Complex Litigation, 4th Edition.*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated, November 25, 2013.

_____

Cameron R. Azari, Esq.

© 2013 Hilsoft Notifications

# Attachment 1

# HILSOFT NOTIFICATIONS

Hilsoft Notifications is a leading provider of legal notice services for large-scale class action and bankruptcy matters. We specialize in providing quality, expert notice plan development – designing notice programs that satisfy due process requirements and withstand judicial scrutiny. For more than 18 years, Hilsoft Notifications' notice plans have been approved and upheld by courts. Hilsoft Notifications has been retained by defendants and/or plaintiffs on more than 290 cases, including 30 MDL cases and 45 cases since 2009, with notices appearing in more than 53 languages and in almost every country, territory and dependency in the world. Case examples include:

- ➢ BP's $7.8 billion settlement of claims related to the Deepwater Horizon oil spill emerged from possibly the most complex class action in US history.  Hilsoft Notifications drafted and opined on all forms of notice. The 2012 notice program designed by Hilsoft reached at least 95% Gulf Coast region adults via television, radio, newspapers, consumer publications, trade journals, digital media and individual notice. *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL No. 2179 (E.D. La.).

- ➢ Overdraft fee class actions have been brought against nearly every major US commercial bank.  For related settlements, Hilsoft Notifications has developed programs that integrate individual notice and paid media efforts.  PNC, Citizens, TD Bank, Fifth Third, Harris Bank and M&I are among the nearly 20 banks that have retained Hilsoft. *In re: Checking Account Overdraft Litigation,* MDL No. 2036 (S. D. Fla.).

- ➢ Possibly the largest data breach in U.S. history with approximately 130 million credit and debit card numbers stolen. *In re Heartland Data Security Breach Litigation,* MDL No. 2046 (S.D. Tex.).

- ➢ Largest and most complex class action in Canadian history. Designed and implemented groundbreaking notice to disparate, remote aboriginal people in the multi-billion dollar settlement. *In re Residential Schools Class Action Litigation,* 00-CV-192059 CPA (Ont. Super. Ct.).

- ➢ Extensive point of sale notice program of a settlement providing payments up to $100,000 related to Chinese drywall – 100 million notices distributed to Lowe's purchasers during a six-week period. *Vereen v. Lowe's Home Centers,* SU10-CV-2267B (Ga. Super. Ct.).

- ➢ Largest discretionary class action notice campaign involving virtually every adult in the United States for the settlement. *In re Trans Union Corp. Privacy Litigation,* MDL No. 1350 (N.D. Ill.).

- ➢ Most complex national data theft class action settlement involving millions of class members. *Lockwood v. Certegy Check Services, Inc.,* 8:07-cv-1434-T-23TGW (M.D. Fla.).

- ➢ Largest combined U.S. and Canadian retail consumer security breach notice program. *In re TJX Companies, Inc., Customer Data Security Breach Litigation*, MDL No. 1838 (D. Mass.).

- ➢ Most comprehensive notice ever in a securities class action for the $1.1 billion settlement of *In re Royal Ahold Securities and ERISA Litigation,* MDL No. 1539 (D. Md.).

| | | | | |
|---|---|---|---|---|
| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 | WWW.HILSOFT.COM |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 19102 | T 215-721-2120 | INFO@HILSOFT.COM |

➢ Most complex worldwide notice program in history. Designed and implemented all U.S. and international media notice with 500+ publications in 40 countries and 27 languages for $1.25 billion settlement. *In re Holocaust Victims Assets,* "**Swiss Banks,**" No. CV-96-4849 (E.D.N.Y.).

➢ Largest U.S. claim program to date. Designed and implemented a notice campaign for the $10 billion. *Tobacco Farmer Transition Program,* (U.S. Dept. of Ag.).

➢ Multi-national claims bar date notice to asbestos personal injury claimants. Opposing notice expert's reach methodology challenge rejected by court. *In re Babcock & Wilcox Co,* No. 00-10992 (E.D. La.).

## LEGAL NOTICING EXPERTS

### *Cameron Azari, Esq., Director of Legal Notice*
Cameron Azari, Esq. has more than 12 years experience in the design and implementation of legal notification and claims administration programs. He is a nationally recognized expert in the creation of class action notification campaigns in compliance with Fed R. Civ. P. 23(c)(2) (d)(2) and (e) and similar state class action statutes. Cameron has been responsible for hundreds of legal notice and advertising programs. During his career, he has been involved in an array of high profile class action matters, including *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, Heartland Payment Systems, In re: Checking Account Overdraft Litigation, Lowe's Home Centers, Department of Veterans Affairs (VA), In re Residential Schools Class Action Litigation, and In re: Managed Care Litigation.* He is an active author and speaker on a broad range of legal notice and class action topics ranging from amendments to FRCP Rule 23 to email noticing, response rates and optimizing settlement effectiveness. Cameron is an active member of the Oregon State Bar. He received his B.S. from Willamette University and his J.D. from Northwestern School of Law at Lewis and Clark College. Cameron can be reached at caza@legalnotice.com.

### *Lauran Schultz, Executive Director*
Lauran Schultz is responsible for overall management of Hilsoft Notifications. He consults extensively with clients on notice adequacy and innovative legal notice programs. Lauran has more than 20 years of experience as a professional in the marketing and advertising field, specializing in legal notice and class action administration for the past seven years High profile actions he has been involved in include companies such as: BP, Bank of America, Fifth Third Bank, Symantec Corporation, Lowe's Home Centers, First Health, Apple, TJX, CNA and Carrier Corporation. Prior to joining Epiq Systems in 2005, Lauran was a Senior Vice President of Marketing at National City Bank in Cleveland, Ohio. Lauran's education includes advanced study in political science at the University of Wisconsin-Madison along with a Ford Foundation fellowship from the Social Science Research Council and American Council of Learned Societies. Lauran can be reached at lschultz@hilsoft.com.

## ARTICLES AND PRESENTATIONS

➢ **Cameron Azari** Speaker, "Legal Notice in Building Products Cases." HarrisMartin's Construction Product Litigation Conference, Miami, FL, October 25, 2013.

➢ **Cameron Azari** Co-Author, "Class Action Legal Noticing: Plain Language Revisited." *Law360,* April 2013.

➢ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements Getting your Settlement Approved." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 31-February 1, 2013.

➢ **Cameron Azari** Speaker, "Perspectives from Class Action Claims Administrators: Email Notices and Response Rates." CLE International's 8th Annual Class Actions Conference, Los Angeles, CA, May 17-18, 2012.

➢ **Cameron Azari** Speaker, "Class Action Litigation Trends: A Look into New Cases, Theories of Liability & Updates on the Cases to Watch." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 26-27, 2012.



PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

2

➢ **Lauran Schultz** Speaker, "Legal Notice Best Practices: Building a Workable Settlement Structure." CLE International's 7th Annual Class Action Conference, San Francisco, CA, May, 2011.

➢ **Cameron Azari** Speaker, "Data Breaches Involving Consumer Financial Information: Litigation Exposures and Settlement Considerations." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January, 2011.

➢ **Cameron Azari** Speaker, "Notice in Consumer Class Actions: Adequacy, Efficiency and Best Practices." CLE International's 5th Annual Class Action Conference: Prosecuting and Defending Complex Litigation, San Francisco, CA, 2009.

➢ **Lauran Schultz** Speaker, "Efficiency and Adequacy Considerations in Class Action Media Notice Programs." Chicago Bar Association, Chicago, IL, 2009.

➢ **Cameron Azari** Author, "Clearing the Five Hurdles of Email - Delivery of Class Action Legal Notices." Thomson Reuters Class Action Litigation Reporter, June, 2008.

➢ **Cameron Azari** Speaker, "Planning for a Smooth Settlement." ACI: Class Action Defense – Complex Settlement Administration for the Class Action Litigator, Phoenix, AZ, 2007.

➢ **Cameron Azari** Speaker, "Noticing and Response Rates in Class Action Settlements" – Class Action Bar Gathering, Vancouver, British Columbia, 2007.

➢ **Cameron Azari** Speaker, "Structuring a Litigation Settlement." CLE International's 3rd Annual Conference on Class Actions, Los Angeles, CA, 2007.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Skadden Arps Slate Meagher & Flom, LLP, New York, NY, 2006.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Bridgeport Continuing Legal Education, Class Action and the UCL, San Diego, CA, 2006.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stoel Rives litigation group, Portland/Seattle/Boise/Salt Lake City, UT, 2005.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stroock & Stroock & Lavan litigation group, Los Angeles, CA, 2005.

➢ **Cameron Azari** Author, "Twice the Notice or No Settlement." Current Developments – Issue II, August, 2003.

➢ **Cameron Azari** Speaker, "A Scientific Approach to Legal Notice Communication" – Weil Gotshal litigation group, New York, 2003.

## JUDICIAL COMMENTS

**Judge Lance M. Africk, *Evans, et al v. TIN, Inc., et al,*** (July 7, 2013) No. 2:11-cv-02067 (E.D.La.):

*The Court finds that the dissemination of the Class Notice… as described in Notice Agent Lauran Schultz's Declaration: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances…; (c) constituted notice that was reasonable, due, adequate, and sufficient; and (d) constituted notice that fully satisfied all applicable legal requirements, including Rules 23(c)(2)(B) and (e)(1) of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.*



| | | | |
|---|---|---|---|
| HILSOFT NOTIFICATIONS | PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| | PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

**Judge James B. Zagel,** *Saltzman v. Pella Corporation,* (May 24, 2013) No. 06-cv-4481 (N.D. Ill.):

> The Class Notice and Notice Plan implemented for the Settlement Class Members were performed in a reasonable manner, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the Lawsuit and the Settlement, and fully satisfied the requirements of due process and Fed. R. Civ. P. 23.

**Judge Edward M. Chen,** *Marolda v. Symantec Corporation,* (April 5, 2013) No. 08-cv-05701 (N.D. Cal.):

> Approximately 3.9 million notices were delivered by email to class members, but only a very small percentage objected or opted out . . . The Court . . . concludes that notice of settlement to the class was adequate and satisfied all requirements of Federal Rule of Civil Procedure 23(e) and due process. Class members received direct notice by email, and additional notice was given by publication in numerous widely circulated publications as well as in numerous targeted publications. These were the best practicable means of informing class members of their rights and of the settlement's terms.

**Judge Ann D. Montgomery,** *In Re: Zurn Pex Plumbing Products Liability Litigation*, (February 27, 2013) No. 0:08cv01958 (D. Minn.):

> The parties retained Hilsoft Notifications ("Hilsoft"), an experienced class-notice consultant, to design and carry out the notice plan. The form and content of the notices provided to the class were direct, understandable, and consistent with the "plain language" principles advanced by the Federal Judicial Center.
>
> The notice plan's multi-faceted approach to providing notice to settlement class members whose identity is not known to the settling parties constitutes "the best notice [*26] that is practicable under the circumstances" consistent with Rule 23(c)(2)(B).

**Magistrate Judge Stewart,** *Gessele et al. v. Jack in the Box, Inc.*, (January 28, 2013) No. 3:10-cv-960 (D. Or.):

> Moreover, plaintiffs have submitted [a] declaration from Cameron Azari (docket #129), a nationally recognized notice expert, who attests that fashioning an effective joint notice is not unworkable or unduly confusing. Azari also provides a detailed analysis of how he would approach fashioning an effective notice in this case.

**Judge Carl J. Barbier,** *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (Medical Benefits Settlement)*, (January 11, 2013) MDL No. 2179 (E.D. La.):

> Through August 9, 2012, 366,242 individual notices had been sent to potential [Medical Benefits] Settlement Class Members by postal mail and 56,136 individual notices had been e-mailed. Only 10,700 mailings—or 3.3%—were known to be undeliverable. (Azari Decl. ¶¶ 8, 9.) Notice was also provided through an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, highly-trafficked websites, and Sunday local newspapers (via newspaper supplements). Notice was also provided in non-measured trade, business and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The combined measurable paid print, television, radio, and Internet effort reached an estimated 95% of adults aged 18+ in the Gulf Coast region an average of 10.3 times each, and an estimated 83% of all adults in the United States aged 18+ an average of 4 times each. (Id. ¶¶ 8, 10.) All notice documents were designed to be clear, substantive, and informative. (Id. ¶ 5.)
>
> The Court received no objections to the scope or content of the [Medical Benefits] Notice Program. (Azari Supp. Decl. ¶ 12.) The Court finds that the Notice and Notice Plan as implemented satisfied the best notice practicable standard of Rule 23(c) and, in accordance with Rule 23(e)(1), provided notice in a reasonable manner to Class Members who would be bound by the Settlement, including individual notice to all Class Members who could be identified through reasonable effort. Likewise, the Notice and Notice Plan satisfied the requirements of Due Process. The Court also finds the Notice and Notice Plan satisfied the requirements of CAFA.



| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

4

**Judge Carl J. Barbier,** *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (Economic and Property Damages Settlement)*, (December 21, 2012) MDL No. 2179 (E.D. La.):

> The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23(e), the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation.

> The notice program surpassed the requirements of Due Process, Rule 23, and CAFA. Based on the factual elements of the Notice Program as detailed below, the Notice Program surpassed all of the requirements of Due Process, Rule 23, and CAFA.

> The Notice Program, as duly implemented, surpasses other notice programs that Hilsoft Notifications has designed and executed with court approval. The Notice Program included notification to known or potential Class Members via postal mail and e-mail; an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, and Sunday local newspapers. Notice placements also appeared in non-measured trade, business, and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The Notice Program met the objective of reaching the greatest possible number of class members and providing them with every reasonable opportunity to understand their legal rights. See Azari Decl. ¶¶ 8, 15, 68. The Notice Program was substantially completed on July 15, 2012, allowing class members adequate time to make decisions before the opt-out and objections deadlines.

> The media notice effort alone reached an estimated 95% of adults in the Gulf region an average of 10.3 times each, and an estimated 83% of all adults in the United States an average of 4 times each. These figures do not include notice efforts that cannot be measured, such as advertisements in trade publications and sponsored search engine listings. The Notice Program fairly and adequately covered and notified the class without excluding any demographic group or geographic area, and it exceeded the reach percentage achieved in most other court-approved notice programs.

**Judge Alonzo Harris, Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.,** (August 17, 2012) No. 12-C-1599 (27th Jud. D. Ct. La.):

> Notice given to Class Members and all other interested parties pursuant to this Court's order of April 18, 2012, was reasonably calculated to apprise interested parties of the pendency of the action, the certification of the Class as Defined for settlement purposes only, the terms of the Settlement Agreement, Class Members rights to be represented by private counsel, at their own costs, and Class Members rights to appear in Court to have their objections heard, and to afford persons or entities within the Class Definition an opportunity to exclude themselves from the Class. Such notice complied with all requirements of the federal and state constitutions, including the Due Process Clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as Defined.

