# EXHIBIT F

UNITED STATES UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE SIMPSON, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS BANK,<br><br>Defendant. | Case No. 2:12-cv-10267-DPH-RSW<br><br>Hon. Denise Page Hood<br><br>Magistrate Judge R. Steven Whalen |
| SHIRLEY D. LIDDELL, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS BANK and CITIZENS REPUBLIC BANCORP, INC.<br><br>Defendants. | Case No. 2:12-cv-11604-DPH-RSW<br><br>Hon. Denise Page Hood<br><br>Magistrate Judge R. Steven Whalen |

## [PROPOSED] FINAL JUDGMENT

The Court, having entered the Order of Final Approval of Settlement, Authorizing Service Awards, and Granting Application For Attorneys' Fees dated January \_\_\_, 2014 ("Final Approval Order) (DE # \_\_\_\_ ), hereby **ORDERS AND ADJUDGES** as follows:

1. The Court incorporates herein by reference the Final Approval Order.

2. Except as specifically modified by the Final Approval Order, all capitalized terms used herein shall have the meaning set forth in the Settlement Agreement and Release between the Parties (collectively, the "Settlement").  (DE # 44-1).

3. This Court has personal jurisdiction over the Plaintiffs, who have appeared in this Action, and all Settlement Class Members because they received the best practicable notice of the Settlement, which notice was reasonably calculated, under all the circumstances, to apprise

1

interested parties of the pendency of the Action and the terms of the Settlement, and to afford them an opportunity to present their objections or to request exclusion from the Settlement. The Court also has jurisdiction over Defendants, Citizens Bank and Citizens Republic Bancorp, Inc. (collectively "Citizens Bank"), and First Merit, N.A., which is the successor by merger to Citizens Bank dated April 13, 2013. The Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6).

4. For purposes of effectuating the Settlement, and in accordance with Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court certifies the Settlement Class defined as:

> All Citizens Bank customers in the United States who had one or more Accounts (whether held individually or jointly) and who, during the Class Period, incurred an Overdraft Fee as a result of Citizens Bank's Debit Re-sequencing. Excluded from the Settlement Class are all current Citizens Bank employees, officers and directors, and the Judge presiding over this Action.

Agreement ¶ 41.

5. The Action is hereby dismissed with prejudice, each side to bear its own fees and costs, except as otherwise provided in the Final Approval Order. The Action, as defined in the Settlement, means *Simpson v. Citizens Bank,* Case No. 2:12-cv-10267-DPH-RSW and *Liddell v. Citizens Bank and Citizens Republic, Inc.*, Case No. 2:12-cv-11604-DPH-RSW.

6. Without limiting the scope of Section XIV of the Settlement, as of the Effective Date, Plaintiffs and each Settlement Class Member who does not opt-out of the Settlement, on behalf of himself or herself and on behalf of his or her respective individual heirs, assigns, beneficiaries and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Citizens Bank and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors,

consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters up to and including the date of Preliminary Approval of the Settlement that were or could have been alleged in this Action to the extent they relate in any way to Debit Re-sequencing or posting order resulting in Overdraft Fees or sustained Overdraft Fees, including, without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, or arising out of (a) the assessment of one or multiple Overdraft Fees and/or sustained Overdraft Fees on Settlement Class Members' Accounts; (b) the amount of one or more Overdraft Fees and/or sustained Overdraft Fees assessed on Settlement Class Members' Accounts; or (c) Debit Re-sequencing or posting order on Settlement Class Members' Accounts.  The foregoing release includes, by way of example but not limitation, any and all of the following to the extent they involve, result in, or seek recovery or relief for Overdraft Fees, sustained Overdraft Fees or Debit Re-sequencing or posting order:  (1) the authorization, approval or handling of any Debit Card Transaction, (2) any failure to notify or to obtain advance approval when a Debit Card Transaction would or might cause a Citizens Bank Account to become overdrawn or further overdrawn or an Overdraft Fee to be assessed, (3) any failure to allow Settlement Class Members to opt-out of overdrafts, or to publicize or disclose the ability of the holder of any Citizens Bank Account to opt-out of overdrafts, (4) any failure to adequately or clearly disclose, in one or more agreements, posting order, Debit Re-sequencing, overdrafts, Overdraft Fees, or the manner in

which Debit Card Transactions are or would be approved, processed, or posted to Settlement Class Members' Accounts; (5) any conduct or statements encouraging the use of Citizens Bank Debit Cards, (6) the assessment of any sustained Overdraft Fee, and (7) any advertisements relating to any of the foregoing.

7. The three (3) persons identified on the *List of Exclusions*, attached hereto as ***Exhibit A***, are the only Settlement Class Members who have opted-out of the Settlement and they are hereby excluded from the Settlement. Those individuals shall not receive any distribution from the Settlement and are not bound by this Judgment.

8. The Parties to the Settlement submit to, and this Court expressly reserves and retains, exclusive jurisdiction over the Action and the Parties, including Citizens Bank, Plaintiffs, and all Settlement Class Members who do not opt-out of the Settlement, to administer, implement, supervise, construe, enforce and perform the Settlement in accordance with its terms, and to enforce the Final Approval Order. Without limiting the foregoing, and by way of example only, the Court retains jurisdiction to: (i) address, determine and approve the distribution of residual funds, if any, provided for in paragraph 90 of the Settlement; and (ii) adjudicate any suit, action, proceeding or dispute arising out of the Settlement. The Court shall also retain jurisdiction over all questions and disputes related to the Settlement Administrator.

9. Nothing in the Settlement, the Final Approval Order, or this Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by Citizens Bank or any party of any fault, liability or wrongdoing of any kind whatsoever or of any violation of statute, regulation or law. Citizens Bank does not consent to the use of the Settlement, the Final Approval Order or this Judgment by any party in any other proceeding.

10. Plaintiffs and all Settlement Class Members who do not opt-out of the Settlement are hereby barred and enjoined from asserting any of the Released Claims, including, but without limitation, during any appeals from the Final Approval Order and this Judgment.

DONE AND ORDERED in Chambers at the United Stated District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Detroit, Michigan, this ___ day of January, 2014.

_____
**DENISE PAGE HOOD**
**UNITED STATES DISTRICT JUDGE**

cc: All Counsel of Record

## *EXHIBIT A – List of Exclusions*

1. Judy A. Heller
2. Ola Moore Williams
3. Lea Williams Rose