**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| JANE SIMPSON, on Behalf of Herself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>CITIZENS BANK[1],<br><br>      Defendant. | Case No. 2:12-cv-10267-DPH-RSW<br><br>Hon. Denise Page Hood<br><br>Magistrate Judge R. Steven Whalen |
| SHIRLEY D. LIDDELL, on Behalf of Herself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>CITIZENS BANK and CITIZENS REPUBLIC BANCORP, INC.<br><br>      Defendants. | Case No. 2:12-cv-11604-DPH-RSW<br><br>Hon. Denise Page Hood<br><br>Magistrate Judge R. Steven Whalen |

**ORDER GRANTING MOTION
FOR FINAL APPROVAL OF CLASS SETTLEMENT, AND
APPLICATION FOR SERVICE AWARDS, ATTORNEYS' FEES AND
EXPENSES, AND FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

On November 26, 2013, Plaintiffs and Class Counsel filed their Motion for Final Approval of Class Settlement, and Application for Service Awards, Attorneys' Fees and Expenses and Incorporated Memorandum of Law ("Motion for Final Approval") (DE # 44), seeking Final Approval of the Settlement with Citizens Bank and Citizens Republic Bancorp, Inc. (collectively "Citizens Bank" or the "Bank"). **The Court GRANTS the Motion for Final Approval (DE #44) for the reasons set forth below.** Plaintiffs and Class Counsel also filed declarations to enable the Court to evaluate the fairness, adequacy and reasonableness of the

---

[1] After this settlement was reached, FirstMerit Bank, N.A., became the successor by merger as of April 13, 2013 to Citizens Bank. There is a separate pending class action against First Merit Bank, N.A. in state court in Ohio relating to similar banking practices. *Jacobs et al. v. FirstMerit Corporation, et al.*, Case No. 11-CV-000090 (Lake County, Ohio). This settlement and Order does not release or resolve any claims asserted in that case.

Settlement, as well as the reasonableness of the application for Service Awards to Plaintiffs, Jane Simpson and Shirley D. Liddell, and attorneys' fees and expenses to Class Counsel. Following Notice to the Settlement Class, no objections to the Settlement were filed.

This matter came before the Court on January 15, 2014, for a Final Approval Hearing pursuant to the Court's Preliminary Approval Order dated September 5, 2013 (DE # 42). The Court carefully reviewed all of the filings related to the Settlement and heard argument on the Motion for Final Approval.

After full consideration of the Motion for Final Approval and the presentations of the Parties, the Court concludes that this Settlement provides a substantial recovery for Settlement Class Members who do not opt-out of the Settlement and is an excellent result under the circumstances and challenges presented by the Action. The Court specifically concludes that the Settlement is fair, adequate, and reasonable, and an acceptable compromise of the claims filed for the benefit of the Settlement Class. The Settlement complies with Fed. R. Civ. P. 23(e). Therefore, the Court: (a) grants Final Approval of the Settlement; (b) certifies the Settlement; (c) appoints Plaintiffs, Jane Simpson and Shirley D. Liddell, as class representatives; (d) appoints as Settlement Class Counsel, Jeffrey M. Ostrow and Jason H. Alperstein of Kopelowitz Ostrow P.A., Hassan A. Zavareei and Jeffrey D. Kaliel of Tycko & Zavareei LLP, E. Powell Miller and Ann L. Miller of The Miller Law Firm, P.C., and as Class Counsel, Robert Gittleman of the Robert Gittleman Law Firm Firm, P.L.C., Patrick E. Cafferty, of Cafferty Faucher LLP, Kenneth J. Grunfeld of Golomb & Honik, P.C., and Allen Carney of Carney Williams Bates Pulliam & Bowman, PLLC.; (e) authorizes the payment of Service Awards to Plaintiffs; and (f) awards attorneys' fees and costs to Class Counsel ("Final Approval Order").

The Court now makes the following findings of fact and conclusions of law, and

**HEREBY ORDERS AND ADJUDGES THAT**:

1. All of the definitions contained in the Settlement Agreement attached to the Motion for Final Approval as Exhibit A shall apply to this Final Approval Order and are incorporated by reference as if fully set forth herein. Further, the Court incorporates herein and accepts the factual allegations contained in the Motion for Final Approval.