**Judge James Lawrence King, In re: Checking Account Overdraft Litigation (IBERIABANK)**, (April 26, 2012) MDL No. 2036 (S.D. Fla):

> The Court finds that the Notice previously approved was fully and properly effectuated and was sufficient to satisfy the requirements of due process because it described "the substantive claims . . . [and] contained information reasonably necessary to [allow Settlement Class Members to] make a decision to remain a class member and be bound by the final judgment." In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1104-05 (5th Cir. 1977). The Notice, among other things, defined the Settlement Class, described the release as well as the amount and method and manner of proposed distribution of the Settlement proceeds, and informed Settlement Class Members of their rights to opt-out or object, the procedures for doing so, and the time and place of the Final Approval Hearing. The Notice also informed Settlement Class Members that a class judgment would bind them unless they opted out, and told them where they could obtain more information, such as access to a full copy of the Agreement. Further, the Notice described in summary form the fact that Class Counsel would be seeking attorneys' fees of up to 30 percent of the Settlement. Settlement Class Members were provided with the best practicable notice



PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

5

*"reasonably calculated, under [the] circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. The content of the Notice fully complied with the requirements of Rule 23.*

**Judge Bobby Peters, *Vereen v. Lowe's Home Centers*,** (April 13, 2012) SU10-CV-2267B (Ga. Super. Ct.):

*The Court finds that the Notice and the Notice Plan was fulfilled, in accordance with the terms of the Settlement Agreement, the Amendment, and this Court's Preliminary Approval Order and that this Notice and Notice Plan constituted the best practicable notice to Class Members under the circumstances of this action, constituted due and sufficient Notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, and was in full compliance with Ga. Code Ann § 9-11-23 and the constitutional requirements of due process. Extensive notice was provided to the class, including point of sale notification, publication notice and notice by first-class mail for certain potential Class Members.*

*The affidavit of the notice expert conclusively supports this Court's finding that the notice program was adequate, appropriate, and comported with Georgia Code Ann. § 9-11-23(b)(2), the Due Process Clause of the Constitution, and the guidance for effective notice articulate in the FJC's Manual for Complex Litigation, 4th.*

**Judge Lee Rosenthal, *In re: Heartland Payment Systems, Inc. Customer Data Security Breach Litigation*,** (March 2, 2012) MDL No. 2046 (S.D. Tex.):

*The notice that has been given clearly complies with Rule 23(e)(1)'s reasonableness requirement… Hilsoft Notifications analyzed the notice plan after its implementation and conservatively estimated that notice reached 81.4 percent of the class members. (Docket Entry No. 106, ¶ 32). Both the summary notice and the detailed notice provided the information reasonably necessary for the presumptive class members to determine whether to object to the proposed settlement. See Katrina Canal Breaches, 628 F.3d at 197. Both the summary notice and the detailed notice "were written in easy-to-understand plain English." In re Black Farmers Discrimination Litig., — F. Supp. 2d —, 2011 WL 5117058, at *23 (D.D.C. 2011); accord AGGREGATE LITIGATION § 3.04(c).15 The notice provided "satisf[ies] the broad reasonableness standards imposed by due process" and Rule 23. Katrina Canal Breaches, 628 F.3d at 197 (internal quotation marks omitted).*

**Judge John D. Bates, *Trombley v. National City Bank*,** (December 1, 2011) 1:10-CV-00232 (D. DC.)

*The form, content, and method of dissemination of Notice given to the Settlement Class were in full compliance with the Court's January 11, 2011 Order, the requirements of Fed. R. Civ. P. 23(e), and due process. The notice was adequate and reasonable, and constituted the best notice practicable under the circumstances. In addition, adequate notice of the proceedings and an opportunity to participate in the final fairness hearing were provided to the Settlement Class.*

**Judge Robert M. Dow, Jr., *Schulte v. Fifth Third Bank*,** (July 29, 2011) No. 1:09-cv-6655 (N.D. Ill.):

*The Court has reviewed the content of all of the various notices, as well as the manner in which Notice was disseminated, and concludes that the Notice given to the Class fully complied with Federal Rule of Civil Procedure 23, as it was the best notice practicable, satisfied all constitutional due process concerns, and provided the Court with jurisdiction over the absent Class Members.*

**Judge Ellis J. Daigle, *Williams v. Hammerman & Gainer Inc.*,** (June 30, 2011) No. 11-C-3187-B (27th Jud. D. Ct. La.):

*Notices given to Settlement Class members and all other interested parties throughout this proceeding with respect to the certification of the Settlement Class, the proposed settlement, and all related procedures and hearings—including, without limitation, the notice to putative Settlement Class members and others more fully described in this Court's order of 30th day of March 2011 were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination, to apprise interested parties and members of the Settlement Class of the pendency of the action, the certification of the Settlement Class, the Settlement Agreement and its contents, Settlement Class members' right to be represented by private counsel, at their own cost, and Settlement Class members'*



PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

6

*right to appear in Court to have their objections heard, and to afford Settlement Class members an opportunity to exclude themselves from the Settlement Class. Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedures, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.*

**Judge Stefan R. Underhill,** ***Mathena v. Webster Bank, N.A.***, (March 24, 2011) No. 3:10-cv-1448 (D. Conn.):

*The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.*

**Judge Ted Stewart,** ***Miller v. Basic Research, LLC***, (September 2, 2010) No. 2:07-cv-871 (D. Utah):

*Plaintiffs state that they have hired a firm specializing in designing and implementing large scale, unbiased, legal notification plans.69 Plaintiffs represent to the Court that such notice will include: 1) individual notice by electronic mail and/or first-class mail sent to all reasonably identifiable Class members; 2) nationwide paid media notice through a combination of print publications, including newspapers, consumer magazines, newspaper supplements and the Internet; 3) a neutral, Court-approved, informational press release; 4) a neutral, Court-approved Internet website; and 5) a toll-free telephone number. Similar mixed media plans have been approved by other district courts post class certification. The Court finds this plan is sufficient to meet the notice requirement.*

**Judge Sara Loi,** ***Pavlov v. Continental Casualty Co.***, (October 7, 2009) No. 5:07cv2580 (N.D. Ohio):

*As previously set forth in this Memorandum Opinion, the elaborate notice program contained in the Settlement Agreement provides for notice through a variety of means, including direct mail to each class member, notice to the United States Attorney General and each State, a toll free number, and a website designed to provide information about the settlement and instructions on submitting claims. With a 99.9% effective rate, the Court finds that the notice program constituted the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and clearly satisfies the requirements of Rule 23(c)(2)(B).*

**Judge James Robertson,** ***In re: Department of Veterans Affairs (VA) Data Theft Litigation***, (September 23, 2009) MDL No. 1796 (D. D.C.):

*The Notice Plan, as implemented, satisfied the requirements of due process and was the best notice practicable under the circumstances. The Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the Settlement, and their right to appear, object to or exclude themselves from the Settlement. Further, the notice was reasonable and constituted due, adequate and sufficient notice to all person entitled to receive notice.*

**Judge Lisa F. Chrystal,** ***Little v. Kia Motors America, Inc.***, (August 27, 2009) No. UNN-L-0800-01 (N.J. Super. Ct.):

*The Court finds that the manner and content of the notices for direct mailing and for publication notice, as specified in the Notice Plan (Exhibit 2 to the Affidavit of Lauran R. Schultz), provides the best practicable notice of judgment to members of the Plaintiff Class.*

**Judge Barbara Crowder,** ***Dolen v. ABN AMRO Bank N.V.,*** (March 23, 2009) No. 01-L-454, 01-L-493, (3rd Jud. Cir. Ill.):

*The Court finds that the Notice Plan is the best notice practicable under the circumstances and provides the Eligible Members of the Settlement Class sufficient information to make informed and meaningful decisions regarding their options in this Litigation and the effect of the Settlement on their rights. The Notice Plan further satisfies the requirements of due process and 735 ILCS 5/2-803. That Notice Plan is approved and accepted. This Court further finds that the Notice of Settlement and Claim Form comply with 735 ILCS 5/2-803 and are appropriate as part of the Notice Plan and the Settlement, and thus they are hereby approved and adopted. This Court further finds that no other notice other than that identified in the Notice Plan is reasonably necessary in this Litigation.*



HILSOFT NOTIFICATIONS      PORTLAND AREA OFFICE      10300 SW ALLEN BLVD      BEAVERTON, OR 97005      T 503-597-7697
PHILADELPHIA AREA OFFICE      1420 LOCUST ST 30 F      PHILADELPHIA, PA 1910      T 215-721-2120

**Judge Robert W. Gettleman,** *In re Trans Union Corp.***,** (September 17, 2008) MDL No. 1350 (N.D. Ill.):

> The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Preliminary Approval Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law… Accordingly, all objections are hereby OVERRULED.

**Judge Steven D. Merryday***, Lockwood v. Certegy Check Services, Inc.***,** (September 3, 2008) No. 8:07-cv-1434-T-23TGW (M.D. Fla.):

> The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable and constituted the best notice practicable in the circumstances. The notice as given provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions of the Settlement Agreement, and these proceedings to all persons entitled to such notice, and the notice satisfied the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.

**Judge William G. Young,** *In re TJX Companies*, (September 2, 2008) MDL No. 1838 (D. Mass.):

> The form, content, and method of dissemination of notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.

**Judge Philip S. Gutierrez,** *Shaffer v. Continental Casualty Co.***,** (June 11, 2008) SACV-06-2235-PSG (PJWx) (C.D. Cal.):

> …was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clauses), the Rules of the Court, and any other applicable law.

**Judge Robert L. Wyatt,** *Gunderson v. AIG Claim Services, Inc.***,** (May 29, 2008) No. 2004-002417 (14th Jud. D. Ct. La.):

> Notices given to Settlement Class members…were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination…Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.

**Judge Mary Anne Mason,** *Palace v. DaimlerChrysler Corp.***,** (May 29, 2008) No. 01-CH-13168 (Ill. Cir. Ct.):

> The form, content, and method of dissemination of the notice given to the Illinois class and to the Illinois Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed Settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings, to all Persons entitled to such notice, and said notice fully satisfied the requirements of due process and complied with 735 ILCS §§5/2-803 and 5/2-806.

**Judge David De Alba,** *Ford Explorer Cases,* (May 29, 2008) JCCP Nos. 4226 & 4270 (Cal. Super. Ct.):

> [T]he Court is satisfied that the notice plan, design, implementation, costs, reach, were all reasonable, and has no reservations about the notice to those in this state and those in other states as well, including Texas, Connecticut, and Illinois; that the plan that was approved—submitted and approved, comports with the fundamentals of due process as described in the case law that was offered by counsel.



PORTLAND AREA OFFICE  10300 SW ALLEN BLVD      BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE  1420 LOCUST ST 30 F      PHILADELPHIA, PA 1910    T 215-721-2120

8

**Judge Kirk D. Johnson**, ***Webb v. Liberty Mutual Ins. Co.,*** (March 3, 2008) No. CV-2007-418-3 (Ark. Cir. Ct.):

> *The Court finds that there was minimal opposition to the settlement. After undertaking an extensive notice campaign to Class members of approximately 10,707 persons, mailed notice reached 92.5% of potential Class members.*

**Judge Carol Crafton Anthony**, ***Johnson v. Progressive Casualty Ins. Co.,*** (December 6, 2007) No. CV-2003-513 (Ark. Cir. Ct.):

> *Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated…Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort. Notice reached a large majority of the Class members. The Court finds that such notice constitutes the best notice practicable…The forms of Notice and Notice Plan satisfy all of the requirements of Arkansas law and due process.*

**Judge Kirk D. Johnson**, ***Sweeten v. American Empire Insurance Co.,*** (August 20, 2007) No. CV-2007-154-3 (Ark. Cir. Ct.):

> *The Court does find that all notices required by the Court to be given to class members was done within the time allowed and the manner best calculated to give notice and apprise all the interested parties of the litigation. It was done through individual notice, first class mail, through internet website and the toll-free telephone call center…The Court does find that these methods were the best possible methods to advise the class members of the pendency of the action and opportunity to present their objections and finds that these notices do comply with all the provisions of Rule 23 and the Arkansas and United States Constitutions.*

**Judge Robert Wyatt**, ***Gunderson v. F.A. Richard & Associates, Inc.,*** (July 19, 2007) No. 2004-2417-D (14th Jud. D. Ct. La.):

> *Okay. Let me sign this one. This is the final Order and Judgment regarding the fairness, reasonableness and adequacy. And I am satisfied in all respects regarding the presentation that's been made to the Court this morning in the Class memberships, the representation, the notice, and all other aspects and I'm signing that Order at this time. Congratulations, gentlemen.*

**Judge Lewis A. Kaplan**, ***In re Parmalat Securities Litigation***, (July 19, 2007) MDL No. 1653-LAK (S.D. N.Y.):

> *The Court finds that the distribution of the Notice, the publication of the Publication Notice, and the notice methodology…met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, (including the Due Process clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. 78u-4, et seq.) (the "PSLRA"), the Rules of the Court, and any other applicable law.*

**Judge Joe Griffin**, ***Beasley v. The Reliable Life Insurance Co.,*** (March 29, 2007) No. CV-2005-58-1 (Ark. Cir. Ct.):

> *[T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process. They are fair, reasonable, and adequate. I think the method of notification certainly meets the requirements of due process…So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter.*

**Judge Lewis A. Kaplan**, ***In re Parmalat Securities Litigation,*** (March 1, 2007) MDL No. 1653-LAK (S.D. N.Y.):

> *The court approves, as to form and content, the Notice and the Publication Notice, attached hereto as Exhibits 1 and 2, respectively, and finds that the mailing and distribution of the Notice and the publication of the Publication Notice in the manner and the form set forth in Paragraph 6 of this Order…meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934, as amended by Section 21D(a)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.*



PORTLAND AREA OFFICE 10300 SW ALLEN BLVD BEAVERTON, OR 97005 T 503-597-7697
PHILADELPHIA AREA OFFICE 1420 LOCUST ST 30 F PHILADELPHIA, PA 1910 T 215-721-2120

9

**Judge Anna J. Brown,** ***Reynolds v. The Hartford Financial Services Group, Inc.,*** (February 27, 2007) No. CV-01-1529-BR (D. Ore):

> [T]he court finds that the Notice Program fairly, fully, accurately, and adequately advised members of the Settlement Class and each Settlement Subclass of all relevant and material information concerning the proposed settlement of this action, their rights under Rule 23 of the Federal Rules of Civil Procedure, and related matters, and afforded the Settlement Class with adequate time and an opportunity to file objections to the Settlement or request exclusion from the Settlement Class. The court finds that the Notice Program constituted the best notice practicable under the circumstances and fully satisfied the requirements of Rule 23 and due process.