2. This Court has jurisdiction over the subject matter of this Action, the Settlement Class, and over those individuals and entities undertaking affirmative obligations under the Settlement Agreement.

3. This Court hereby approves the Settlement set forth in this Final Approval Order and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23 and the United States Constitution (including the Due Process Clause), and all other applicable law, including the factors set forth in *Int'l Union v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *22 (E.D. Mich. July 13, 2006).[2]

4. Each of the relevant factors weighs in favor of Final Approval of this Settlement. The Court finds that the Settlement was reached in the absence of collusion, and is the product of good-faith, informed and arm's length negotiations by competent counsel. Furthermore, an analysis of the factors related to the fairness, adequacy and reasonableness demonstrates that the

---

[2] The Sixth Circuit has identified a number of factors that may be relevant in determining whether a settlement is fair, reasonable and adequate: (1) the likelihood of success on the merits weighed against the amount and form of relief in the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or collusion; and (7) the public interest. The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case. *Int'l Union*, 2006 WL 1984363 at *22. Plaintiffs and Class Counsel have met their burden in establishing all of these factors.

Settlement is sufficient under Rule 23(e), such that Final Approval is clearly warranted.

Likelihood of Success at Trial

5. Plaintiffs faced the risk of losing the motions to dismiss, at the class certification stage, during summary judgment, in trial, or on appeal based on various theories advanced by Citizens Bank. Major risks included the fact that the language in Citizens Bank's Account agreements suggests that, to some extent, Citizens Bank adequately disclosed its practice of Debit Re-sequencing and preemption. Each of these risks, by itself, could have impeded Plaintiffs' and the Settlement Class' successful prosecution of these claims at trial and in an eventual appeal. The risks of maintaining this Action as a class action through trial provides additional support to Plaintiffs' position that the Settlement should be approved. Under the circumstances, Plaintiffs and Class Counsel appropriately determined that the Settlement reached with Citizens Bank outweighs the gamble of continued litigation.

The Risk of Fraud or Collusion

6. The Settlement in this case is the result of intensive, arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues of this Action. Furthermore, Class Counsel are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases. In negotiating this Settlement in particular, Class Counsel had the benefit of years of experience and a familiarity with the facts of this case as well as with other cases involving similar claims. Class Counsel devoted many hours and expended significant resources investigating, researching, and prosecuting this action in order to achieve this result for the Class. Class Counsel were also well-positioned to evaluate the strengths and weaknesses of Plaintiffs' claims, and the appropriate basis upon which to settle them, as a result of their litigating similar claims in both

state and federal courts across the country.

Complexity, Expense and Duration of Litigation

7. The claims and defenses in this Action are complex, as is clear by Class Counsel's efforts in other overdraft fee cases that have been hard fought for years. There is no doubt that continued litigation here would be difficult, expensive, and time consuming. The risks and obstacles in this case are just as great as those in other bank overdraft fee cases and this case would likely have taken years as well to successfully prosecute. Recovery by any means other than settlement would require additional years of litigation in this Court and the Sixth Circuit Court of Appeals.

The Amount of Discovery Engaged in By the Parties

8. Class Counsel conducted a thorough investigation and analysis of Plaintiffs' claims and engaged in informal discovery with Citizens Bank. Plaintiffs settled the Action with the benefit of an analysis of key documentation and data regarding Citizens Bank's Overdraft Fee revenue on Debit Card Transactions, as well as detailed information regarding its posting order over a several year period. The review of this information and data positioned Settlement Class Counsel to evaluate with confidence the strengths and weaknesses of Plaintiffs' claims and prospects for success at the motions to dismiss and class certification stages, summary judgment, and trial. Class Counsel's understanding of the evidence related to central questions in the case prepared it for well-informed settlement negotiations. Accordingly, the discovery in this case was sufficient to permit the plaintiffs to make an informed evaluation of the merits of a possible settlement and to permit this Court to intelligently approve or disapprove the settlement.