**Judge Kirk D. Johnson,** ***Zarebski v. Hartford Insurance Company of the Midwest,*** (February 13, 2007) No. CV-2006-409-3 (Ark. Cir. Ct.):

> Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class. Accordingly, the Class Notice and Claim Form as disseminated are finally approved as fair, reasonable, and adequate notice under the circumstances. The Court finds and concludes that due and adequate notice of the pendency of this Action, the Stipulation, and the Final Settlement Hearing has been provided to members of the Settlement Class, and the Court further finds and concludes that the notice campaign described in the Preliminary Approval Order and completed by the parties complied fully with the requirements of Arkansas Rule of Civil Procedure 23 and the requirements of due process under the Arkansas and United States Constitutions.

**Judge Richard J. Holwell,** ***In re Vivendi Universal, S.A. Securities Litigation,*** 2007 WL 1490466, at *34 (S.D.N.Y.):

> In response to defendants' manageability concerns, plaintiffs have filed a comprehensive affidavit outlining the effectiveness of its proposed method of providing notice in foreign countries. According to this…the Court is satisfied that plaintiffs intend to provide individual notice to those class members whose names and addresses are ascertainable, and that plaintiffs' proposed form of publication notice, while complex, will prove both manageable and the best means practicable of providing notice.

**Judge Samuel Conti,** ***Ciabattari v. Toyota Motor Sales, U.S.A., Inc.,*** (November 17, 2006) No. C-05-04289-SC (N.D. Cal.):

> After reviewing the evidence and arguments presented by the parties…the Court finds as follows…The class members were given the best notice practicable under the circumstances, and that such notice meets the requirements of the Due Process Clause of the U.S. Constitution, and all applicable statutes and rules of court.

**Judge Ivan L.R. Lemelle**, ***In re High Sulfur Content Gasoline Prods. Liability Litigation,*** (November 8, 2006) MDL No. 1632 (E.D. La.):

> This Court approved a carefully-worded Notice Plan, which was developed with the assistance of a nationally-recognized notice expert, Hilsoft Notifications…The Notice Plan for this Class Settlement was consistent with the best practices developed for modern-style "plain English" class notices; the Court and Settling Parties invested substantial effort to ensure notice to persons displaced by the Hurricanes of 2005; and as this Court has already determined, the Notice Plan met the requirements of Rule 23 and constitutional due process.

**Judge Catherine C. Blake,** ***In re Royal Ahold Securities and "ERISA" Litigation,*** (November 2, 2006) MDL No. 1539 (D. Md.):

> The global aspect of the case raised additional practical and legal complexities, as did the parallel criminal proceedings in another district. The settlement obtained is among the largest cash settlements ever in a securities class action case and represents an estimated 40% recovery of possible provable damages. The notice process appears to have been very successful not only in reaching but also in eliciting claims from a substantial percentage of those eligible for recovery.



HILSOFT NOTIFICATIONS     PORTLAND AREA OFFICE     10300 SW ALLEN BLVD     BEAVERTON, OR 97005     T 503-597-7697
PHILADELPHIA AREA OFFICE     1420 LOCUST ST 30 F     PHILADELPHIA, PA 1910     T 215-721-2120

10

**Judge Elaine E. Bucklo,** ***Carnegie v. Household International,*** (August 28, 2006) No. 98 C 2178 (N.D. Ill.):

> [T]he Notice was disseminated pursuant to a plan consisting of first class mail and publication developed by Plaintiff's notice consultant, Hilsoft Notification[s]…who the Court recognized as experts in the design of notice plans in class actions. The Notice by first-class mail and publication was provided in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies all requirements of Rule 23(e) and due process.

**Judge Joe E. Griffin,** ***Beasley v. Hartford Insurance Company of the Midwest,*** (June 13, 2006) No. CV-2005-58-1 (Ark. Cir. Ct.):

> Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Individual Notice and the Publication Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order, was the best notice practicable under the circumstances…and the requirements of due process under the Arkansas and United States Constitutions.

**Judge Norma L. Shapiro,** ***First State Orthopedics et al. v. Concentra, Inc., et al.,*** (May 1, 2006) No. 2:05-CV-04951-NS (E.D. Pa.):

> The Court finds that dissemination of the Mailed Notice, Published Notice and Full Notice in the manner set forth here and in the Settlement Agreement meets the requirements of due process and Pennsylvania law. The Court further finds that the notice is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, is the best practicable notice; and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement.

**Judge Thomas M. Hart,** ***Froeber v. Liberty Mutual Fire Ins. Co.,*** (April 19, 2006) No. 00C15234 (Ore. Cir. Ct.):

> The court has found and now reaffirms that dissemination and publication of the Class Notice in accordance with the terms of the Third Amended Order constitutes the best notice practicable under the circumstances.

**Judge Catherine C. Blake,** ***In re Royal Ahold Securities and "ERISA" Litigation,*** (January 6, 2006) MDL No. 1539 (D. Md.):

> I think it's remarkable, as I indicated briefly before, given the breadth and scope of the proposed Class, the global nature of the Class, frankly, that again, at least on a preliminary basis, and I will be getting a final report on this, that the Notice Plan that has been proposed seems very well, very well suited, both in terms of its plain language and in terms of its international reach, to do what I hope will be a very thorough and broad-ranging job of reaching as many of the shareholders, whether individual or institutional, as possibly can be done to participate in what I also preliminarily believe to be a fair, adequate and reasonable settlement.

**Judge Catherine C. Blake,** ***In re Royal Ahold Securities & "ERISA" Litigation,*** 437 F.Supp.2d 467, 472 (D. Md. 2006):

> The court hereby finds that the Notice and Notice Plan described herein and in the Order dated January 9, 2006 provided Class Members with the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

**Judge Robert H. Wyatt, Jr.,** ***Gray v. New Hampshire Indemnity Co., Inc.,*** (December 19, 2005) No. CV-2002-952-2-3 (Ark. Cir. Ct.):

> Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The Notice contained the essential elements necessary to satisfy due process, including the Settlement Class definition, the identities of the Parties and of their counsel, a summary of the terms of the proposed settlement, Class Counsel's intent to apply for fees, information



PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

11

*regarding the manner in which objections could be submitted, and requests for exclusions could be filed. The Notice properly informed Class members of the formula for the distribution of benefits under the settlement…Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort. Notice was also effected by publication in many newspapers and magazines throughout the nation, reaching a large majority of the Class members multiple times. The Court finds that such notice constitutes the best notice practicable.*

**Judge Michael J. O'Malley,** ***Defrates v. Hollywood Entm't Corp.,*** (June 24, 2005) No. 02 L 707 (Ill. Cir. Ct.):

*[T]his Court hereby finds that the notice program described in the Preliminary Approval Order and completed by HEC complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.*

**Judge Wilford D. Carter,** ***Thibodeaux v. Conoco Phillips Co.,*** (May 26, 2005) No. 2003-481 F (14th J.D. Ct. La.):

*Notice given to Class Members…were reasonably calculated under all the circumstances and have been sufficient, both as to the form and content…Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due process and sufficient notice to all potential members of the Class as Defined.*

**Judge Michael Canaday,** ***Morrow v. Conoco Inc.,*** (May 25, 2005) No. 2002-3860 G (14th J.D. Ct. La.):

*The objections, if any, made to due process, constitutionality, procedures, and compliance with law, including, but not limited to, the adequacy of notice and the fairness of the proposed Settlement Agreement, lack merit and are hereby overruled.*

**Judge John R. Padova,** ***Nichols v. SmithKline Beecham Corp.,*** (April 22, 2005) No. 00-6222 (E.D. Pa.):

*Pursuant to the Order dated October 18, 2004, End-Payor Plaintiffs employed Hilsoft Notifications to design and oversee Notice to the End-Payor Class. Hilsoft Notifications has extensive experience in class action notice situations relating to prescription drugs and cases in which unknown class members need to receive notice…After reviewing the individual mailed Notice, the publication Notices, the PSAs and the informational release, the Court concludes that the substance of the Notice provided to members of the End-Payor Class in this case was adequate to satisfy the concerns of due process and the Federal Rules.*

**Judge Douglas L. Combs,** ***Morris v. Liberty Mutual Fire Ins. Co.,*** (February 22, 2005) No. CJ-03-714 (D. Okla.):

*I am very impressed that the notice was able to reach – be delivered to 97 ½ percent members of the class. That, to me, is admirable. And I'm also – at the time that this was initially entered, I was concerned about the ability of notice to be understood by a common, nonlawyer person, when we talk about legalese in a court setting. In this particular notice, not only the summary notice but even the long form of the notice were easily understandable, for somebody who could read the English language, to tell them whether or not they had the opportunity to file a claim.*

**Judge Joseph R. Goodwin,** ***In re Serzone Products Liability Litigation,*** 231 F.R.D. 221, 231 (S.D. W. Va. 2005):

*The Notice Plan was drafted by Hilsoft Notifications, a Pennsylvania firm specializing in designing, developing, analyzing and implementing large-scale, unbiased legal notification plans. Hilsoft has disseminated class action notices in more than 150 cases, and it designed the model notices currently displayed on the Federal Judicial Center's website as a template for others to follow…To enhance consumer exposure, Hilsoft studied the demographics and readership of publications among adults who used a prescription drug for depression in the last twelve months. Consequently, Hilsoft chose to utilize media particularly targeting women due to their greater incidence of depression and heavy usage of the medication.*


HILSOFT NOTIFICATIONS    PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

12

**Judge Richard G. Stearns,** *In re Lupron® Marketing and Sales Practice Litigation,* (November 24, 2004) MDL No. 1430 (D. Mass.):

> After review of the proposed Notice Plan designed by Hilsoft Notifications…is hereby found to be the best practicable notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 the Federal Rules of Civil Procedure and due process.

**Judge Richard G. Stearns,** *In re Lupron Marketing and Sales Practice Litigation,* (November 23, 2004) MDL No. 1430 (D. Mass.):

> I actually find the [notice] plan as proposed to be comprehensive and extremely sophisticated and very likely be as comprehensive as any plan of its kind could be in reaching those most directly affected.

**Judge James S. Moody, Jr.,** *Mantzouris v. Scarritt Motor Group Inc.,* (August 10, 2004) No. 8:03 CV- 0015-T-30 MSS (M.D. Fla.):

> Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the members of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement, it is hereby determined that all members of the Class, except for Ms. Gwendolyn Thompson, who was the sole person opting out of the Settlement Agreement, are bound by this Order and Final Judgment entered herein.

**Judge Robert E. Payne,** *Fisher v. Virginia Electric & Power Co.,* (July 1, 2004) No. 3:02CV431 (E.D. Va.)**:**

> The record here shows that the class members have been fully and fairly notified of the existence of the class action, of the issues in it, of the approaches taken by each side in it in such a way as to inform meaningfully those whose rights are affected and to thereby enable them to exercise their rights intelligently…The success rate in notifying the class is, I believe, at least in my experience, I share Ms. Kauffman's experience, it is as great as I have ever seen in practicing or serving in this job…So I don't believe we could have had any more effective notice.

**Judge John Kraetzer,** *Baiz v. Mountain View Cemetery,* (April 14, 2004) No. 809869-2 (Cal. Super. Ct.):

> The notice program was timely completed, complied with California Government Code section 6064, and provided the best practicable notice to all members of the Settlement Class under the circumstances. The Court finds that the notice program provided class members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to class members and all other persons wishing to be heard…The Court has determined that the Notice given to potential members of the Settlement Class fully and accurately informed potential Members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all potential members of the Settlement Class, and that it constituted the best practicable notice under the circumstances.

***Hospitality Mgmt. Assoc., Inc. v. Shell Oil Co.,*** 356 S.C. 644, 663, 591 S.E.2d 611, 621 (Sup. Ct. S.C. 2004):

> Clearly, the Cox court designed and utilized various procedural safeguards to guarantee sufficient notice under the circumstances. Pursuant to a limited scope of review, we need go no further in deciding the Cox court's findings that notice met due process are entitled to deference.

**Judge Joseph R. Goodwin,** *In re Serzone Prods. Liability Litigation,* 2004 U.S. Dist. LEXIS 28297, at *10 (S.D. W. Va.):

> The Court has considered the Notice Plan and proposed forms of Notice and Summary Notice submitted with the Memorandum for Preliminary Approval and finds that the forms and manner of notice proposed by Plaintiffs and approved herein meet the requirements of due process and Fed.R.Civ.P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.

 HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE     10300 SW ALLEN BLVD         BEAVERTON, OR 97005     T 503-597-7697
PHILADELPHIA AREA OFFICE  1420 LOCUST ST 30 F         PHILADELPHIA, PA 1910   T 215-721-2120

13

**Judge James D. Arnold,** ***Cotten v. Ferman Mgmt. Servs. Corp.,*** (November 26, 2003) No. 02-08115 (Fla. Cir. Ct.):

> Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the member of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement…

**Judge Judith K. Fitzgerald,** ***In re Pittsburgh Corning Corp.,*** (November 26, 2003) No. 00-22876-JKF (Bankr. W.D. Pa.):

> The procedures and form of notice for notifying the holders of Asbestos PI Trust Claims, as described in the Motion, adequately protect the interests of the holders of Asbestos PI Trust Claims in a manner consistent with the principles of due process, and satisfy the applicable requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

**Judge Carter Holly,** ***Richison v. American Cemwood Corp.,*** (November 18, 2003) No. 005532 (Cal. Super. Ct.):

> As to the forms of Notice, the Court finds and concludes that they fully apprised the Class members of the pendency of the litigation, the terms of the Phase 2 Settlement, and Class members' rights and options…Not a single Class member—out of an estimated 30,000—objected to the terms of the Phase 2 Settlement Agreement, notwithstanding a comprehensive national Notice campaign, via direct mail and publication Notice…The notice was reasonable and the best notice practicable under the circumstances, was due, adequate, and sufficient notice to all Class members, and complied fully with the laws of the State of California, the Code of Civil Procedure, due process, and California Rules of Court 1859 and 1860.

**Judge Thomas A. Higgins,** ***In re Columbia/HCA Healthcare Corp.,*** (June 13, 2003) MDL No. 1227 (M.D. Tenn.):

> Notice of the settlement has been given in an adequate and sufficient manner. The notice provided by mailing the settlement notice to certain class members and publishing notice in the manner described in the settlement was the best practicable notice, complying in all respects with the requirements of due process.

**Judge Harold Baer, Jr.,** ***Thompson v. Metropolitan Life Ins. Co.,*** 216 F.R.D. 55, 68 (S.D.N.Y. 2003):

> In view of the extensive notice campaign waged by the defendant, the extremely small number of class members objecting or requesting exclusion from the settlement is a clear sign of strong support for the settlement…The notice provides, in language easily understandable to a lay person, the essential terms of the settlement, including the claims asserted…who would be covered by the settlement…[T]he notice campaign that defendant agreed to undertake was extensive…I am satisfied, having reviewed the contents of the notice package, and the extensive steps taken to disseminate notice of the settlement, that the class notice complies with the requirements of Rule 23 (c)(2) and 23(e). In summary, I have reviewed all of the objections, and none persuade me to conclude that the proposed settlement is unfair, inadequate or unreasonable.