The Opinions of Class Counsel

9. As stated previously, Class Counsel have significant experience litigating the

Overdraft Fee claims at issue in this Action through their active roles in *In re Checking Account Overdraft Fee Litigation*, MDL 2036, and in similar overdraft fee class actions in federal and state courts throughout the country. The experience, resources and knowledge Class Counsel bring to this Action is extensive. Class Counsel is qualified to represent the Settlement Class and will, along with the class representatives, vigorously protect the interests of the Settlement Class. Class Counsel are reputable practitioners and trial counsel experienced in complex class action litigation. Their collective judgment in favor of the Settlement is entitled to considerable weight.

<u>The Reaction of Absent Settlement Class Members</u>

10. Following the completion of the Notice Program, there have been no objections to the Settlement, a clear indication that the Settlement Class Members support the Settlement. Further, only three (3) of approximately 61,000 members of the Settlement Class have requested to be excluded. The overwhelmingly favorable reaction of the Settlement Class to the Settlement supports final approval.

<u>The Public Interest</u>

11. There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources. The Court finds no countervailing public interest present in this litigation which would militate against the strong public interest in the settlement of this complex action. Indeed, given the risks detailed above, this Settlement serves the public interest by conserving the resources of the parties and the court, and by promoting the strong public interest in encouraging settlement of complex litigation and class action suits.

12. Plaintiffs' $2,000,000 million recovery is significant, given the complexity of the litigation and the significant barriers that would loom in the absence of settlement: motions to

6

dismiss, motion for class certification, motion for summary judgment, trial, and appeals after a Plaintiffs' verdict. According to Class Counsel's estimates, Plaintiffs and the Settlement Class are recovering a cash fund of approximately thirty percent (30%) of their most probable damages, without further risks attendant to litigation. The $2,000,000 Settlement is a fair and reasonable recovery for the Settlement Class in light of the Bank's defenses, and the challenging and unpredictable path of litigation Plaintiffs would have faced absent a settlement.

13. As the Settlement is in the best interests of the Parties and the Settlement Class, the Court directs the Parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of the Settlement Agreement.

14. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Settlement Class consists of:

> All Citizens Bank customers in the United States who had one or more Accounts (whether held individually or jointly) and who, during the Class Period, incurred an Overdraft Fee as a result of Citizens Bank's Debit Re-sequencing. Excluded from the Settlement Class are all current Citizens Bank employees, officers and directors, and the Judge presiding over this Action.

15. The Class Period is from January 20, 2006, through, and including January 20, 2012.

16. The Settlement Class as previously provisionally certified satisfies all the requirements contained in Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Approval Order by this reference.

17. No one objected to the Settlement and only five (5) members of the Settlement Class requested exclusion from the Settlement through the opt-out process approved by this Court. This Court hereby dismisses this Action. This dismissal is on the merits and is with

prejudice as though after trial and a final adjudication of the facts and the law as to all Settlement Class Members who have not opted-out of the Settlement, all of whom are deemed to have released every Released Claim against Citizens Bank. The sole exception to the dismissal being with prejudice is the individual claims of those who duly opted-out of the Settlement Class (identified in **Exhibit A** to this Final Approval Order).

18. Plaintiffs and all Settlement Class Members who have not opted-out of the Settlement, and their respective representatives, assigns, heirs, executors, administrators, successors and custodians, are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against any entity included in Paragraph 91 of the Settlement Agreement, any and all individual, representative or class claims or any such lawsuit which they had or have related in any way to the Released Claims. Plaintiffs, including their representatives, assigns, heirs, executors, administrators, successors and custodians, are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against any entity in Paragraph 91, any and all individual, representative or class claims or any such lawsuit which she had or has related in any way to the assessing of overdraft fees to their accounts at Citizens Bank.

19. The Settlement Class Notice Program, consisting of the Mailed Notice, Publication Notice, Long Form notice, website, and toll-free telephone number, was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.