**Judge Edgar E. Bayley,** ***Dimitrios v. CVS, Inc.,*** (November 27, 2002) No. 99-6209; ***Walker v. Rite Aid Corp.,*** No. 99-6210; and ***Myers v. Rite Aid Corp.,*** No. 01-2771 (Pa. Ct. C.P.):

> The Court specifically finds that: fair and adequate notice has been given to the class, which comports with due process of law.

**Judge Dewey C. Whitenton,** ***Ervin v. Movie Gallery, Inc.,*** (November 22, 2002) No. 13007 (Tenn. Ch.):

> The content of the class notice also satisfied all due process standards and state law requirements…The content of the notice was more than adequate to enable class members to make an informed and intelligent choice about remaining in the class or opting out of the class.



| | | | | |
|---|---|---|---|---|
| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

14

**Judge James R. Williamson,** ***Kline v. The Progressive Corp.,*** (November 14, 2002) No. 01-L-6 (Ill. Cir. Ct.):

> Notice to the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The notice contained the essential elements necessary to satisfy due process…

**Judge Marina Corodemus,** ***Talalai v. Cooper Tire & Rubber Co.,*** (September 13, 2002) No. L-008830.00 (N.J. Super. Ct.):

> Here, the comprehensive bilingual, English and Spanish, court-approved Notice Plan provided by the terms of the settlement meets due process requirements. The Notice Plan used a variety of methods to reach potential class members. For example, short form notices for print media were placed…throughout the United States and in major national consumer publications which include the most widely read publications among Cooper Tire owner demographic groups.

**Judge Harold Baer, Jr.,** ***Thompson v. Metropolitan Life Ins. Co.,*** (September 3, 2002) No. 00 Civ. 5071-HB (S.D. N.Y.):

> The Court further finds that the Class Notice and Publication Notice provided in the Settlement Agreement are written in plain English and are readily understandable by Class Members. In sum, the Court finds that the proposed notice texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.

**Judge Milton Gunn Shuffield,** ***Scott v. Blockbuster Inc.,*** (January 22, 2002) No. D 162-535 (Tex. Jud. Dist. Ct.) Ultimately withstood challenge to Court of Appeals of Texas. *Peters v. Blockbuster* 65 S.W.3d 295, 307 (Tex. App.-Beaumont, 2001):

> In order to maximize the efficiency of the notice, a professional concern, Hilsoft Notifications, was retained. This Court concludes that the notice campaign was the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the settlement and afford them an opportunity to present their objections…The notice campaign was highly successful and effective, and it more than satisfied the due process and state law requirements for class notice.

**Judge Marina Corodemus,** ***Talalai v. Cooper Tire & Rubber Co.,*** (October 30, 2001) No. MID-L-8839-00-MT (N.J. Super. Ct.):

> The parties have crafted a notice program which satisfies due process requirements without reliance on an unreasonably burdensome direct notification process…The form of the notice is reasonably calculated to apprise class members of their rights. The notice program is specifically designed to reach a substantial percentage of the putative settlement class members.

**Judge Marina Corodemus,** ***Talalai v. Cooper Tire & Rubber Co.,*** (October 29, 2001) No. L-8830-00-MT (N.J. Super. Ct.):

> I saw the various bar graphs for the different publications and the different media dissemination, and I think that was actually the clearest bar graph I've ever seen in my life…it was very clear of the time periods that you were doing as to each publication and which media you were doing over what market time, so I think that was very clear.

**Judge Stuart R. Pollak,** ***Microsoft I-V Cases,*** (April 1, 2001) J.C.C.P. No. CJC-00-004106 (Cal. Super. Ct.):

> [C]oncerning dissemination of class notice; and I have reviewed the materials that have been submitted on that subject and basically I'm satisfied. I think it's amazing if you're really getting 80 percent coverage. That's very reassuring. And the papers that you submitted responded to a couple things that had been mentioned before and I am satisfied with all that.



PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

15

**Judge Stuart R. Pollak,** *Microsoft I-V Cases,* (March 30, 2001) J.C.C.P. No. 4106 (Cal. Super. Ct.):

> *Plaintiffs and Defendant Microsoft Corporation have submitted a joint statement in support of their request that the Court approve the plan for dissemination of class action notice and proposed forms of notice, and amend the class definition. The Court finds that the forms of notice to Class members attached hereto as Exhibits A and B fairly and adequately inform the Class members of their rights concerning this litigation. The Court further finds that the methods for dissemination of notice are the fairest and best practicable under the circumstances, and comport with due process requirements.*

### LEGAL NOTICE CASES

Hilsoft Notifications has served as a notice expert for planning, implementation and/or analysis in the following partial listing of cases:

| | |
|---|---|
| *Andrews v. MCI (900 Number Litigation)* | S.D. Ga., CV 191-175 |
| *Harper v. MCI (900 Number Litigation)* | S.D. Ga., CV 192-134 |
| *In re Bausch & Lomb Contact Lens Litigation* | N.D. Ala., 94-C-1144-WW |
| *In re Ford Motor Co. Vehicle Paint Litigation* | E.D. La., MDL No. 1063 |
| *Castano v. Am. Tobacco* | E.D. La., CV 94-1044 |
| *Cox v. Shell Oil (Polybutylene Pipe Litigation)* | Tenn. Ch., 18,844 |
| *In re Amino Acid Lysine Antitrust Litigation* | N.D. Ill., MDL No. 1083 |
| *In re Dow Corning Corp. (Breast Implant Bankruptcy)* | E.D. Mich., 95-20512-11-AJS |
| *Kunhel v. CNA Ins. Companies* | N.J. Super. Ct., ATL-C-0184-94 |
| *In re Factor Concentrate Blood Prods. Litigation (Hemophiliac HIV)* | N.D. Ill., MDL No. 986 |
| *In re Ford Ignition Switch Prods. Liability Litigation* | D. N.J., 96-CV-3125 |
| *Jordan v. A.A. Friedman (Non-Filing Ins. Litigation)* | M.D. Ga., 95-52-COL |
| *Kalhammer v. First USA (Credit Card Litigation)* | Cal. Cir. Ct., C96-45632010-CAL |
| *Navarro-Rice v. First USA (Credit Card Litigation)* | Ore. Cir. Ct., 9709-06901 |
| *Spitzfaden v. Dow Corning (Breast Implant Litigation)* | La. D. Ct., 92-2589 |
| *Robinson v. Marine Midland (Finance Charge Litigation)* | N.D. Ill., 95 C 5635 |
| *McCurdy v. Norwest Fin. Alabama* | Ala. Cir. Ct., CV-95-2601 |
| *Johnson v. Norwest Fin. Alabama* | Ala. Cir. Ct., CV-93-PT-962-S |
| *In re Residential Doors Antitrust Litigation* | E.D. Pa., MDL No. 1039 |
| *Barnes v. Am. Tobacco Co. Inc.* | E.D. Pa., 96-5903 |
| *Small v. Lorillard Tobacco Co. Inc.* | N.Y. Super. Ct., 110949/96 |

HILSOFT NOTIFICATIONS   PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30F   PHILADELPHIA, PA 1910   T 215-721-2120

16

| | |
|---|---|
| *Naef v. Masonite Corp (Hardboard Siding Litigation)* | Ala. Cir. Ct., CV-94-4033 |
| *In re Synthroid Mktg. Litigation* | N.D. Ill., MDL No. 1182 |
| *Raysick v. Quaker State Slick 50 Inc.* | D. Tex., 96-12610 |
| *Castillo v. Mike Tyson (Tyson v. Holyfield Bout)* | N.Y. Super. Ct., 114044/97 |
| *Avery v. State Farm Auto. Ins. (Non-OEM Auto Parts Litigation)* | Ill. Cir. Ct., 97-L-114 |
| *Walls v. The Am. Tobacco Co. Inc.* | N.D. Okla., 97-CV-218-H |
| *Tempest v. Rainforest Café (Securities Litigation)* | D. Minn., 98-CV-608 |
| *Stewart v. Avon Prods. (Securities Litigation)* | E.D. Pa., 98-CV-4135 |
| *Goldenberg v. Marriott PLC Corp (Securities Litigation)* | D. Md., PJM 95-3461 |
| *Delay v. Hurd Millwork (Building Products Litigation)* | Wash. Super. Ct., 97-2-07371-0 |
| *Gutterman v. Am. Airlines (Frequent Flyer Litigation)* | Ill. Cir. Ct., 95CH982 |
| *Hoeffner v. The Estate of Alan Kenneth Vieira (Un-scattered Cremated Remains Litigation)* | Cal. Super. Ct., 97-AS 02993 |
| *In re Graphite Electrodes Antitrust Litigation* | E.D. Pa., MDL No. 1244 |
| *In re Silicone Gel Breast Implant Prods. Liability Litigation, Altrichter v. INAMED* | N.D. Ala., MDL No. 926 |
| *St. John v. Am. Home Prods. Corp. (Fen/Phen Litigation)* | Wash. Super. Ct., 97-2-06368 |
| *Crane v. Hackett Assocs. (Securities Litigation)* | E.D. Pa., 98-5504 |
| *In re Holocaust Victims Assets Litigation (Swiss Banks Litigation)* | E.D. N.Y., CV-96-4849 |
| *McCall v. John Hancock (Settlement Death Benefits)* | N.M. Cir. Ct., CV-2000-2818 |
| *Williams v. Weyerhaeuser Co. (Hardboard Siding Litigation)* | Cal. Super. Ct., CV-995787 |
| *Kapustin v. YBM Magnex Int'l Inc. (Securities Litigation)* | E.D. Pa., 98-CV-6599 |
| *Leff v. YBM Magnex Int'l Inc. (Securities Litigation)* | E.D. Pa., 95-CV-89 |
| *In re PRK/LASIK Consumer Litigation* | Cal. Super. Ct., CV-772894 |
| *Hill v. Galaxy Cablevision* | N.D. Miss., 1:98CV51-D-D |
| *Scott v. Am. Tobacco Co. Inc.* | La. D. Ct., 96-8461 |
| *Jacobs v. Winthrop Fin. Assocs. (Securities Litigation)* | D. Mass., 99-CV-11363 |
| *Int'l Comm'n on Holocaust Era Ins. Claims – Worldwide Outreach Program* | Former Secretary of State Lawrence Eagleburger Commission |



| | | | |
|---|---|---|---|
| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

17

| | |
|---|---|
| *Bownes v. First USA Bank (Credit Card Litigation)* | Ala. Cir. Ct., CV-99-2479-PR |
| *Whetman v. IKON (ERISA Litigation)* | E.D. Pa., 00-87 |
| *Mangone v. First USA Bank (Credit Card Litigation)* | Ill. Cir. Ct., 99AR672a |
| *In re Babcock and Wilcox Co. (Asbestos Related Bankruptcy)* | E.D. La., 00-10992 |
| *Barbanti v. W.R. Grace and Co. (Zonolite / Asbestos Litigation)* | Wash. Super. Ct., 00201756-6 |
| *Brown v. Am. Tobacco* | Cal. Super. Ct., J.C.C.P. 4042, 711400 |
| *Wilson v. Servier Canada Inc. (Canadian Fen/Phen Litigation)* | Ont. Super. Ct., 98-CV-158832 |
| *In re Texaco Inc. (Bankruptcy)* | S.D. N.Y. 87 B 20142, 87 B 20143, 87 B 20144. |
| *Olinde v. Texaco (Bankruptcy, Oil Lease Litigation)* | M.D. La., 96-390 |
| *Gustafson v. Bridgestone/Firestone, Inc. (Recall Related Litigation)* | S.D. Ill., 00-612-DRH |
| *In re Bridgestone/Firestone Tires Prods. Liability Litigation* | S.D. Ind., MDL No. 1373 |
| *Gaynoe v. First Union Corp. (Credit Card Litigation)* | N.C. Super. Ct., 97-CVS-16536 |
| *Carson v. Daimler Chrysler Corp. (Fuel O-Rings Litigation)* | W.D. Tenn., 99-2896 TU A |
| *Providian Credit Card Cases* | Cal. Super. Ct., J.C.C.P. 4085 |
| *Fields v. Great Spring Waters of Am., Inc. (Bottled Water Litigation)* | Cal. Super. Ct., 302774 |
| *Sanders v. Great Spring Waters of Am., Inc. (Bottled Water Litigation)* | Cal. Super. Ct., 303549 |
| *Sims v. Allstate Ins. Co. (Diminished Auto Value Litigation)* | Ill. Cir. Ct., 99-L-393A |
| *Peterson v. State Farm Mutual Auto. Ins. Co. (Diminished Auto Value Litigation)* | Ill. Cir. Ct., 99-L-394A |
| *Microsoft I-V Cases (Antitrust Litigation Mirroring Justice Dept.)* | Cal. Super. Ct., J.C.C.P. 4106 |
| *Westman v. Rogers Family Funeral Home, Inc. (Remains Handling Litigation)* | Cal. Super. Ct., C-98-03165 |
| *Rogers v. Clark Equipment Co.* | Ill. Cir. Ct., 97-L-20 |
| *Garrett v. Hurley State Bank (Credit Card Litigation)* | Miss. Cir. Ct., 99-0337 |
| *Ragoonanan v. Imperial Tobacco Ltd. (Firesafe Cigarette Litigation)* | Ont. Super. Ct., 00-CV-183165 CP |
| *Dietschi v. Am. Home Prods. Corp. (PPA Litigation)* | W.D. Wash., C01-0306L |
| *Dimitrios v. CVS, Inc. (PA Act 6 Litigation)* | Pa. C.P., 99-6209 |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