20. Members of the Settlement Class who are Settlement Class Members who have not opted-out of the Settlement and who are entitled to a payment shall receive their Settlement Class Member Payments in the form of either a check or an Account credit. In accordance with the procedures set forth in the Settlement Agreement, thirty (30) days of the Effective Date, the Settlement Administrator shall distribute the Net Settlement Fund to Settlement Class Members who have not opted-out of the Settlement. Each Settlement Class Member who did not opt-out of the Settlement and who had a Positive Differential Overdraft Fee shall receive a distribution in the amount of a *pro rata* share of the Net Settlement Fund.

21. Should the total amount of the attorneys' fees, costs, Service Awards, Settlement Class Member Payments, and taxes paid by the Settlement Administrator be less than $2,000,000, all remaining amounts shall, upon the agreement of the Parties, be: (a) distributed to Citizens Bank in an amount of up to $200,000.00 to reimburse the Bank for any and all costs it actually paid for Notice and Settlement administration; and (b) if funds remain thereafter, distributed through the Residual *Cy Pres* Program in accordance with the terms of the Settlement Agreement. The residual funds, if any, shall be distributed by the Settlement Administrator as soon as practicable, but in no event later than one (1) year and thirty (30) days after the Settlement Administrator mails the first Settlement Class Member Payment.

22. The Court finds that Class Counsel's request for Service Awards to be paid to Plaintiffs, Jane Simpson and Shirley D. Liddell, are appropriate and the amount of $5,000.00 requested for each, is reasonable. Awards to class representatives lie within the discretion of the Court and may be awarded for the benefit conferred on the Settlement Class. Plaintiffs provided assistance that enabled Class Counsel to successfully prosecute the Action and reach the Settlement, including: (1) submitting to interviews with Class Counsel; (2) locating and

forwarding responsive documents and information; and (3) participating in conferences with Class Counsel. In so doing, the Plaintiffs were integral to forming the theory of the case. Plaintiffs not only devoted their time and effort to the litigation, but the end result of their efforts, and those of Class Counsel, are substantial benefits to the Settlement Class. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003). Therefore, Plaintiffs, Jane Simpson and Shirley D. Liddell, shall be paid Service Awards of $5,000.00 from the Settlement Fund, with payment to be made within three (3) days of the Effective Date.

23. An award of attorneys' fees in common fund cases need only be "reasonable under the circumstances." *Weitz & Luxenberg P.C. v. Sulzer Orthopedics, Inc.*, 398 F.3d 778, 780 (6th Cir. 2005). The Sixth Circuit permits calculation of attorneys' fees under either the percentage of the fund method (counsel receive a percentage of the total settlement fund) or the lodestar method (multiplying the number of hours spent on the litigation by law firm members by their hourly rate). *Rawlings*, 9. F.3d at 515-516. In weighing the benefits and shortcomings of each method, the Sixth Circuit in *Rawlings* concluded: "For these reasons, it is necessary that district courts be permitted to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Id.* at 516. The Sixth Circuit has observed that "[t]he percentage of the fund method has a number of advantages; it is easy to calculate; it establishes reasonable expectations on the part of plaintiffs' attorneys as to their expected recovery; and it encourages early settlement, which avoids protracted litigation." *Id*.

24. In applying the percentage method, "commonly, fee awards in common fund cases are calculated as a percentage of the fund created, typically ranging from 20 to 50 percent of the fund." *In re Rio*, 1996 WL 780512 at *16 (citing *Wise v. Popoff*, 835 F. Supp. 977, 980

(E.D. Mich. 1993).  Thus, district courts in the Sixth Circuit begin with a "benchmark percentage" ranging between 20-50%.  *In re Cincinnati Gas & Elec. Co. Sec. Litig.*, 643 F. Supp. 148, 150 (S.D. Ohio 1986); *In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 1029, 1046 (S.D. Ohio 2001) (noting that the range of reasonableness has been designated as between 20% and 50% of the common fund).  These courts then generally apply the factors enumerated in *Bowling v. Pfizer, Inc.*, 102 F.3d 777 (6th Cir. 1996), discussed and applied below, to determine the reasonableness of a requested fee.