18

| | |
|---|---|
| *Jones v. Hewlett-Packard Co. (Inkjet Cartridge Litigation)* | Cal. Super. Ct., 302887 |
| *In re Tobacco Cases II (California Tobacco Litigation)* | Cal. Super. Ct., J.C.C.P. 4042 |
| *Scott v. Blockbuster, Inc. (Extended Viewing Fees Litigation)* | 136th Tex. Jud. Dist., D 162-535 |
| *Anesthesia Care Assocs. v. Blue Cross of Cal.* | Cal. Super. Ct., 986677 |
| *Ting v. AT&T (Mandatory Arbitration Litigation)* | N.D. Cal., C-01-2969-BZ |
| *In re W.R. Grace & Co. (Asbestos Related Bankruptcy)* | Bankr. D. Del., 01-01139-JJF |
| *Talalai v. Cooper Tire & Rubber Co. (Tire Layer Adhesion Litigation)* | N.J. Super. Ct.,, MID-L-8839-00 MT |
| *Kent v. Daimler Chrysler Corp. (Jeep Grand Cherokee Park-to-Reverse Litigation)* | N.D. Cal., C01-3293-JCS |
| *Int'l Org. of Migration – German Forced Labour Compensation Programme* | Geneva, Switzerland |
| *Madsen v. Prudential Federal Savings & Loan (Homeowner's Loan Account Litigation)* | 3rd Jud. Dist. Ct. Utah, C79-8404 |
| *Bryant v. Wyndham Int'l., Inc. (Energy Surcharge Litigation)* | Cal. Super. Ct., GIC 765441, GIC 777547 |
| *In re USG Corp. (Asbestos Related Bankruptcy)* | Bankr. D. Del., 01-02094-RJN |
| *Thompson v. Metropolitan Life Ins. Co. (Race Related Sales Practices Litigation)* | S.D. N.Y., 00-CIV-5071 HB |
| *Ervin v. Movie Gallery Inc. (Extended Viewing Fees)* | Tenn. Ch., CV-13007 |
| *Peters v. First Union Direct Bank (Credit Card Litigation)* | M.D. Fla., 8:01-CV-958-T-26 TBM |
| *National Socialist Era Compensation Fund* | Republic of Austria |
| *In re Baycol Litigation* | D. Minn., MDL No. 1431 |
| *Claims Conference–Jewish Slave Labour Outreach Program* | German Government Initiative |
| *Wells v. Chevy Chase Bank (Credit Card Litigation)* | Md. Cir. Ct., C-99-000202 |
| *Walker v. Rite Aid of PA, Inc. (PA Act 6 Litigation)* | C.P. Pa., 99-6210 |
| *Myers v. Rite Aid of PA, Inc. (PA Act 6 Litigation)* | C.P. Pa., 01-2771 |
| *In re PA Diet Drugs Litigation* | C.P. Pa., 9709-3162 |
| *Harp v. Qwest Communications (Mandatory Arbitration Lit.)* | Ore. Circ. Ct., 0110-10986 |
| *Tuck v. Whirlpool Corp. & Sears, Roebuck & Co. (Microwave Recall Litigation)* | Ind. Cir. Ct., 49C01-0111-CP-002701 |
| *Allison v. AT&T Corp. (Mandatory Arbitration Litigation)* | 1st Jud. D.C. N.M., D-0101-CV-20020041 |
| *Kline v. The Progressive Corp.* | Ill. Cir. Ct., 01-L-6 |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

19

| | |
|---|---|
| *Baker v. Jewel Food Stores, Inc. & Dominick's Finer Foods, Inc. (Milk Price Fixing)* | Ill. Cir. Ct., 00-L-9664 |
| *In re Columbia/HCA Healthcare Corp. (Billing Practices Litigation)* | M.D. Tenn., MDL No. 1227 |
| *Foultz v. Erie Ins. Exchange (Auto Parts Litigation)* | C.P. Pa., 000203053 |
| *Soders v. General Motors Corp. (Marketing Initiative Litigation)* | C.P. Pa., CI-00-04255 |
| *Nature Guard Cement Roofing Shingles Cases* | Cal. Super. Ct., J.C.C.P. 4215 |
| *Curtis v. Hollywood Entm't Corp. (Additional Rental Charges)* | Wash. Super. Ct., 01-2-36007-8 SEA |
| *Defrates v. Hollywood Entm't Corp.* | Ill. Cir. Ct., 02L707 |
| *Pease v. Jasper Wyman & Son, Merrill Blueberry Farms Inc., Allen's Blueberry Freezer Inc. & Cherryfield Foods Inc.* | Me. Super. Ct., CV-00-015 |
| *West v. G&H Seed Co. (Crawfish Farmers Litigation)* | 27th Jud. D. Ct. La., 99-C-4984-A |
| *Linn v. Roto-Rooter Inc. (Miscellaneous Supplies Charge)* | C.P. Ohio, CV-467403 |
| *McManus v. Fleetwood Enter., Inc. (RV Brake Litigation)* | D. Ct. Tex., SA-99-CA-464-FB |
| *Baiz v. Mountain View Cemetery (Burial Practices)* | Cal. Super. Ct., 809869-2 |
| *Stetser v. TAP Pharm. Prods, Inc. & Abbott Laboratories (Lupron Price Litigation)* | N.C. Super. Ct., 01-CVS-5268 |
| *Richison v. Am. Cemwood Corp. (Roofing Durability Settlement)* | Cal. Super. Ct., 005532 |
| *Cotten v. Ferman Mgmt. Servs. Corp.* | 13th Jud. Cir. Fla., 02-08115 |
| *In re Pittsburgh Corning Corp. (Asbestos Related Bankruptcy)* | Bankr. W.D. Pa., 00-22876-JKF |
| *Mostajo v. Coast Nat'l Ins. Co.* | Cal. Super. Ct., 00 CC 15165 |
| *Friedman v. Microsoft Corp. (Antitrust Litigation)* | Ariz. Super. Ct., CV 2000-000722 |
| *Multinational Outreach - East Germany Property Claims* | Claims Conference |
| *Davis v. Am. Home Prods. Corp. (Norplant Contraceptive Litigation)* | D. La., 94-11684 |
| *Walker v. Tap Pharmaceutical Prods., Inc. (Lupron Price Litigation)* | N.J. Super. Ct., CV CPM-L-682-01 |
| *Munsey v. Cox Communications (Late Fee Litigation)* | D. La., Sec. 9, 97 19571 |
| *Gordon v. Microsoft Corp. (Antitrust Litigation)* | 4th Jud. D. Ct. Minn., 00-5994 |
| *Clark v. Tap Pharmaceutical Prods., Inc.* | 5th Dist. App. Ct. Ill., 5-02-0316 |
| *Fisher v. Virginia Electric & Power Co.* | E.D. Va., 3:02-CV-431 |

HILSOFT NOTIFICATIONS   PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

20

| | |
|---|---|
| *Mantzouris v. Scarritt Motor Group, Inc.* | M.D. Fla., 8:03-CV-0015-T-30-MSS |
| *Johnson v. Ethicon, Inc. (Product Liability Litigation)* | W. Va. Cir. Ct., 01-C-1530, 1531, 1533, 01-C-2491 to 2500 |
| *Schlink v. Edina Realty Title* | 4th Jud. D. Ct. Minn., 02-018380 |
| *Tawney v. Columbia Natural Res. (Oil & Gas Lease Litigation)* | W. Va. Cir. Ct., 03-C-10E |
| *White v. Washington Mutual, Inc. (Pre-Payment Penalty Litigation)* | 4th Jud. D. Ct. Minn., CT 03-1282 |
| *Acacia Media Techs. Corp. v. Cybernet Ventures Inc, (Patent Infringement Litigation)* | C.D. Cal., SACV03-1803 GLT (Anx) |
| *Bardessono v. Ford Motor Co. (15 Passenger Vans)* | Wash. Super. Ct., 32494 |
| *Gardner v. Stimson Lumber Co. (Forestex Siding Litigation)* | Wash. Super. Ct., 00-2-17633-3SEA |
| *Poor v. Sprint Corp. (Fiber Optic Cable Litigation)* | Ill. Cir. Ct., 99-L-421 |
| *Thibodeau v. Comcast Corp.* | E.D. Pa., 04-CV-1777 |
| *Cazenave v. Sheriff Charles C. Foti (Strip Search Litigation)* | E.D. La., 00-CV-1246 |
| *National Assoc. of Police Orgs., Inc. v. Second Chance Body Armor, Inc. (Bullet Proof Vest Litigation)* | Mich. Cir. Ct., 04-8018-NP |
| *Nichols v. SmithKline Beecham Corp. (Paxil)* | E.D. Pa., 00-6222 |
| *Yacout v. Federal Pacific Electric Co. (Circuit Breaker)* | N.J. Super. Ct., MID-L-2904-97 |
| *Lewis v. Bayer AG (Baycol)* | 1st Jud. Dist. Ct. Pa., 002353 |
| *In re Educ. Testing Serv. PLT 7-12 Test Scoring Litigation* | E.D. La., MDL No. 1643 |
| *Stefanyshyn v. Consol. Indus. Corp. (Heat Exchanger)* | Ind. Super. Ct., 79 D 01-9712-CT-59 |
| *Barnett v. Wal-Mart Stores, Inc.* | Wash. Super. Ct., 01-2-24553-8 SEA |
| *In re Serzone Prods. Liability Litigation* | S.D. W. Va., MDL No. 1477 |
| *Ford Explorer Cases* | Cal. Super. Ct., J.C.C.P. 4226 & 4270 |
| *In re Solutia Inc. (Bankruptcy)* | S.D. N.Y., 03-17949-PCB |
| *In re Lupron Marketing & Sales Practices Litigation* | D. Mass., MDL No. 1430 |
| *Morris v. Liberty Mutual Fire Ins. Co.* | D. Okla., CJ-03-714 |
| *Bowling, et al. v. Pfizer Inc. (Bjork-Shiley Convexo-Concave Heart Valve)* | S.D. Ohio, C-1-91-256 |
| *Thibodeaux v. Conoco Philips Co.* | D. La., 2003-481 |
| *Morrow v. Conoco Inc.* | D. La., 2002-3860 |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

21

| | |
|---|---|
| *Tobacco Farmer Transition Program* | U.S. Dept. of Agric. |
| *Perry v. Mastercard Int'l Inc.* | Ariz. Super. Ct., CV2003-007154 |
| *Brown v. Credit Suisse First Boston Corp.* | C.D. La., 02-13738 |
| *In re Unum Provident Corp.* | D. Tenn., 1:03-CV-1000 |
| *In re Ephedra Prods. Liability Litigation* | D. N.Y., MDL No. 1598 |
| *Chesnut v. Progressive Casualty Ins. Co.* | Ohio C.P., 460971 |
| *Froeber v. Liberty Mutual Fire Ins. Co.* | Ore. Cir. Ct., 00C15234 |
| *Luikart v. Wyeth Am. Home Prods. (Hormone Replacement)* | W. Va. Cir. Ct., 04-C-127 |
| *Salkin v. MasterCard Int'l Inc. (Pennsylvania)* | Pa. C.P., 2648 |
| *Rolnik v. AT&T Wireless Servs., Inc.* | N.J. Super. Ct., L-180-04 |
| *Singleton v. Hornell Brewing Co. Inc. (Arizona Ice Tea)* | Cal. Super. Ct., BC 288 754 |
| *Becherer v. Qwest Commc'ns Int'l, Inc.* | Ill. Cir. Ct., 02-L140 |
| *Clearview Imaging v. Progressive Consumers Ins. Co.* | Fla. Cir. Ct., 03-4174 |
| *Mehl v. Canadian Pacific Railway, Ltd* | D. N.D., A4-02-009 |
| *Murray v. IndyMac Bank. F.S.B* | N.D. Ill., 04 C 7669 |
| *Gray v. New Hampshire Indemnity Co., Inc.* | Ark. Cir. Ct., CV-2002-952-2-3 |
| *George v. Ford Motor Co.* | M.D. Tenn., 3:04-0783 |
| *Allen v. Monsanto Co.* | W. Va. Cir. Ct., 041465 |
| *Carter v. Monsanto Co.* | W. Va. Cir. Ct., 00-C-300 |
| *Carnegie v. Household Int'l, Inc.* | N. D. Ill., 98-C-2178 |
| *Daniel v. AON Corp.* | Ill. Cir. Ct., 99 CH 11893 |
| *In re Royal Ahold Securities and "ERISA" Litigation* | D. Md., MDL No. 1539 |
| *In re Pharmaceutical Industry Average Wholesale Price Litigation* | D. Mass., MDL No. 1456 |
| *Meckstroth v. Toyota Motor Sales, U.S.A., Inc.* | 24th Jud. D. Ct. La., 583-318 |
| *Walton v. Ford Motor Co.* | Cal. Super. Ct., SCVSS 126737 |
| *Hill v. State Farm Mutual Auto Ins. Co.* | Cal. Super. Ct., BC 194491 |
| *First State Orthopaedics et al. v. Concentra, Inc., et al.* | E.D. Pa. 2:05-CV-04951-AB |
| *Sauro v. Murphy Oil USA, Inc.* | E.D. La., 05-4427 |

HILSOFT NOTIFICATIONS   PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

22

| | |
|---|---|
| *In re High Sulfur Content Gasoline Prods. Liability Litigation* | E.D. La., MDL No. 1632 |
| *Homeless Shelter Compensation Program* | City of New York |
| *Rosenberg v. Academy Collection Service, Inc.* | E.D. Pa., 04-CV-5585 |
| *Chapman v. Butler & Hosch, P.A.* | 2nd Jud. Cir. Fla., 2000-2879 |
| *In re Vivendi Universal, S.A. Securities Litigation* | S.D. N.Y., 02-CIV-5571 RJH |
| *Desportes v. American General Assurance Co.* | Ga. Super. Ct., SU-04-CV-3637 |
| *In re: Propulsid Products Liability Litigation* | E.D. La., MDL No. 1355 |
| *Baxter v. The Attorney General of Canada (In re Residential Schools Class Action Litigation)* | Ont. Super. Ct., 00-CV-192059 CPA |
| *McNall v. Mastercard Int'l, Inc. (Currency Conversion Fees)* | 13th Tenn. Jud. Dist. Ct. |
| *Lee v. Allstate* | Ill. Cir. Ct., 03 LK 127 |
| *Turner v. Murphy Oil USA, Inc.* | E.D. La., 2:05-CV-04206-EEF-JCW |
| *Carter v. North Central Life Ins. Co.* | Ga. Super. Ct., SU-2006-CV-3764-6 |
| *Harper v. Equifax* | E.D. Pa., 2:04-CV-03584-TON |
| *Beasley v. Hartford Insurance Co. of the Midwest* | Ark. Cir. Ct., CV-2005-58-1 |
| *Springer v. Biomedical Tissue Services, LTD (Human Tissue Litigation)* | Ind. Cir. Ct., 1:06-CV-00332-SEB-VSS |
| *Spence v. Microsoft Corp. (Antitrust Litigation)* | Wis. Cir. Ct., 00-CV-003042 |
| *Pennington v. The Coca Cola Co. (Diet Coke)* | Mo. Cir. Ct., 04-CV-208580 |
| *Sunderman v. Regeneration Technologies, Inc. (Human Tissue Litigation)* | S.D. Ohio, 1:06-CV-075-MHW |
| *Splater v. Thermal Ease Hydronic Systems, Inc.* | Wash. Super. Ct., 03-2-33553-3-SEA |
| *Peyroux v. The United States of America (New Orleans Levee Breech)* | E.D. La., 06-2317 |
| *Chambers v. DaimlerChrysler Corp. (Neon Head Gaskets)* | N.C. Super. Ct., 01:CVS-1555 |
| *Ciabattari v. Toyota Motor Sales, U.S.A., Inc. (Sienna Run Flat Tires)* | N.D. Cal., C-05-04289-BZ |
| *In re Bridgestone Securities Litigation* | M.D. Tenn., 3:01-CV-0017 |
| *In re Mutual Funds Investment Litigation (Market Timing)* | D. Md., MDL No. 1586 |
| *Accounting Outsourcing v. Verizon Wireless* | M.D. La., 03-CV-161 |
| *Hensley v. Computer Sciences Corp.* | Ark. Cir. Ct., CV-2005-59-3 |



| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

23

| | |
|---|---|
| *Peek v. Microsoft Corporation* | Ark. Cir. Ct., CV-2006-2612 |
| *Reynolds v. The Hartford Financial Services Group, Inc.* | D. Ore., CV-01-1529 BR |
| *Schwab v. Philip Morris USA, Inc.* | E.D. N.Y., CV-04-1945 |
| *Zarebski v. Hartford Insurance Co. of the Midwest* | Ark. Cir. Ct., CV-2006-409-3 |
| *In re Parmalat Securities Litigation* | S.D. N.Y., MDL No. 1653 (LAK) |
| *Beasley v. The Reliable Life Insurance Co.* | Ark. Cir. Ct., CV-2005-58-1 |
| *Sweeten v. American Empire Insurance Company* | Ark. Cir. Ct., 2007-154-3 |
| *Govt. Employees Hospital Assoc. v. Serono Int., S.A.* | D. Mass., 06-CA-10613-PBS |
| *Gunderson v. Focus Healthcare Management, Inc.* | 14th Jud. D. Ct. La., 2004-2417-D |
| *Gunderson v. F.A. Richard & Associates, Inc., et al.* | 14th Jud. D. Ct. La., 2004-2417-D |
| *Perez v. Manor Care of Carrollwood* | 13th Jud. Cir. Fla., 06-00574-E |
| *Pope v. Manor Care of Carrollwood* | 13th Jud. Cir. Fla., 06-01451-B |
| *West v. Carfax, Inc.* | Ohio C.P., 04-CV-1898 (ADL) |
| *Hunsucker v. American Standard Ins. Co. of Wisconsin* | Ark. Cir. Ct., CV-2007-155-3 |
| *In re Conagra Peanut Butter Products Liability Litigation* | N.D. Ga., MDL No. 1845 (TWT) |
| *The People of the State of CA v. Universal Life Resources (Cal DOI v. CIGNA)* | Cal. Super. Ct., GIC838913 |
| *Burgess v. Farmers Insurance Co., Inc.* | D. Okla., CJ-2001-292 |
| *Grays Harbor v. Carrier Corporation* | W.D. Wash., 05-05437-RBL |
| *Perrine v. E.I. Du Pont De Nemours & Co.* | W. Va. Cir. Ct., 04-C-296-2 |
| *In re Alstom SA Securities Litigation* | S.D. N.Y., 03-CV-6595 VM |
| *Brookshire Bros. v. Chiquita (Antitrust)* | S.D. Fla., 05-CIV-21962 |
| *Hoorman v. SmithKline Beecham* | Ill. Cir. Ct., 04-L-715 |
| *Santos v. Government of Guam (Earned Income Tax Credit)* | D. Guam, 04-00049 |
| *Johnson v. Progressive* | Ark. Cir. Ct., CV-2003-513 |
| *Bond v. American Family Insurance Co.* | D. Ariz., CV06-01249-PXH-DGC |
| *In re SCOR Holding (Switzerland) AG Litigation (Securities)* | S.D. N.Y., 04-cv-7897 |
| *Shoukry v. Fisher-Price, Inc. (Toy Safety)* | S.D. N.Y., 07-cv-7182 |



HILSOFT NOTIFICATIONS     PORTLAND AREA OFFICE     10300 SW ALLEN BLVD     BEAVERTON, OR 97005     T 503-597-7697
                          PHILADELPHIA AREA OFFICE  1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910   T 215-721-2120

24

| | |
|---|---|
| *In re: Guidant Corp. Plantable Defibrillators Prod's Liab. Litigation* | D. Minn., MDL No. 1708 |
| *Clark v. Pfizer, Inc (Neurontin)* | C.P. Pa., 9709-3162 |
| *Angel v. U.S. Tire Recovery (Tire Fire)* | W. Va. Cir. Ct., 06-C-855 |
| *In re TJX Companies Retail Security Breach Litigation* | D. Mass., MDL No. 1838 |
| *Webb v. Liberty Mutual Insurance Co.* | Ark. Cir. Ct., CV-2007-418-3 |
| *Shaffer v. Continental Casualty Co. (Long Term Care Ins.)* | C.D. Cal., SACV06-2235-PSG |
| *Palace v. DaimlerChrysler (Defective Neon Head Gaskets)* | Ill. Cir. Ct., 01-CH-13168 |
| *Lockwood v. Certegy Check Services, Inc. (Stolen Financial Data)* | M.D. Fla., 8:07-cv-1434-T-23TGW |
| *Sherrill v. Progressive Northwestern Ins. Co.* | 18th D. Ct. Mont., DV-03-220 |
| *Gunderson v. F.A. Richard & Assocs., Inc. (AIG)* | 14th Jud. D. Ct. La., 2004-2417-D |
| *Jones v. Dominion Resources Services, Inc.* | S.D. W. Va., 2:06-cv-00671 |
| *Gunderson v. F.A. Richard & Assocs., Inc. (Wal-Mart)* | 14th Jud. D. Ct. La., 2004-2417-D |
| *In re Trans Union Corp. Privacy Litigation* | N.D. Ill., MDL No. 350 |
| *Gudo v. The Administrator of the Tulane Ed. Fund* | La. D. Ct., 2007-C-1959 |
| *Guidry v. American Public Life Insurance Co.* | 14th Jud. D. Ct. La., 2008-3465 |
| *McGee v. Continental Tire North America* | D. N.J., 2:06-CV-06234 (GEB) |
| *Sims v. Rosedale Cemetery Co.* | W. Va. Cir. Ct., 03-C-506 |
| *Gunderson v. F.A. Richard & Assocs., Inc. (Amerisafe)* | 14th Jud. D. Ct. La., 2004-002417 |
| *In Re Katrina Canal Breaches Consolidated Litigation* | E.D. La., 05-4182 |
| *In re Department of Veterans Affairs (VA) Data Theft Litigation* | D. D.C., MDL No. 1796 |
| *Dolen v. ABN AMRO Bank N.V. (Callable CD's)* | Ill. Cir. Ct., 01-L-454 and 01-L-493 |
| *Pavlov v. CNA (Long Term Care Insurance)* | N.D. Ohio, 5:07cv2580 |
| *Steele v. Pergo( Flooring Products)* | D. Ore., 07-CV-01493-BR |
| *Opelousas Trust Authority v. Summit Consulting* | 27th Jud. D. Ct. La., 07-C-3737-B |
| *Little v. Kia Motors America, Inc. (Braking Systems)* | N.J. Super. Ct., UNN-L-0800-01 |
| *Boone v. City of Philadelphia (Prisoner Strip Search)* | E.D. Pa., 05-CV-1851 |
| *In Re Countrywide Customer Data Breach Litigation* | W.D. Ky., MDL No.1998 |

⊦ HILSOFT
⊦ NOTIFICATIONS

PORTLAND AREA OFFICE      10300 SW ALLEN BLVD        BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE  1420 LOCUST ST 30 F        PHILADELPHIA, PA 1910  T 215-721-2120

25

| | |
|---|---|
| *Miller v. Basic Research (Weight-loss Supplement)* | D. Utah, 2:07-cv-00871-TS |
| *Gunderson v. F.A. Richard & Assocs., Inc. (Cambridge)* | 14th Jud. D. Ct. La., 2004-002417 |
| *Weiner v. Snapple Beverage Corporation* | S.D. N.Y., No. 07-CV-08742 |
| *Holk v. Snapple Beverage Corporation* | D. N.J., No 3:07-CV-03018-MJC-JJH |
| *Coyle v. Hornell Brewing Co. (Arizona Iced Tea)* | D. N.J., No. 08-CV-2797-JBS-JS |
| *In Re: Heartland Data Security Breach Litigation* | S.D. Tex., MDL No. 2046 |
| *Satterfield v. Simon & Schuster, Inc. (Text Messaging)* | N.D. Cal., No. 06-CV-2893 CW |
| *Schulte v. Fifth Third Bank (Overdraft Fees)* | N.D. Ill., No. 1:09-CV-06655 |
| *Trombley v. National City Bank (Overdraft Fees)* | D. D.C., No. 1:10-CV-00232 |
| *Vereen v. Lowe's Home Centers (Defective Drywall)* | Ga. Super. Ct., SU10-CV-2267B |
| *Mathena v. Webster Bank, N.A. (Overdraft Fees)* | D. Conn, No. 3:10-cv-01448 |
| *Delandro v. County of Allegheny (Prisoner Strip Search)* | W.D. Pa., No. 2:06-cv-00927 |
| *Gunderson v. F.A. Richard & Assocs., Inc. (First Health)* | 14th Jud. D. Ct. La., 2004-002417 |
| *Williams v. Hammerman & Gainer, Inc. (Hammerman)* | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc. (Risk Management)* | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc. (SIF Consultants)* | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Gwiazdowski v. County of Chester (Prisoner Strip Search)* | E.D. Pa., No. 2:08cv4463 |
| *Williams v. S.I.F. Consultants (CorVel Corporation)* | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| *Sachar v. Iberiabank Corporation (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *LaCour v. Whitney Bank (Overdraft Fees)* | M.D. Fla., No. 8:11cv1896 |
| *Lawson v. BancorpSouth (Overdraft Fees)* | W.D. Ark., No. 1:12cv1016 |
| *McKinley v. Great Western Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Wolfgeher v. Commerce Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Harris v. Associated Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Case v. Bank of Oklahoma (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Nelson v. Rabobank, N.A. (Overdraft Fees)* | Cal. Super. Ct., No. RIC 1101391 |
| *Fontaine v. Attorney General of Canada (Stirland Lake and Cristal Lake residential schools)* | Ont. Super. Ct., 00-CV-192059 CP |
| *Opelousas General Hospital Authority v. FairPay Solutions* | 27th Jud. D. Ct. La., 12-C-1599-C |

⊢HILSOFT
 NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7697
T 215-721-2120

26

| | |
|---|---|
| *Marolda v. Symantec Corporation (Software Upgrades)* | N.D. Cal., No. 3:08-cv-05701 |
| *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Economic and Property Damages Settlement* | E.D. La., MDL No. 2179 |
| *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Medical Benefits Settlement* | E.D. La., MDL No. 2179 |
| *Vodanovich v. Boh Brothers Construction (Hurricane Katrina Levee Breaches)* | E.D. La., 05-cv-4191 |
| *Gessele et al. v. Jack in the Box, Inc.* | D.Or., No. 3:10-cv-960 |
| *Duval v. Citizens Financial Group, Inc. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Mosser v. TD Bank, N.A. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* | E.D. N.Y., MDL No. 1720 |
| *Saltzman v. Pella Corporation (Building Products)* | N.D. Ill., No. 06-cv-4481 |
| *In Re: Zurn Pex Plumbing, Products Liability Litigation* | D. Minn., MDL No. 1958 |
| *Blahut v. Harris, N.A. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Eno v. M & I Marshall & Ilsley Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Casayuran v. PNC Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Anderson v. Compass Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Evans, et al. v. TIN, Inc. (Environmental)* | E.D. La., No. 2:11-cv-02067 |
| *Opelousas General Hospital Authority v. Qmedtrix Systems, Inc.* | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| *Williams v. SIF Consultants of Louisiana, Inc. et al.* | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| *Miner v. Philip Morris Companies, Inc. et al.* | Ark. Cir. Ct., No. 60CV03-4661 |
| *Fontaine v. Attorney General of Canada (Mistassini Hostels Residential Schools)* | Qué. Super. Ct., No. 500-06-000293-056 & No. 550-06-000021-056 (Hull) |
| *Glube et al. v. Pella Corporation et al. (Building Products)* | Ont. Super. Ct., No. CV-11-4322294-00CP |
| *Yarger v. ING Bank* | D. Del., No. 11-154-LPS |
| *Price v. BP Products North America* | N.D. Ill, No. 12-cv-06799 |
| *National Trucking Financial Reclamation Services, LLC et al. v. Pilot Corporation et al.* | E.D. Ark., No. 4:13-cv-00250-JMM |
| *Johnson v. Community Bank, N.A. et al. (Overdraft Fees)* | M.D. Pa., No. 3:12-cv-01405-RDM |
| *Rose v. Bank of America Corporation, et al. (TCPA)* | N.D. Cal., No. 11-cv-02390-EJD |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

27

| *McGann, et al., v. Schnuck Markets, Inc. (Data Breach)* | Mo. Cir. Ct., No. 1322-CC00800 |
| *Simmons v. Comerica Bank, N.A. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *George Raymond Williams, M.D., Orthopedic Surgery, a Professional Medical, LLC, et al. v. Bestcomp, Inc., et al.* | 27th Jud. D. Ct. La., No. 09-C-5242-B |
| *Simpson v. Citizens Bank* (Overdraft Fees) | E.D. Mich, No. 2:12-cv-10267 |
| *In re: Plasma-Derivative Protein Therapies Antitrust Litigation* | N.D. Ill, No. 09-CV-7666 |
| *In re: Dow Corning Corporation (Breast Implants)* | E.D. Mich., No. 00-X-0005 |
| *Mello et al v. Susquehanna Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |

Hilsoft-cv-129

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

28

Attachment 2

U.S. Bank Overdraft Settlement
PO Box 3967
Portland, OR 97208-3967

PRESORTED
AUTO
U.S. POSTAGE
PAID
PORTLAND, OR
PERMIT NO. 2882

# **Legal Notice about a Class Action Settlement.**



814200462350

JACKSON  MI  49201-8818

24992
58
68

# If You Paid Overdraft Fees to Citizens Bank, You May Be Eligible for a Payment from a Class Action Settlement.

A $2 million Settlement has been reached in a class action lawsuit claiming that Citizens Bank improperly posted Debit Card Transactions to customer Accounts between January 20, 2006 and January 20, 2012. Citizens Bank maintains there is nothing wrong with the posting process used. FirstMerit Bank, N.A., is the successor by merger as of April 13, 2013 to Citizens Bank.

**Who's Included?** Citizens Bank's records show you are a member of the Settlement Class. The Settlement Class includes anyone who had one or more consumer checking accounts accessible with a Debit Card and, at any time between January 20, 2006, and January 20, 2012, incurred an Overdraft Fee as a result of Citizens Bank's practice of posting Debit Card Transactions from highest to lowest dollar amount.

**What are the Settlement Terms?** Citizens Bank has established a $2 million Settlement Fund to pay Settlement Class Members. Payment amounts will be based on the number of Settlement Class Members who do not opt-out of the Settlement and the amount of Additional Overdraft Fees each Settlement Class Member paid as a result of Citizens

Bank's posting order. Once the court approves the Settlement and it becomes final and effective, you will receive an automatic payment or Account credit for any eligible Overdraft Fees during the period covered by the Settlement. If your Account was closed with a negative balance greater than the benefit you would receive from the Settlement, you will not receive a payment.