25. Class Counsel's request for 33% of the common fund created by their efforts is well within the benchmark range and in line with what is often awarded in this Circuit.  *See e.g., Bessey v. Packerland Plainwell, Inc.*, 4:06-cv-95, 2007 WL 3173972, at *4 (W.D. Mich. Oct. 26, 2007) (awarding one third of settlement fund as attorneys' fees and holding that "[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used fee awards in class actions average around one-third of the recovery") (internal question omitted). The fee requested here is also in line with the fees awarded in other overdraft fee class actions throughout the country.

26. In evaluating the reasonableness of a fee request, courts in the Sixth Circuit evaluate the following factors: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's take in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.  *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996).  As discussed below, each of these factors supports the requested fee here.

<u>The Value of the Benefit Rendered to the Class</u>

27. As noted above, the Settlement establishes a common fund of $2,000,000, and Notice has been disseminated to approximately 61,000 members of the Settlement Class. If the Court approves the Settlement, Plaintiffs and the Settlement Class will recover approximately thirty percent (30%) of their most probable damages when basing it on the cash Settlement Fund alone. However, when considering Citizens Bank's separate payment of up to $200,000 toward the costs of Notice and Settlement administration, the percentage recovery exceeds thirty percent. As discussed above, this is an extraordinary result given the obstacles facing Plaintiffs. As the Action has resulted in significant benefits to Settlement Class Members, this factor weighs heavily in favor of the requested fee award.

The Value of the Services on an Hourly Basis

28. The collective lodestar of all Class Counsel is $557,406.50, based upon 1,279.90 hours expended, multiplied by a blended rate of 429.47 per hour. An award of 33% of the Settlement Fund or $660,000, results in a multiplier of 1.18. *Id*. The multiplier here is well within the range adopted by courts in the Sixth Circuit. *See In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 767-78 (S.D. Ohio 2007) ("Most courts agree that the typical lodestar multiplier" in a large class action "ranges from 1.3 to 4.5."). Given the nature, complexity, and potential duration of this Action, as detailed above, the risk of non-recovery, the value of the social benefit, and the results in light of the obstacles, the multiplier is appropriate and reasonable.

Whether the Services Were Undertaken on a Contingent Fee Basis

29. In undertaking to prosecute this complex case entirely on a contingent fee basis, Class Counsel assumed a significant risk of nonpayment or underpayment. That risk warrants an appropriate fee. *See e.g., Bowling v. Pfizer*, 922 F. Supp. 1261, 1282 (S.D. Ohio 1996). The

risks are inherent in financing and prosecuting complex litigation of this type, but Class Counsel undertook representation with the knowledge that they would have to spend substantial time and money and face significant risks without any assurance of being compensated for their efforts. Only the most experienced plaintiffs' litigation firms would risk the time and expense involved in bringing this Action in light of the possibility of a recovery at an uncertain date, or of no recovery at all. Apart from the risk of no recovery, the deferral of fees in such an undertaking while at the same time advancing possibly hundreds of thousands of dollars in expenses would deter most firms.

Society's Stake in Rewarding Attorneys Who Produce Such Benefits in Order to Maintain an Incentive to Others

30. As noted above, Class Counsel's fee request is well within the range of awards in similar cases both in the Sixth Circuit and elsewhere. *Wise v. Popoff*, 835 F. Supp. 977, 980 (E.D. Mich. 1993). It is these types of awards that maintain an incentive for lawyers, like Class Counsel, to take on cases, wholly on contingency, prosecuting them for years, all the while never knowing whether they will in the end recoup substantial investment of dollars of time and costs invested in the case. Class Counsel took on representation of this class in what were simultaneously the worthiest and riskiest of circumstances. Society has an interest in adequately compensating counsel who take on such risks to ensure that classes will be able to find representation.

The Complexity of the Litigation

31. The claims and defenses are complex and litigating them is both difficult and time-consuming. Although this Action settled after less than a year of litigation, recovery by any means other than settlement would have required additional years of litigation. In fact, many overdraft fee class actions were litigated for years prior to reaching a settlement. Others have

13

already been tried or are at a posture where they are close to being tried. Class Counsel's experience and knowledge from those cases resulted in the settlement of this Action at this early juncture. By contrast, the Settlement provides immediate and substantial benefits to approximately 61,000 members of the Settlement Class, all of which are current or former Citizens Bank customers.