**Your Rights May Be Affected.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **December 16, 2013**. If you do not exclude yourself, you release your Overdraft Fee related claims against Citizens Bank and will not be able to sue Citizens Bank for any claim relating to the lawsuit. If you stay in the Settlement Class, you may object to it by **December 16, 2013**. The Court will hold a hearing on **January 15, 2014**, to consider whether to approve the Settlement and a request for attorneys' fees up to 33% of the Settlement Fund plus costs and expenses. You may appear at the hearing, but you are not required to attend. You may hire an attorney, at your own expense, to appear or speak for you at the hearing. For detailed information on how to exclude yourself from or object to the Settlement, call or visit the website.

**www.CitizensBankOverdraftSettlement.com • 1-877-271-1388**

Attachment 3

United States District Court for the Eastern District of Michigan

# If You Paid Overdraft Fees to Citizens Bank, You May Be Eligible for a Payment from a Class Action Settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A $2 million Settlement[1] has been reached in a class action about the order in which Citizens Bank posted Debit Card Transactions to customer Accounts between January 20, 2006 and January 20, 2012.[2] Citizens Bank maintains that there is nothing wrong with the posting process and that it has not violated any laws.

- Current and former holders of Citizens Bank consumer checking Accounts may be eligible for a payment or Account credit from the Settlement Fund.

- Your legal rights are affected whether or not you act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Get a Payment or Account Credit Automatically** | If the Court approves the Settlement and it becomes final and effective, and you are entitled under the Settlement to a payment or Account credit for Overdraft Fees charged to your Account between January 20, 2006 and January 20, 2012, you do not have to do anything to receive a payment or Account credit. |
| **Exclude Yourself from the Settlement** | Get no benefit from the Settlement. This is the only option that allows you to retain your right to bring your own lawsuit against Citizens Bank about the claims in this case. |
| **Object** | Write to the Court if you do not like the Settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | You will still receive any payments or Account credits to which you are entitled and will give up your right to bring your own lawsuit against Citizens Bank about the claims in this case. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments and Account credits will be provided if the Court approves the Settlement and after any appeals are resolved. Please be patient.

---

[1] All capitalized terms herein have the same meanings as those in the Settlement Agreement.

[2] FirstMerit Bank, N.A., is the successor by merger as of April 13, 2013 to Citizens Bank.

**Questions?  Call 1-877-271-1388 or visit www.CitizensBankOverdraftSettlement.com**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** .................................................................................. **PAGE 3**
    1. Why is there a notice?
    2. What is this lawsuit about?
    3. What is an overdraft fee?
    4. Why is this a class action?
    5. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ................................................................ **PAGE 4**
    6. Who is included in the Settlement?

**THE SETTLEMENT'S BENEFITS** ............................................................. **PAGE 4**
    7. What does the Settlement provide?
    8. How and when will I receive a payment or Account credit?
    9. What am I giving up to remain a member of the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .................................. **PAGE 5**
    10. How do I get out of the Settlement?
    11. If I don't exclude myself, can I sue Citizens Bank for the same thing later?
    12. If I exclude myself from the Settlement, can I still get a payment?

**THE LAWYERS REPRESENTING YOU** ...................................................... **PAGE 6**
    13. Do I have a lawyer in this case?
    14. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ......................................................... **PAGE 6**
    15. How do I tell the Court that I do not like the Settlement?
    16. What's the difference between objecting and excluding?

**THE COURT'S FINAL APPROVAL HEARING** ............................................ **PAGE 8**
    17. When and where will the Court decide whether to approve the Settlement?
    18. Do I have to come to the hearing?
    19. May I speak at the hearing?

**IF YOU DO NOTHING** ............................................................................ **PAGE 9**
    20. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................. **PAGE 9**
    21. How do I get more information?

# BASIC INFORMATION

## 1. Why is there a Notice?

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give Final Approval to the Settlement.  This Notice explains the lawsuit, the Settlement and your legal rights.

Judge Denise Page Hood of the U.S. District Court for the Eastern District of Michigan, is overseeing this case. The case is known as *Simpson v. Citizens Bank*; Case No. 2:12-cv-10267 and *Liddell v. Citizens Bank*; Case No. 2:12-cv-11604.  The people who sued are called the "Plaintiffs."  The defendant is Citizens Bank, along with its parent company, Citizens Republic Bancorp, Inc., and in this notice are collectively called "Citizens Bank".  After this settlement was reached, FirstMerit Bank, N.A., became the successor by merger as of April 13, 2013 to Citizens Bank.

## 2. What is this lawsuit about?

The lawsuit claims that Citizens Bank posted Debit Card Transactions during overnight processing in the order of highest-to-lowest dollar amount, which Plaintiffs allege results in an increased number of Overdraft Fees assessed to customers.  The complaint in this action is posted on the website noted below, and contains all of the allegations and claims asserted against Citizens Bank.  Citizens Bank maintains that there was nothing wrong about the posting process and that it has not violated any laws.

## 3. What is an overdraft fee?

An Overdraft Fee means any fee assessed to an Account for items paid when the Account has insufficient funds to cover the item.  Fees charged to transfer balances from other accounts are excluded.

## 4. Why is this a class action?

In a class action, one or more people, called class representatives (in this case, two Citizens Bank customers who were assessed Overdraft Fees), sued on behalf of people who have similar claims.

All of the people who have claims similar to the class representative are members of the Settlement Class, except for those who exclude themselves from the Settlement Class.

## 5. Why is there a Settlement?

The Court has not decided in favor of either the Plaintiffs or Citizens Bank. Instead, both sides agreed to the Settlement.  By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and identifiable Settlement Class Members who do not opt-out of the Settlement will receive the benefits described in this Notice.  The class representatives and their attorneys think the Settlement is best for everyone who is affected.

# WHO IS IN THE SETTLEMENT?

If you received notice of the Settlement from a postcard addressed to you, then you are in the Settlement Class.  But even if you did not receive a postcard Settlement notice, you may still be in the Settlement Class, as described below.

## 6.  Who is included in the Settlement?

You are a member of the Settlement Class if you:

- Have or had a Citizens Bank consumer checking, demand deposit or savings Account that you could access with a Debit Card; and
- At any time between January 20, 2006, through and including January 20, 2012, you incurred an Overdraft Fee as a result of Citizens Bank's practice of posting Debit Card Transactions from highest to lowest dollar amount.

You are not eligible for a payment under the Settlement if your Account was closed with a negative balance and the amount of the benefits that would otherwise be provided for in the Settlement would be insufficient to make the balance in that account positive.  If your Account was closed with a negative balance, you will however be entitled to credit for a maximum of what the negative balance was at the time the Account was closed.

If you are not sure whether you are in the Settlement Class, or if you have any questions about the Settlement, visit the Settlement website at www.CitizensBankOverdraftSettlement.com or call the toll free number, 1-877-271-1388.  You may also send questions to the Settlement Administrator at PO Box 3967, Portland, OR 97208-3967.

# THE SETTLEMENT'S BENEFITS

## 7.  What does the Settlement provide?

Citizens Bank has agreed to establish a Settlement Fund of $2 million from which identifiable Settlement Class Members who do not opt-out of the Settlement may receive payments or Account credits, as well as to pay attorneys' fees, costs, and expenses.  The amount of such payments or Account credits to Settlement Class Members cannot be determined at this time.  However, it will be based on the number of Settlement Class Members who do not opt-out of the Settlement and the amount of Additional Overdraft Fees each Settlement Class Member was assessed as a result of Citizens Bank's posting order.  Additionally, Citizens Bank will separately pay for fees and costs for Notice and settlement administration up to a maximum of $200,000.  In the event the fees and costs exceed that amount, they will be payable from the Settlement Fund.

If there are any funds remaining in the Settlement Fund within one year and 30 days after the first payment is mailed to Settlement Class Members, such residual funds will be given to Citizens Bank in the amount of up to $200,000 to reimburse for costs of notice and settlement administration.  Any remaining funds will be distributed through a residual Cy Pres Program to benefit consumer financial literacy education and/or to educate consumers with financial issues.  All costs associated with the Cy Pres Program will be paid for from the Settlement Fund.

Questions?  Call 1-877-271-1388 or visit www.CitizensBankOverdraftSettlement.com

4

**8.  How and when will I receive a payment or Account credit?**

Identifiable Settlement Class Members who are entitled to payments will receive their payments, either by check or Account credit, only after the Court grants Final Approval to the Settlement and after any appeals are resolved.  If there are appeals, resolving them can take time.  Please be patient. Settlement Class Members receiving payments do not need to do anything to receive their payment or Account Credit.

**9.  What am I giving up to remain a member of the Settlement Class?**

Unless you exclude yourself from the Settlement, you will not be able to sue, continue to sue or be part of any other lawsuit against Citizens Bank about the legal issues in this case.  It also means that all of the decisions by the Court will bind you.  The "Release of Claims" included in the Settlement Agreement describes the precise legal claims that you give up if you remain in the Settlement.  The Settlement Agreement is available at www.CitizensBankOverdraftSettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you have a right to recover Overdraft Fees but do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue Citizens Bank on your own about the legal issues in this case, then you must take steps to get out of the Settlement.  This is called excluding yourself – or it is sometimes referred to as "opting out" of the Settlement Class.

Any member of the Settlement Class who does not timely and validly request to opt-out will be bound by the terms of the Settlement Agreement.

**10.  How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter that includes the following:

- Your name, address and telephone number;
- A statement that you want to be excluded from the Citizens Bank Settlement in *Simpson v. Citizens Bank*; Case No. 2:12-cv-10267 and *Liddell v. Citizens Bank*; Case No. 2:12-cv-11604; and
- Your signature.

You must mail your exclusion request, postmarked no later than **December 16, 2013**, to:

Checking Account Overdraft Litigation Exclusions
PO Box 3967
Portland, OR 97208-3967

**11.  If I do not exclude myself, can I sue Citizens Bank for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue Citizens Bank for the claims that the Settlement resolves.  You must exclude yourself from this Settlement Class in order to try to pursue your own lawsuit.

**Questions?  Call 1-877-271-1388 or visit www.CitizensBankOverdraftSettlement.com**

5

**12.  If I exclude myself from the Settlement, can I still get a payment?**

No. You will not get a payment or Account credit if you exclude yourself from the Settlement.

## THE LAWYERS REPRESENTING YOU

**13.  Do I have a lawyer in this case?**

The Court has appointed lawyers to represent you and others in the Settlement Class as "Settlement Class Counsel," including:

| | | |
|---|---|---|
| Jeffrey M. Ostrow<br>Kopelowitz Ostrow P.A.<br>200 SW 1st Avenue<br>Suite 1200<br>Fort Lauderdale, FL 33301 | Hassan Zavareei<br>Tycko & Zavareei LLP<br>2000 L Street, N.W.<br>Suite 808<br>Washington, D.C. 20036 | E. Powell Miller<br>The Miller Law Firm, P.C.<br>950 West University Drive<br>Suite 300<br>Rochester, MI 48307 |

Class Counsel will represent you and others in the Settlement Class.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.  How will the lawyers be paid?**

Class Counsel intends to request up to 33% of the Settlement Fund for attorneys' fees, plus reimbursement of their costs and expenses incurred in connection with prosecuting this case. The fees and expenses awarded by the Court will be paid out of the Settlement Fund.  The Court will determine the amount of fees and expenses to award.  Class Counsel will also request that up to $5,000 Service Award for the Plaintiffs be paid from the Settlement Fund for their service to the entire Settlement Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**15.  How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's requests for fees, costs and expenses and/or Class Counsel's request for a Service Award for the Plaintiffs.  To object, you must submit a letter that includes the following:

- The name of this case, which is *Simpson v. Citizens Bank*; Case No. 2:12-cv-10267 and *Liddell v. Citizens Bank*; Case No.: 2:12-cv-11604;
- Your full name, address and telephone number;
- An explanation of the basis upon which you claim to be a member of the Settlement Class;
- All grounds for the objection, accompanied by any legal support for the objection known to you or your counsel;

Questions?  Call 1-877-271-1388 or visit www.CitizensBankOverdraftSettlement.com

6

- The identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;
- The number of times in which you have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which you have made such objection and a copy of any orders or opinions related to or ruling upon the prior objections that were issued by the trial and appellate courts in each listed case;
- Any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between you or your counsel and any other person or entity;
- The identity of all counsel representing you who will appear at the hearing that the Court has scheduled to determine whether to grant Final Approval to the Settlement and Class Counsel's request for attorneys' fees and Service Award to Plaintiffs (the "Final Approval Hearing");
- The number of times in which your counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which the counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each listed case;
- A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;
- A statement confirming whether you intend to personally appear and/or testify at the Final Approval Hearing; and
- Your signature (an attorney's signature is not sufficient).

You must submit your objection to the following addresses and ensure that is postmarked no later than **December 16, 2013**:

| Clerk of the Court U.S. District Court for the Eastern District of Michigan James Denise Hood Theodore Levin U.S. Courthouse 231 W. Lafayette Blvd., Rm 251 Detroit, MI 48226 | Checking Account Overdraft Litigation PO Box 3967 Portland, OR 97208-3967 | Jeffrey M. Ostrow Kopelowitz Ostrow P.A. 200 SW 1st Avenue Suite. 1200 Fort Lauderdale, FL 33301 | Hassan Zavareei Tycko & Zavareei LLP 2000 L Street, N.W. Suite 808 Washington, D.C. 20036 | E. Powell Miller The Miller Law Firm, P.C. 950 West University Drive, Suite 300 Rochester, MI 48307 |
|---|---|---|---|---|

## 16.  What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself from the Settlement.  Excluding yourself from the Settlement is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold the Final Approval Hearing to decide whether to approve the Settlement and the request for attorneys' fees and Service Award for the Plaintiffs.  You may attend and you may ask to speak, but you do not have to do so.

| **17.   When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold a Final Approval Hearing at **2:00 p.m. on January 15, 2014**, at the United States District Court for Eastern District of Michigan, located at Theodore Levin U.S. Courthouse, 231 Lafayette Blvd., Room 251, Detroit, Michigan 48226.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement website www.CitizensBankOverdraftSettlement.com for updates.  At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate.  The Court will also consider any request by Class Counsel for attorneys' fees and expenses and for Service Awards for the Plaintiffs.  If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

| **18.   Do I have to come to the hearing?** |
| --- |

No. Class Counsel will answer any questions the Court may have.  But, you may come at your own expense.  If you send an objection, you don't have to come to Court to talk about it. As long as you submitted your written objection on time, to the proper address and it complies with the requirements set forth above, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

| **19.   May I speak at the hearing?** |
| --- |

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must send a letter saying that you intend to appear and wish to be heard.  Your Notice of Intention to Appear must include the following:

- Your name, address and telephone number;
- A statement that this is your "Notice of Intention to Appear" at the Final Approval Hearing for the Citizens Bank Settlement in *Simpson v. Citizens Bank*; Case No. 2:12-cv-10267 and *Liddell v. Citizens Bank*; Case No.: 2:12-cv-11604;
- The reasons you want to be heard;
- Copies of any papers, exhibits, or other evidence or information that is to be presented to the Court at the Final Approval Hearing; and,
- Your signature.