The Professional Skill and Standing of Counsel Involved on Both Sides

32. In any given case, the skill of legal counsel should be commensurate with the novelty and complexity of the issues, as well as the skill of the opposing counsel. Litigation of this Action required counsel highly trained in class action law and procedure as well as the specialized issues presented here. Class Counsel possess these attributes, and their participation added immense value to the representation of this large Settlement Class. The record demonstrates that the Action involved a broad range of complex and novel challenges, which Class Counsel met at every juncture. Class Counsel is highly experienced in this particular area of fee litigation, having litigated and settled many overdraft fee class actions in MDL 2036 and in several other state and federal courts throughout the country. Class Counsel used the extensive knowledge and experience obtained from those cases and applied it to the instant Action in order to achieve a fair and reasonable settlement, at an early juncture, for the Settlement Class Members. Further, considering the potential for this Action to turn into a multi-year litigation (as has happened in several other overdraft fee class actions), Class Counsel's ability to negotiate the instant Settlement at the early stages of this litigation demonstrates their high level of skill and efficiency. Moreover, throughout the litigation, Citizens Bank has been represented by capable counsel who were competent adversaries.

33. Therefore, Class Counsel is hereby awarded $660,000 in attorneys' fees, which is

33% of the $2,000,000 Settlement Fund. Further, the Court finds that Class Counsel's request for reimbursement of $91,529.14 in expenses to be reasonable and that the expenses were incurred in furtherance of the Action. The attorneys' fee and expense amounts approve herein shall be paid to Class Counsel from the Settlement Fund within three (3) days of the Effective Date of the Settlement Agreement.

34. Without affecting the finality of the Final Approval Order in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement; (b) this Action until the judgment contemplated herein has become effective and each and every act agreed to be performed by the Parties has been performed; and (c) the Parties and all parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement. Neither Plaintiffs nor Citizens Bank shall be barred from pursuing claims for breach of the Settlement before this Court.

35. In the event that the Settlement Agreement does not become effective in accordance with its terms, then the judgment contemplated herein shall be rendered null and void and be vacated and the Settlement Agreement and all orders entered in connection therewith shall be rendered null and void, the Settlement Class shall be decertified, all of Citizens Bank's obligations under the Settlement shall cease to be of any force and effect; the amounts in the Settlement Fund shall be returned to Citizens Bank and Plaintiffs' Complaint shall be reinstated as it existed prior to the making of the Settlement Agreement. In that case, all communications, documents, filings, negotiations and other actions taken by the Parties to negotiate and pursue a settlement through the Settlement Agreement shall be considered confidential settlement communications, which cannot be used in evidence by any Party against another Party.

36. Nothing in this Final Approval Order or the Settlement Agreement shall be

construed as an admission or concession by either Party. Citizens Bank has denied all of the Plaintiffs' allegations and continues to deny such allegations. Plaintiffs continue to believe their allegations have merit. The Settlement Agreement and this resulting Final Approval Order represent a compromise of disputed allegations.

37. Except as expressly provided herein, each Party is to bear its own costs. The Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and Citizens Bank's right to oppose class certification.

38. Pursuant to Federal Rule of Civil Procedure 58(a), the Court will enter Final Judgment in a separate document and direct the Clerk of this Court to close the case.

DONE AND ORDERED in Chambers at the United Stated District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Detroit, Michigan, this 31st day of January, 2014.

Dated: January 31, 2014

s/Denise Page Hood
DENISE PAGE HOOD
U.S. DISTRICT COURT JUDGE

I hereby certify that a copy of this order was served upon the attorneys of record on this date, January 31, 2014, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

# EXHIBIT A

The following five (5) individuals opted-out of the Settlement and, therefore, are not bound by the terms of the Final Approval Order:

1. Judy A. Heller
2. Ola Moore Williams
3. Lea Williams Rose
4. Angela M. Bishop
5. Kristina M. Reminder