You must submit your Notice of Intention to Appear, so that it is received no later than **December 16, 2013**, to all of the addresses in Question 15.

# IF YOU DO NOTHING

| 20.  What happens if I do nothing at all? |
| --- |

If you do nothing, you will still receive the benefits to which you are entitled.  Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Citizens Bank relating to the issues in this case.

# GETTING MORE INFORMATION

| 21.  How do I get more information? |
| --- |

The notice summarizes the proposed Settlement. More details can be found in the Settlement Agreement, which is available at www.CitizensBankOverdraftSettlement.com.  You may also write with questions to Checking Account Overdraft Litigation, PO Box 3967, Portland, OR 97208-3967, or call the toll-free number, 1-877-271-1388.  Do not contact Citizens Bank or the Court for information.

**Questions?  Call 1-877-271-1388 or visit www.CitizensBankOverdraftSettlement.com**

9

# Attachment 4

# If You Paid Overdraft Fees to Citizens Bank, You May Be Eligible for a Payment from a Class Action Settlement.

A $2 million Settlement has been reached in a class action lawsuit about the order in which Citizens Bank posted Debit Card Transactions to customer Accounts between January 20, 2006 and January 20, 2012. Current and former customers of Citizens Bank may be included. FirstMerit Bank, N.A., is the successor by merger as of April 13, 2013 to Citizens Bank.

## What's this about?

The lawsuit claims that Citizens Bank posted Debit Card Transactions during overnight processing in the order of highest-to-lowest dollar amount, which Plaintiffs allege resulted in an increased number of Overdraft Fees assessed to customers. Citizens Bank maintains there is nothing wrong with the posting process used.

## Who's included?

You are included in the Settlement Class if you:

• Have or had one or more Citizens Bank consumer checking, demand deposit or savings Account that you could access with a Debit Card and,

• At any time between January 20, 2006, through and including January 20, 2012, you incurred an Overdraft Fee as a result of Citizens Bank's practice of posting Debit Card Transactions from highest to lowest dollar amount.

You are not eligible for a payment under the Settlement if your Account was closed with a negative balance and the amount of the benefits that would otherwise be provided for in the Settlement would be insufficient to make the balance in that Account positive.

## What are the Settlement terms?

Citizens Bank has agreed to establish a Settlement Fund of $2 million from which identifiable Settlement Class Members will receive payments or Account credits. The amount of such individual payments or Account credits cannot be determined at this time. However, it will be based on the number of identifiable Settlement Class Members who do not opt-out of the Settlement and the amount of Additional Overdraft Fees each Settlement Class Member paid as a result of Citizens Bank's posting order. Additionally, Citizens Bank will separately pay for notice and settlement administration related costs up to $200,000; such amounts will not come out of the Settlement Fund.

## How to get a payment.

If you are included in the Settlement Class and entitled to a payment or Account credit, once the court approves the Settlement and it becomes final and effective, you will receive a payment or Account credit for any eligible Overdraft Fees you paid during the period covered by the Settlement.

## Your rights may be affected.

If you have a right to recover Overdraft Fees but you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class. Your request to exclude must be postmarked no later than **December 16, 2013**. If you do not exclude yourself, you will release your Overdraft Fee related claims against Citizens Bank and will not be able to sue Citizens Bank for any claim relating to the lawsuit and you will be bound by the terms of the Settlement Agreement. If you stay in the Settlement Class, you may file an objection to the Settlement and/or fee request by **December 16, 2013**. The Court will hold a hearing on **January 15, 2014** to consider whether to approve the Settlement and a request for attorneys' fees of up to 33% of the Settlement Fund plus costs and expenses. You may appear at the hearing, but you are not required to attend. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing. For detailed information on how to exclude yourself from or object to the Settlement, call or visit the website.

## www.CitizensBankOverdraftSettlement.com
## 1-877-271-1388

# Attachment 5

**WORLD**

# Worldwatch

## NIGER
### Migrants' bodies found in desert
The decomposing bodies of 87 migrants from the impoverished West African nation of Niger were discovered in the Sahara this week just a few miles from a well, apparently stranded after a desperate search for water, said the head of a local humanitarian organization who helped bury many of the bodies. Two trucks carrying the migrants — men, women and children — broke down in the northern desert while trying to reach neighboring Algeria, said Almoustapha Alhacen, speaking by telephone from Arlit, where they started their journey Sept. 26. The victims are thought to have been Nigeriens fleeing one of the world's poorest countries in search of opportunity in prosperous Algeria, flush with oil revenue, across the border.

## BRITAIN
### Editors' affair revealed in court
Two former editors of Britain's News Corps being tried on phone hacking charges had an affair that lasted at least six years, the prosecution revealed Thursday. The affair between Andy Coulson and Rebekah Brooks, former editors of the defunct News of the World Sunday tabloid at the heart of the phone hacking scandal, began around 1998, the court was told. Prosecution lawyer Andrew Edis said he was not revealing such details to make a moral judgment but because Brooks and Coulson are accused of conspiracy to hack phones, bribing public officials and concealing evidence during the time of the affair. The two deny all the charges against them.

## KENYA
### Military strikes training camp
Kenya's armed forces said they bombed a training camp of more than 300 recruits of the al-Qaida-linked al-Shabaab Islamist group in the Dinsoor region of Somalia. The camp at Hurguun was used by al-Shabaab to train operatives, including those who carried out an attack on the Westgate Mall in Nairobi, the Kenyan capital, on Sept. 21, killing at least 67 civilian and security personnel, the Kenya Defence Forces said in an emailed statement Thursday.

## BELGIUM
### Euthanasia for children discussed
Belgium, where euthanasia is now legal for people over the age of 18, is considering extending it to children. The same bill would offer the right to die to adults with early dementia. Advocates argue that euthanasia for children, with the consent of their parents, is a necessary option in a desperately painful situation. But opponents question whether children can reasonably decide to end their own lives. Belgium legalized the practice of euthanasia for adults in 2002.

## Military deaths

**2,151**
U.S. military personnel killed in Afghanistan since late 2001.

**1,782**
Military personnel killed by hostile action.

**131**
Members of the U.S. military killed outside of Afghanistan in support of Operation Enduring Freedom.

No new deaths or identifications were released Wednesday.

SOURCE: Department of Defense

---

## Fugitive NSA leaker

# Snowden lands job overseeing Russian website's data guards

## Lawyer for ex-contractor says he's settling in, learning language

CAROL J. WILLIAMS
*Los Angeles Times*


Snowden

In what might be regarded as having the fox guard the henhouse, a leading Russian website has hired fugitive secrets-leaker Edward Snowden to oversee its data protection.

Snowden's lawyer, Anatoly Kucherena, told Russian news service RIA Novosti that the former U.S. National Security Agency contractor starts his new job today.

Kucherena declined to identify the social media site where Snowden will be working, citing "security reasons." Snowden's Russian guardians have often expressed fears that U.S. intelligence operatives might snatch Snowden from his Russian refuge, if they can find him, and

spirit him back to the United States to face espionage charges.

Snowden, 30, has stirred global outrage with his disclosures of massive NSA surveillance of phone calls, emails, text messages and other personal communications. In the nearly six months since he left his high-tech job with the NSA, he has released details of secret U.S. counter-terrorism operations that swept up millions of domestic and foreign communications for "data mining."

In recent days alone, U.S. ambassadors have been summoned

to hear protests from foreign governments, and President Barack Obama has had to call offended allies including German Chancellor Angela Merkel to calm the diplomatic storms churned up by the intrusions.

Although Kucherena wouldn't identify Snowden's new employer, the RIA Novosti-related Digit.ru reported that "the only major net resource not to deny hiring" Snowden is VKontakte. ru, a Russian social media site akin to Facebook.

VKontakte founder Pavel Durov had publicly offered Snowden a job at the website in August, shortly after the fugitive's appeal for temporary asylum in Russia was granted.

A spokesman for VKontakte, Georgy Lobushkin, declined to comment on the reports and

speculation that Snowden was going to work for the website. Other major Russian Internet companies, including Yandex and Mail.ru, denied hiring Snowden, the English-language daily Moscow Times reported.

Snowden has mostly kept a low profile since being allowed to settle in Russia. A Life News broadcast on Thursday showed a person purported to be Snowden on a Moscow River sightseeing cruise, with the Christ the Savior cathedral in the background.

In the same broadcast, Kutcherena told Life News that his client was busy studying Russian and getting to know the country and its culture, and that he had no plans to try to move on to another foreign refuge.

---

## Syria

# Chemical weapon plants now 'inoperable'

## Nov. 15 is next deadline: Details for destroying existing weapon stocks must get OK

PATRICK J. McDONNELL
*Los Angeles Times*

BEIRUT — Syria's chemical weapons production facilities have been rendered "inoperable" ahead of a Nov. 1 deadline for their destruction, the international body overseeing the process said Thursday.

In a statement from its offices in The Hague, the Organization for the Prohibition of Chemical Weapons, or OPCW, said Syria had concluded the "functional destruction of critical equipment for all of its declared chemical weapons production facilities and mixing/fill-

ing plants." That means that Syria no longer has the technical ability to create new chemical arms.

The finding confirms that Syria has met a major milestone in the elaborate disarmament process only one month after international inspectors first arrived in the country to begin the complex and politically sensitive operation.

A joint mission by the OPCW and the United Nations aims to eliminate all of Syria's chemical weapons stockpiles by mid-2014. Experts have called the ambitious plan unprecedented since it is being done at an accelerated pace and as a civil war rages inside Syria. The destruction is carried out by Syrian authorities under international supervision.

The next milestone for the international effort is Nov. 15. That's when the joint OPCW-U.N. mission must approve a detailed plan to eliminate Syria's existing chemical weapons stockpiles. To date the destruction has focused on items such as mixing and filling facilities and unarmed munitions. The elimination of more than 1,000 tons of precursor chemicals and agents is a more complex process.

International personnel have inspected 21 of the 23 chemical sites declared by Syria, the OPCW said. The two remaining sites were not visited "due to safety and security concerns," the OPCW said. But Syria says the two sites in question had been abandoned and that pertinent materials and equipment

had been moved to other facilities that have since been inspected, according to the OPCW statement.

International personnel have praised the Syrian government for its cooperation in the disarmament plan.

The disarmament process is the result of a U.S.-Russian accord that averted threatened U.S. airstrikes on Syria in retaliation for its alleged use of poison gas on Aug. 21 against anti-government rebels. Syrian President Bashar Assad denied that his forces used the weapons, blaming the incident on opposition forces. But Syria agreed to the internationally supervised destruction of the nation's chemical arsenal.

---

LEGAL NOTICE

### If You Paid Overdraft Fees to Citizens Bank, You May Be Eligible for a Payment from a Class Action Settlement.

A $2 million Settlement has been reached in a class action lawsuit about the order in which Citizens Bank posted Debit Card Transactions to customer Accounts between January 20, 2006 and January 20, 2012. Current and former customers of Citizens Bank may be included. FirstMerit Bank, N.A., is the successor by merger as of April 13, 2013 to Citizens Bank.

**What's this about?**

The lawsuit claims that Citizens Bank posted Debit Card Transactions during overnight processing in the order of highest-to-lowest dollar amount, which Plaintiffs allege resulted in an increased number of Overdraft Fees assessed to customers. Citizens Bank maintains there is nothing wrong with the posting process used.

**Who's included?**

You are included in the Settlement Class if you:

• Have or had one or more Citizens Bank consumer checking, demand deposit or savings Account that you could access with a Debit Card; and

• At any time between January 20, 2006, through and including January 20, 2012, you incurred an Overdraft Fee as a result of Citizens Bank's practice of posting Debit Card Transactions from highest to lowest dollar amount.

You are not eligible for a payment under the Settlement if your Account was closed with a negative balance and the amount of the benefits that would otherwise be provided for in the Settlement would be insufficient to make the balance in that Account positive.

**What are the Settlement terms?**

Citizens Bank has agreed to establish a Settlement Fund of $2 million from which identifiable Settlement Class Members will receive payments or Account credits. The amount of such individual payments

or Account credits cannot be determined at this time. However, it will be based on the number of identifiable Settlement Class Members who do not opt-out of the Settlement and the amount of Additional Overdraft Fees each Settlement Class Member paid as a result of Citizens Bank's posting order. Additionally, Citizens Bank will separately pay for notice and settlement administration related costs up to $200,000; such amounts will not come out of the Settlement Fund.

**How to get a payment.**

If you are included in the Settlement Class and entitled to a payment or Account credit, once the court approves the Settlement and it becomes final and effective, you will receive a payment or Account credit for any eligible Overdraft Fees you paid during the period covered by the Settlement.

**Your rights may be affected.**

If you have a right to recover Overdraft Fees but you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class. Your request to exclude must be postmarked no later than **December 16, 2013**. If you do not exclude yourself, you will release your Overdraft Fee related claims against Citizens Bank and will not be able to sue Citizens Bank for any claim relating to the lawsuit and you will be bound by the terms of the Settlement Agreement. If you stay in the Settlement Class, you may file an objection to the Settlement and/or fee request by **December 16, 2013**. The Court will hold a hearing on **January 15, 2014** to consider whether to approve the Settlement and a request for attorneys' fees of up to 33% of the Settlement Fund plus costs and expenses. You may appear at the hearing, but you are not required to attend. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing. For detailed information on how to exclude yourself from or object to the Settlement, call or visit the website.

**www.CitizensBankOverdraftSettlement.com**
**1-877-271-1388**


Gabe's unbelievable! Holiday Deals

Our Annual TRUCKLOAD OF TOYS EVENT

UP TO 70% OFF*

Friday November 1st, 2013

MORE Famous Brand Name Toys than EVER!


Barbie · Fisher-Price · Hasbro · Hot Wheels · LEGO · Matchbox · Mattel · MB · Parker Brothers · Playskool · Wham-O · Tonka


GABRIEL Brothers
mygabes.com

Boardman - 850 Boardman Poland Rd.
Kent - 1830 East Main St.
Mansfield - 2063 West 4th St.
Mentor - 8465 Market St.
North Canton - 5800 Whipple Rd.
West Akron - 1893 West Market St.
Wickliffe - 30150 Euclid Ave.
Middleburg Heights - 13555 Smith Rd.
Zanesville - 3030 Maple Ave.

Store Hours: Mon-Sat 8am-10pm, Sunday 9am-9pm

*Savings compared to original specialty department store prices. While supplies last. Select styles and brands only. Items shown may not represent actual merchandise. Quantities are limited. Exact styles may vary from store to store. Gabriel Brothers reserves the right to limit quantities. No rain checks. ©2013 Gabriel Brothers, Inc. All rights reserved.